## EXHIBIT A

**Proposed Sale Procedures Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758 |

**ORDER (A) APPROVING SALE PROCEDURES IN CONNECTION WITH THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS IN ONE OR MORE TRANSACTIONS, (B) APPROVING THE FORM AND MANNER OF NOTICE OF THE AUCTION AND SALE HEARING, (C) ESTABLISHING PROCEDURES RELATING TO THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (D) AUTHORIZING DE MINIMIS SALES OF ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS, AND (E) GRANTING RELATED RELIEF**

Upon consideration of the *Motion for Entry of (I) An Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets in One or More Transactions, (B) Scheduling an Auction and Hearing to Approve the Sale(s) and the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (E) Granting Related Relief; and (II) An Order (A) Approving the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts*

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

*and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. No. __] (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") on June 26, 2026, pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 6006-1 of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), seeking entry of an order (this "Sale Procedures Order"): (a) approving sale procedures (the "Sale Procedures"), substantially in the form attached hereto as Exhibit 1, in connection with the proposed sale or sales (each, a "Sale" and collectively, the "Sales") of substantially all of the Debtor's assets, other than the Excluded Assets (the "Sale Assets"), in one or more transactions; (b) approving the form and manner of notice of the Auction and Sale Hearing, substantially in the form attached hereto as Exhibit 2 (the "Sale Notice"); (c) establishing procedures relating to the assumption and assignment of executory contracts and unexpired leases, including approval of the form of cure notice attached hereto as Exhibit 3 (the "Cure Notice"); (d) authorizing the Debtor to sell, transfer, or otherwise dispose of Sale Assets with a fair market value of less than $10,000 per transaction (each, a "De Minimis Sale") free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code, without further order of this Court, and approving the form of notice substantially in the form attached hereto as Exhibit 4 (the "De Minimis Sale Notice") and objection procedures set forth herein; and (e) granting related relief, all as more fully set forth in the Motion; and the United States Bankruptcy Court for the District of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.

§§ 1408 and 1409; it appearing from the record that sufficient notice of the Motion and an opportunity to be heard has been provided to parties-in-interest, and that no further notice is required; any formal or informal objections to the Motion or form of Proposed Order, if any, having been considered, and overruled; having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper in this District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory and legal predicates for the relief requested in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rules 2002-1, 6004-1, and 6006-1.

D.      Good and sufficient notice of the Motion, the relief requested therein, and the hearing thereon has been provided under the circumstances, and no further or other notice of the Motion or the entry of this Sale Procedures Order is necessary or required. A reasonable opportunity to object or be heard regarding the relief granted by this Sale Procedures Order has been afforded to all parties in interest.

4

E.      The Debtor has articulated good and sufficient business reasons for this Court to approve the relief granted herein, including, without limitation: (i) approval of the Sale Procedures; (ii) approval and authorization to serve the Sale Notice; (iii) approval of the procedures for the assumption and assignment of the Assumed and Assigned Contracts (as defined below), including service of the Cure Notice; (iv) scheduling of the Auction and the Sale Hearing; and (v) establishment of the Sale Objection Deadline, the Assumption/Cure Objection Deadline, and the Adequate Assurance Objection Deadline.

F.      The Sale Procedures are fair, reasonable, and appropriate, and are designed to maximize the value to be achieved for the Sale Assets.

G.      The Sale Notice, substantially in the form attached hereto as Exhibit 2, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Sale(s), the Sale Procedures, the Auction (if any), the Sale Hearing, the Sale Objection Deadline, and the Assumption/Cure Objection Deadline.

H.      The Cure Notice, substantially in the form attached hereto as Exhibit 3, is appropriate and reasonably calculated to provide counterparties to executory contracts and unexpired leases with timely and proper notice of the potential assumption and assignment of such contracts and leases, any related cure amounts, and the procedures applicable thereto.

I.      Entry of this Sale Procedures Order is in the best interests of the Debtor and its estate.

J.      The proposed procedures for De Minimis Sales set forth in the Motion are fair, reasonable, and appropriate. The De Minimis Sale procedures protect the interests of creditors while permitting the efficient disposition of low-value assets without the delay and expense of further court proceedings.

5

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth herein. All objections to the Motion or the relief requested therein, as such objections relate to the entry of this Sale Procedures Order, that have not been withdrawn, waived, or otherwise resolved are hereby overruled.

**Sale Procedures**

2. The Sale Procedures, substantially in the form attached hereto as <u>Exhibit 1</u>, are hereby approved and incorporated herein by reference as if fully set forth in this Sale Procedures Order. The Debtor is authorized to take any and all actions reasonably necessary or appropriate to implement the Sale Procedures. As of the entry of this Sale Procedures Order, the Debtor has not designated a stalking horse bidder, and nothing herein approves any break-up fee, expense reimbursement, minimum overbid requirement, or other bidding protection absent further order of the Court.

**Sale Schedule**

3. The dates and deadlines set forth below (collectively, the "<u>Sale Schedule</u>") are hereby approved. The Debtor, in consultation with the Consultation Parties (as defined in the Sale Procedures), may modify the Sale Schedule to the extent permitted under the Sale Procedures and upon notice to the Objection Notice Parties (as defined below).

| Event | Date | Deadline |
|---|---|---|
| Commencement of Marketing Efforts | June 16, 2026 | The date on which a public announcement of the acquisition opportunity was announced by K&S. |
| Sale Procedures Objection Deadline | July 10, 2026 (three (3) days before Sale Procedures Hearing) | Deadline by which any objections to the Sale Procedures must be filed with the Bankruptcy Court and served so as to be actually received by the Objection Notice |

| Event | Date | Deadline |
|---|---|---|
| | | Parties (as defined in the Sale Procedures Order). |
| Sale Procedures Hearing | July 13, 2026 | Date for the hearing to consider the approval of the Sale Procedures. |
| Sale Notice | July 17, 2026 (within three (3) business days following entry of the Sale Procedures Order) | Date by which the Debtor will file and serve the Sale Notice (as defined below). |
| Sale Motion Objection Deadline | August 16, 2026 (thirty (30) days after filing and service of the Sale Notice) | Date by which parties in interest must file and serve objections to the Sale Motion's provisions for conveyance of assets free and clear of all Interests and that those objections must be received by the Objection Notice Parties. |
| Sale Motion Objection Reply Deadline | August 31, 2026 (fifteen (15) days after filing and service of Sale Motion Objections) | Date by which the Debtor and any other party in interest must file a reply to any Sale Motion Objections. |
| Cure Notice | September 14, 2026 (no fewer than twenty (20) business days prior to the Sale Hearing) | Date by which the Debtor will serve the Cure Notice (as defined below) upon each counterparty to an Assumed and Assigned Contract (as defined below) and file a global exhibit listing Cure Amounts (as defined below). |
| Sale Motion Hearing | September 16, 2026 | Date of a hearing to adjudicate any objections to sale of the Sale Assets free and clear of all Interests. |

| Event | Date | Deadline |
|---|---|---|
| Assumption/Cure Objection Deadline | September 28, 2026 at 4:00 p.m. (prevailing Eastern Time) | Deadline by which objections to the proposed Cure Amount or to the proposed assumption and assignment of any Assumed and Assigned Contract, on any basis not dependent on the identity, financial wherewithal, or operational capabilities of the ultimate assignee must be filed with the Bankruptcy Court and served so as to be actually received by the Objection Notice Parties. |
| Bid Deadline | October 9, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Bid Deadline") | Deadline by which the Debtor must *actually receive* binding Qualified Bids from Qualified Bidders (as defined below). |
| APA Execution | October 19, 2026 (one (1) business day before the scheduled Auction) | Deadline by which all Qualified Bidders must execute an Asset Purchase Agreement in a form provided by the Debtor, or such other form as is reasonably acceptable to the Debtor, marked to show changes against the form provided by the Debtor. |
| Auction (if necessary) | October 20, 2026 at __:__ _.m. (prevailing Eastern Time) | Date that an Auction for the Sale Assets will be conducted to identify the highest and best Bid for the Sale Assets or Bids for a subset of the Sale Assets, in person, only if the Debtor receives more than one Qualified Bid relating to the Sale Assets or a subset of the Sale Assets by the Bid Deadline. |
| Deadline to File Notice of Successful Bidder(s) | The earlier of October 22, 2026 or twenty-four (24) hours after the designation of the Successful Bidder(s) (whether at the Auction or otherwise in accordance with the Sale Procedures) | Deadline by which the Debtor shall file and serve the Notice of Successful Bidder(s) identifying the Successful Bidder(s) and the Back-Up Bidder(s), if any, summarizing the material terms of the Successful Bid(s) and any Back-Up Bid(s), identifying the contracts and leases designated for assumption and assignment, and providing or making available the adequate assurance |

| Event | Date | Deadline |
|---|---|---|
| | | information delivered by the Successful Bidder(s) and any Back-Up Bidder(s). |
| Deadline to Object to Designation of Successful Bidder(s) | October 27, 2026 (five (5) business days after service of the Notice of Successful Bidder(s), or at the Sale Hearing, if earlier) | Deadline by which objections to the designation of any Successful Bidder and entry of a Sale Order approving a sale transaction with a Successful Bidder must be filed and served. |
| Adequate Assurance Objection Deadline | October 27, 2026 (five (5) business days after service of the Notice of Successful Bidder(s), or at the Sale Hearing, if earlier) | Deadline by which objections solely to any Successful Bidder's or Back-Up Bidder's ability to provide adequate assurance of future performance under section 365 of the Bankruptcy Code must be filed with the Bankruptcy Court and served so as to be actually received by the Objection Notice Parties; provided that if the Sale Hearing occurs before such deadline, the counterparty may raise such objection at the Sale Hearing. |
| Sale Hearing | October 30, 2026 at _:__ _.m. (prevailing Eastern Time) | Date for a hearing at which the Bankruptcy Court will consider approving the Sale(s) of the Sale Assets to the Successful Bidder(s) or Back-Up Bidder(s), pursuant to the Sale Order. |

**Notice Procedures**

4.        The Sale Notice, substantially in the form attached hereto as Exhibit 2, is hereby approved. Within three (3) business days after entry of this Sale Procedures Order, the Debtor shall cause the Sale Notice to be served, by first class mail, overnight courier, or email (where available), upon the following parties: (a) the Objection Notice Parties; (b) any parties requesting notices in this case pursuant to Bankruptcy Rule 2002; (c) the Office of the Attorney General for the Commonwealth of Massachusetts; (d) the Massachusetts Department of Higher Education; (e) the United States Department of Education; (f) the New England Commission of Higher Education;

(g) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Sale Assets, including those identified in this Motion; (h) all non-Debtor parties to any Assumed and Assigned Contracts; (i) the Internal Revenue Service and other relevant taxing jurisdictions; (j) the Debtor's insurers; (k) all known creditors of the Debtor; (l) all parties known to have expressed an interest in acquiring the Sale Assets; (m) all environmental authorities having jurisdiction over any of the Sale Assets; and (n) all other parties entitled to notice under the Bankruptcy Rules and the Local Rules (collectively with the parties specified in this paragraph, the "Sale Notice Parties").[3]

5.      Compliance with the foregoing provisions for service of the Sale Notice shall constitute good and sufficient notice of the Debtor's proposed Sale(s) of the Sale Assets free and clear of liens, claims, encumbrances, and other interests, pursuant to section 363(f) of the Bankruptcy Code, and, except as set forth in this Sale Procedures Order, no other or further notice of the Sale(s) shall be required.

**Sale Objection Procedures**

6.      Any and all objections to the relief requested in the Motion pertaining to approval of the Sale(s) of the Sale Assets (each, a "Sale Objection") must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state the basis of such objection with specificity; and (d) be filed with the Court and served upon the Objection Notice Parties (as defined below) so as to be actually received on or before the Sale Objection Deadline, upon the following parties (collectively, the "Objection Notice Parties"): (a) Debtor's counsel, Holland & Knight LLP, Attn: John J. Monaghan, Esq., Lynne B. Xerras, Esq., Kathleen St. John, Esq., 10 Saint James Avenue,

---

[3] Copies of the Sale Procedures Order will also be made available to prospective purchasers of the Sale Assets or any subset of the Sale Assets.

11th Floor, Boston, Massachusetts 02116, c/o lynne.xerras@hklaw.com; (b) Choate, Hall & Stewart LLP, Attn: Douglas R. Gooding, Esq. and Jonathan D. Marshall, Esq., Two International Place, Boston, Massachusetts 02110, c/o dgooding@choate.com, counsel to the DIP Lender and the Prepetition Secured Creditor; (c) the Office of the United States Trustee for the District of Massachusetts, Attn: William K. Harrington, 5 Post Office Square, Suite 1000, Boston, Massachusetts 02116; and (d) counsel to any statutory committee appointed in this chapter 11 case.

7.      Failure to timely file and serve a Sale Objection in accordance with this Sale Procedures Order shall be deemed to be consent for all purposes, including for purposes of section 363(f) of the Bankruptcy Code, to the applicable Sale(s) and the entry of the Sale Order. All objections to the Motion or the relief requested therein (and all reservations of rights included therein), as they pertain to the entry of this Sale Procedures Order, are overruled to the extent they have not been withdrawn, waived, or otherwise resolved.

**Credit Bidding**

8.      Unless otherwise ordered by the Court, any party who has a valid, perfected, and enforceable lien on any assets of the Debtor's estate (such party, a "Secured Creditor") and the right, power, and authorization to credit bid claims secured by such liens, shall have the right to credit bid all or a portion of such Secured Creditor's secured claims within the meaning of, and subject to, section 363(k) of the Bankruptcy Code; provided, that nothing herein shall limit the right of the Debtor, any statutory committee appointed in this chapter 11 case, or any other party-in-interest in this chapter 11 case to object to such credit bid.

**Assumption and Assignment Procedures**

9.      The form of Cure Notice, substantially in the form attached hereto as Exhibit 3, is hereby approved and incorporated herein by reference.

10.     On or before September 14, 2026 (no fewer than twenty (20) business days prior to the Sale Hearing), the Debtor shall serve the Cure Notice upon each counterparty to a potential executory contract or unexpired lease that the Debtor may seek to assume and assign to the Successful Bidder(s) (each, an "Assumed and Assigned Contract"). The Cure Notice shall provide the counterparties to the possible Assumed and Assigned Contracts notice of (a) the amount, if any, that the Debtor believes must be cured upon the assumption and assignment as required under section 365 of the Bankruptcy Code (the "Cure Amount"), (b) the procedures for objecting to the proposed Cure Amount and any non-bidder specific objection to assumption and assignment, and (c) the procedures for requesting and objecting to evidence of adequate assurance of future performance once the Successful Bidder(s) and Back-Up Bidder(s), if any, are identified.

11.     The Debtor shall file and serve a notice of the Successful Bidder(s) (the "Notice of Successful Bidder(s)") within twenty-four (24) hours after the designation of the Successful Bidder(s), whether at the Auction or otherwise in accordance with the Sale Procedures, and shall send such notice by overnight mail, and also by email if the contract counterparty has provided an email address to the Debtor or the Debtor otherwise has actual notice of such counterparty's email address, to all counterparties of Assumed and Assigned Contracts.  The Notice of Successful Bidder(s) shall include the name of the Successful Bidder(s) and of the Back-Up Bidder(s), if any, summarize the material terms of the Successful Bid(s) and any Back-Up Bid(s), identify the executory contracts and unexpired leases proposed to be assumed and assigned to the Successful Bidder(s) or Back-Up Bidder(s), as applicable, and provide or make available the adequate assurance information delivered by the Successful Bidder(s) and any Back-Up Bidder(s).  If the Successful Bidder(s) or Back-Up Bidder(s) is a special purpose entity, the Notice of Successful

12

Bidder(s) shall also identify the entity or entities that are the primary equity holders of, or otherwise control, such special purpose entity.

12. The inclusion of a contract, lease, or other agreement on the Cure Notice shall not constitute or be deemed (a) a determination or admission by the Debtor and its estate or any other party in interest that such contract, lease, or other agreement is, in fact, an executory contract or unexpired lease within the meaning of the Bankruptcy Code, and any and all rights with respect thereto shall be reserved; or (b) to obligate the Debtor to assume any Assumed and Assigned Contract listed thereon or the Successful Bidder(s) to take assignment of such Assumed and Assigned Contract. Only those Assumed and Assigned Contracts that are included on a schedule of assumed and acquired contracts attached to the applicable asset purchase agreement with the Successful Bidder(s) (including amendments or modifications to such schedules in accordance with such asset purchase agreement) will be assumed and assigned to the Successful Bidder(s).

13. If an Assumed and Assigned Contract is assumed and assigned pursuant to court order, then unless the counterparty properly files and serves an objection to the Cure Amount contained in the Cure Notice by the Assumption/Cure Objection Deadline, the counterparty shall receive at the time of the assumption and assignment (as set forth in the Motion) the Cure Amount as set forth in the Cure Notice, if any. Any objection must set forth a specific default in the executory contract or unexpired lease, claim a specific monetary amount that differs from the amount, if any, specified by the Debtor in the Cure Notice, and set forth any reason why the counterparty believes the executory contract or unexpired lease cannot be assumed and assigned to the applicable Successful Bidder(s).

14. If any counterparty objects (an "Assumption/Cure Objection") for any reason to (i) the proposed assumption and assignment of an Assumed and Assigned Contract or (ii) the

13

proposed Cure Amount for an Assumed and Assigned Contract, such counterparty must file an Assumption/Cure Objection and serve it on the Objection Notice Parties so as to be actually received no later than 4:00 p.m. (prevailing Eastern Time) on September 28, 2026 (the "Assumption/Cure Objection Deadline"). The Assumption/Cure Objection must set forth: (a) the specific basis for the objection; (b) if disputing the Cure Amount, the amount that the counterparty contends is owed, with appropriate documentation in support thereof; and (c) if objecting to the proposed assumption and assignment, the specific facts upon which the counterparty relies. For the avoidance of doubt, an Assumption/Cure Objection is limited to matters not dependent on the identity, financial wherewithal, or operational capabilities of the ultimate assignee; objections relating to adequate assurance of future performance are governed by the procedures set forth in Paragraphs 15 through 17 below.

15.     Any counterparty to an Assumed and Assigned Contract that receives a Cure Notice and wishes to receive evidence of any Qualified Bidder's ability to provide adequate assurance of future performance under section 365 of the Bankruptcy Code may make such a request in writing (an "Adequate Assurance Notice Request") to counsel to the Debtor, Holland & Knight LLP, Attn: John J. Monaghan, Esq. and Lynne B. Xerras, Esq., Kathleen St. John, Esq., 10 Saint James Avenue, 11th Floor, Boston, Massachusetts 02116, or by emailing lynne.xerras@hklaw.com, by September 23, 2026 at 4:00 p.m. (prevailing Eastern Time). Within twenty-four (24) hours following the Debtor's determination that a Potential Bid constitutes a Qualified Bid, the Debtor shall send, by email, the evidence submitted by the applicable Qualified Bidder in its Qualified Bid of its ability to provide adequate assurance of future performance to each counterparty that has submitted a timely Adequate Assurance Notice Request.

16.     Within twenty-four (24) hours after the designation of the Successful Bidder(s), whether at the Auction or otherwise in accordance with the Sale Procedures, the Debtor shall file with the Court and serve upon all counterparties to Assumed and Assigned Contracts, the Objection Notice Parties, and all other parties in interest the Notice of Successful Bidder(s) identifying the Successful Bidder(s) and the Back-Up Bidder(s), if any, summarizing the material terms of the Successful Bid(s) and any Back-Up Bid(s), identifying the contracts and leases designated for assumption and assignment, and providing or making available the adequate assurance information delivered by the Successful Bidder(s) and any Back-Up Bidder(s).

17.     After a Successful Bidder is designated, any counterparty to an Assumed and Assigned Contract may object to the Successful Bidder's or Back-Up Bidder's ability to provide adequate assurance of future performance by filing and serving a written objection (an "Adequate Assurance Objection") so as to be actually received by the Objection Notice Parties no later than October 27, 2026 (five (5) business days after service of the Notice of Successful Bidder(s), or at the Sale Hearing, if earlier) (the "Adequate Assurance Objection Deadline"); provided that, if the Sale Hearing occurs before such deadline, the counterparty may raise such Adequate Assurance Objection at the Sale Hearing, and the Court may adjourn the hearing solely with respect to the affected contract or lease as necessary.

18.     Any Cure Amount for an Assumed and Assigned Contract shall be paid within ten (10) days following closing of the applicable Sale with the Successful Bidder(s) in accordance with the provisions of the applicable asset purchase agreement. Cure Amounts disputed by any counterparty shall be resolved by the Court at the Sale Hearing or such later date as may be agreed to by the parties or ordered by the Court. Upon payment of the Cure Amount and the entry of an order of this Court approving the assumption and assignment of an Assumed and Assigned

Contract, such Assumed and Assigned Contract shall be deemed assumed and assigned, free and clear of all defaults existing as of the closing of the applicable Sale.

19. Any party failing to timely file and serve an Assumption/Cure Objection in accordance with this Sale Procedures Order shall be forever barred from objecting to (i) the proposed Cure Amount and (ii) the proposed assumption and assignment of the applicable Assumed and Assigned Contract to the Successful Bidder(s), and will be deemed to have consented to the applicable Sale(s), the assumption and assignment of the applicable Assumed and Assigned Contract, and the Cure Amount set forth in the Cure Notice.

**De Minimis Sales**

20. The Debtor is hereby authorized, pursuant to sections 105(a) and 363(b) and (f) of the Bankruptcy Code, to sell, transfer, or otherwise dispose of any Sale Asset with a fair market value of less than $10,000 per transaction (each, a "De Minimis Sale") to a purchaser (each, a "De Minimis Asset Purchaser"), free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code, with such liens, claims, encumbrances, and other interests attaching to the proceeds of the applicable De Minimis Sale with the same validity, extent, and priority as they had in the applicable Sale Asset immediately prior to such De Minimis Sale, without further order of this Court, subject to the following conditions:

(a) the Debtor shall provide no fewer than seven (7) business days' advance written notice (each, a "De Minimis Sale Notice") of any proposed De Minimis Sale to (i) the DIP Lender, (ii) the Prepetition Secured Creditor, (iii) counsel to any statutory committee appointed in this chapter 11 case, if any, and (iv) the U.S. Trustee (collectively, the "De Minimis Notice Parties");

16

(b) each De Minimis Sale Notice shall describe the Sale Asset(s) proposed to be sold, the identity of the proposed purchaser, the proposed purchase price, and such other material terms as the Debtor deems relevant;

(c) if any De Minimis Notice Party serves a written objection to a proposed De Minimis Sale upon the Debtor within the seven (7) business day notice period, the Debtor shall not consummate such De Minimis Sale unless and until the Bankruptcy Court enters an order approving such sale after notice and a hearing;

(d) the Debtor shall not structure or divide transactions to avoid the $10,000 threshold set forth herein; and

(e) the aggregate value of all De Minimis Sales shall be subject to reporting in the Debtor's periodic reports filed with the Office of the United States Trustee or this Court.

21. Each De Minimis Asset Purchaser shall be deemed a good faith purchaser within the meaning of, and entitled to the full protections of, section 363(m) of the Bankruptcy Code, and each De Minimis Sale shall not be subject to avoidance under section 363(n) of the Bankruptcy Code.

**Other Relief Granted**

22. The Auction, if required under the Sale Procedures, shall be conducted on October 20, 2026, at \_\_:00 \_.m. (prevailing Eastern Time), or at such other date and time as the Debtor may determine in accordance with the Sale Procedures, at the United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, as shall be timely communicated to all entities entitled to attend the Auction. The Auction shall be conducted only if the Debtor receives more than one Qualified Bid by the Bid Deadline. If the

Debtor receives only one Qualified Bid, the Debtor may designate such bidder as the Successful

Bidder in accordance with the Sale Procedures and no Auction shall be required. The Auction may

be cancelled, adjourned, or rescheduled in accordance with the Sale Procedures. All creditors and

other parties in interest may attend the Auction, subject to the Sale Procedures.

23.     Within twenty-four (24) hours after the designation of the Successful Bidder(s),

whether at the Auction or otherwise in accordance with the Sale Procedures, the Debtor shall file

with the Court, and serve upon all counterparties to Assumed and Assigned Contracts, the

Objection Notice Parties, and all other parties in interest, in the manner set forth above, the Notice

of Successful Bidder(s) identifying the Successful Bidder(s) and the Back-Up Bidder(s) (if any),

summarizing the material terms of each Successful Bid and each Back-Up Bid (if any), identifying

the contracts and leases designated for assumption and assignment, and providing or making

available the adequate assurance information delivered by the Successful Bidder(s) and any Back-

Up Bidder(s).

24.     The Sale Hearing shall be held before this Court on October 30, 2026, at _:__ _.m.

(prevailing Eastern Time), or at such other date and time convenient to the Court, at which the

Debtor shall seek entry of an order (the "Sale Order") approving the applicable Sale of the Sale

Assets to the Successful Bidder(s) (or, in the event of the failure of the Successful Bidder(s) to

consummate the Sale, the Back-Up Bidder(s)). The Sale Hearing may be adjourned or rescheduled

without further notice other than by an announcement of the adjourned date at the Sale Hearing or

by the filing of a notice on the Court's docket.

25.     All entities that participate in the bidding process or the Auction shall be deemed

to have knowingly and voluntarily submitted to the exclusive jurisdiction of this Court with respect

to all matters relating to the terms and conditions of the transfer of the Sale Assets, the Sale

Procedures, the Auction, and any transaction contemplated by the Motion or this Sale Procedures Order.

26.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or relating to the implementation or interpretation of this Sale Procedures Order.

27.     To the extent any chapter 11 plan confirmed in this chapter 11 case, any order confirming any such plan, or any other order entered in this chapter 11 case (including any order entered after any conversion of the chapter 11 case to a case under chapter 7 of the Bankruptcy Code) alters, conflicts with, or derogates from the provisions of this Sale Procedures Order, the provisions of this Sale Procedures Order shall control. The Debtor's obligations under this Sale Procedures Order shall survive conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code, confirmation of any chapter 11 plan in this chapter 11 case, and discharge of claims thereunder, and shall be binding upon the Debtor, any chapter 7 trustee, and any reorganized or reconstituted debtor, as the case may be.

28.     In the event of any inconsistency between this Sale Procedures Order and the Motion, this Sale Procedures Order shall control and govern.

29.     Nothing in this Sale Procedures Order or the Motion shall constitute or be deemed to constitute the assumption or assignment of any executory contract or unexpired lease.

30.     This Sale Procedures Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004 or 6006 or any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly waived. The Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Sale Procedures Order and may, in its discretion and without further delay, take any action and perform any act authorized under this Sale Procedures Order.

31.     The Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted in this Sale Procedures Order in accordance with the Motion.

32.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Procedures Order.


Dated: _____, 2026
Worcester, Massachusetts



_____

**HON.** _____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**

## SALE PROCEDURES

The Sisters of St. Ann d/b/a Anna Maria College (the "College" or the "Debtor") has determined that (A) the proposed sale or sales of substantially all of the Debtor's assets and assumption of certain liabilities (each, a "Sale" and collectively, the "Sales"), in one or more transactions, should be subject to competitive bidding as set forth herein; and (B) the transfer of the Debtor's rights, title and interests in and to the Sale Assets (defined below) should be subject to approval by the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") pursuant to sections 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code").

Set forth below are the sale procedures (the "Sale Procedures") to be employed with respect to the Sale(s).

On June 26, 2026, the Debtor filed the *Motion for Entry of (I) An Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets in One or More Transactions, (B) Scheduling an Auction and Hearing to Approve the Sale(s) and the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (E) Granting Related Relief; and (II) An Order (A) Approving the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. No. ___] (the "Sale Motion").

On [_____], 2026, the Bankruptcy Court entered an order approving, among other things, the Sale Procedures set forth herein (the "Sale Procedures Order"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

### Sale Process

The Sale Procedures set forth herein describe, among other things, the Sale Assets available for sale, the manner in which prospective bidders may gain access to or continue to have access to due diligence materials concerning the Sale Assets, the manner in which bidders and bids become Qualified Bidders (as defined below) and Qualified Bids (as defined below), respectively, the receipt and negotiation of bids received, the conduct of any subsequent Auction (as defined below), the ultimate selection of the Successful Bidder (as defined below), and the Bankruptcy Court's approval thereof (collectively, the "Sale Process"). In the event that the Debtor and any party disagree as to the interpretation or application of these Sale Procedures, the Bankruptcy Court shall have jurisdiction to hear and resolve such dispute.

### No Stalking Horse Bidder

As of the date of the Sale Motion, the Debtor has not entered into an asset purchase agreement with a stalking horse bidder for the Sale Assets or any subset of the Sale Assets. The Debtor intends to solicit bids from all interested parties for some or all of the Sale Assets through these Sale Procedures and to select the party or parties submitting the highest or otherwise best

2

#538441362_v5

bid(s) for all or some of the Sale Assets; provided that the Debtor reserves the right to designate one or more stalking horse bidders and enter into an asset purchase agreement with such party or parties (each such agreement, a "Stalking Horse APA") prior to the Auction, subject to Bankruptcy Court approval.

Assets to Be Sold

The Debtor is offering for sale, in one or more transactions, substantially all or some substantial portion of the Debtor's assets (the "Sale Assets"), including but not limited to:

a.   Real Property. The Campus at 50 Sunset Lane, Paxton, Worcester County, Massachusetts, consisting of three parcels of land totaling approximately 261.75 acres, with 17 buildings and all improvements thereon. The Debtor holds fee simple title to all Campus parcels, as confirmed by Commonwealth Land Title Insurance Company Loan Policy No. 1447-1-51652-2017.81307-212819014, issued November 30, 2017. The individual Campus parcels are as follows:

   i.   Parcel One. 180.28 acres of land acquired by deed dated June 29, 1951, recorded at the Worcester County Registry of Deeds in Book 3346, Page 545, and described as land situated on the westerly side of Grove Street in the Town of Paxton, Worcester County, Massachusetts, with frontage on Grove Street and Sunset Lane.

      (a) The Town of Paxton Tax Assessor identifies approximately 123.08 acres of this land as the developed campus at 50 Sunset Lane (Assessor's Parcel 17-22), improved with 17 buildings containing approximately 300,622 square feet of gross building area.

      (b) The Town of Paxton Tax Assessor identifies approximately 56.49 acres of this land as excess undeveloped land on Grove Street (Assessor's Parcel 17-22M).

   ii.   Parcel Two. 10.0651 acres of land acquired by quitclaim deed dated April 3, 2002, recorded at the Worcester District Registry of Deeds in Book 26876, Page 275, and described as land situated on the westerly side of Sunset Lane with frontage on Grove Street in the Town of Paxton, Worcester County, Massachusetts (Assessor's Parcel 17-22C).

   iii.   Parcel Three. Approximately 72.12 acres of land acquired by quitclaim deed dated April 14, 2022, recorded at the Worcester District Registry of Deeds in Book 68580, Page 352, and described as land situated off Grove Street at the intersection of Grove Street and Streeter Road in the Town of Paxton,

3

#538441362_v5

Worcester County, Massachusetts, excepting therefrom (i) a parcel conveyed to David E. Roy and Elaina M. Roy by deed dated May 16, 1997, recorded in Book 18897, Page 58, and (ii) Parcel Two described above (Assessor's Parcel 17-22A).[1]

b.   Buildings and Improvements. All buildings, structures, and improvements now located on the real property described above, consisting of 17 buildings totaling approximately 300,622 square feet of gross building area, built between 1750 and 2012, in average to average/good overall condition.

c.   Personal Property. All furniture, fixtures, equipment, machinery, tools, furnishings, inventory, supplies, and other tangible personal property located on or used in connection with the Campus, including, without limitation, furniture and equipment, motor vehicles, and library books, periodicals, and audio-visual materials. This category includes religious artifacts and artwork obtained by the College, generally from donors, over the eighty years of pursuing its educational mission.

d.   Intangible Property. All intellectual property, goodwill, permits, licenses (other than those related to the Nursing Program), accounts receivable, contracts, leases, and all other intangible assets used in connection with the operation of the College or the Campus. The College's various specialty accredited programs fall roughly in this category.

Notwithstanding the foregoing, Sale Assets to be sold pursuant to the Sale Process expressly exclude the following (collectively, the "Excluded Assets"): (a) all assets, contracts, permits, licenses, accreditations, and other property related to the Debtor's nursing program (the "Nursing Program Assets"); (b) cash existing as of the Petition Date that constitutes gifts, grants, bequests, donations or contributions that were designated or restricted at the time they were made by the donor or maker as being for certain specified purposes; and (c) any litigation rights, including but not limited to avoidance actions. The Debtor reserves the right to modify the scope of the Excluded Assets prior to the Bid Deadline with the approval of the Bankruptcy Court.

Free of Any and All Claims and Interests

The Debtor has requested the Bankruptcy Court's approval to sell all of its rights, title, and interests in and to the Sale Assets, or any portion thereof, free and clear of all liens, claims, encumbrances, and other interests thereon and there against (collectively, the "Interests") to the extent permitted by sections 363 and 365 of the Bankruptcy Code and other applicable law, with such Interests to attach to the net proceeds of the Sale of such Sale Assets in the same order of priority and with the same validity, force, and effect as such Interests had in the Sale Assets, subject to any claims and defenses the Debtor may possess with respect thereto.

---

[1] In 2023, the Debtor identified approximately 2.4161 acres at the intersection of Grove Street and Streeter Road, Paxton, Massachusetts ("Lot 2"), as an area for potential separate sale and development. This property, however, remains titled in the Debtor's name and the Debtor intends to market it for sale along with the Main Campus and adjacent land.

4

#538441362_v5

<u>Consultation Parties</u>

The term "Consultation Parties" shall mean: (a) the DIP Lender and the Prepetition Secured Creditor; and (b) any statutory committee appointed in this chapter 11 case; provided, that if any party either (i) submits a Bid to purchase the Sale Assets or (ii) submits a credit bid for any of the Sale Assets, such party shall no longer be a Consultation Party so long as such party's Bid remains open.

<u>Participation Requirements</u>

Unless otherwise ordered by the Bankruptcy Court, for cause shown, or as otherwise determined by the Debtor, in order to participate in the Sale Process, any party interested in submitting a bid for the Sale Assets or any subset thereof (each, a "<u>Potential Bidder</u>") must deliver by the Bid Deadline (as defined below) the following by electronic mail to the Debtor at the following addresses: (i) Anna Maria College, Attn: Dr. Sean Ryan, President, sryan@annamaria.edu; (ii) Debtor's counsel, Holland & Knight LLP, John J. Monaghan, Lynne B. Xerras, and Kathleen St. John, Lynne.Xerras@hklaw.com; and (iii) Kelleher & Sadowsky Associates, Inc., Attn: William D. Kelleher, IV and Drew Higgins, wkelleher@kelleher-sadowsky.com, higgins@kelleher-sadowsky.com:

    i.    an executed confidentiality agreement (to be delivered prior to the distribution of any confidential information by the Debtor to a Potential Bidder) in form and substance satisfactory to the Debtor. In the event that the Potential Bidder has already entered into an acceptable confidentiality agreement with the Debtor, it must provide a statement waiving any of its rights under such confidentiality agreement that are in conflict with the Sale Procedures or that would otherwise prohibit disclosures regarding the Potential Bidder, or any Sale it may enter into;

    ii.    sufficient information, as determined by the Debtor, which may include current audited financial statements and latest unaudited financial statements of the Potential Bidder, or, if the Potential Bidder is an entity formed for the purpose of acquiring the Sale Assets (or any portion thereof), current audited financial statements and latest unaudited financial statements of the equity holders of the Potential Bidder who will guarantee the obligations of the Potential Bidder, or such other form of financial disclosure and credit-quality support or enhancement that will allow the Debtor and its advisors to make a reasonable determination as to the Potential Bidder's financial and other capabilities to consummate the Sale; and

    iii.    a statement demonstrating to the Debtor's satisfaction, a bona fide interest in purchasing the Sale Assets or a subset of the Sale Assets from the Debtor.

Upon the Debtor's determination, in the exercise of its reasonable business judgment and in consultation with the Consultation Parties, that a Potential Bidder has satisfied the foregoing requirements, such Potential Bidder shall be deemed a "<u>Qualified Bidder</u>" and shall be granted access to the Debtor's due diligence materials, including any virtual data room established by the

5

Debtor. The Debtor reserves the right to exclude any party from access to due diligence materials if such party has not satisfied the pre-qualification requirements set forth herein. In the event that the Debtor determines, in consultation with the Consultation Parties, that a Potential Bidder is not a Qualified Bidder, the Debtor, within twenty-four (24) hours of making such determination, will notify the United States Trustee of its decision, including in such notice the identity of the Potential Bidder and a brief description of the basis for the Debtor's determination.

### Due Diligence

The Debtor may, in an exercise of its reasonable business judgment, and subject to competitive and other business considerations, afford each Qualified Bidder and any person seeking to become a Qualified Bidder that has executed a confidentiality agreement with the Debtor such due diligence access to materials and information relating to the Sale Assets as the Debtor deems appropriate. No due diligence for any party other than a Qualified Bidder who has submitted a Qualified Bid will continue after the Bid Deadline (as defined below). The Debtor makes no representation or warranty as to the information to be provided through this due diligence process or otherwise, except to the extent set forth in any purchase agreement(s) with any Successful Bidder executed and delivered by the Debtor.

### Bid Deadline

Any Qualified Bidder that wishes to submit an offer, solicitation, or proposal to purchase the Sale Assets or any subset of the Sale Assets (a "Bid") must deliver its Bid by electronic mail to the Debtor at the following addresses: (i) Anna Maria College, Attn: Dr. Sean Ryan, President, sryan@annamaria.edu; (ii) Debtor's counsel, Holland & Knight LLP, John J. Monaghan, Lynne B. Xerras, and Kathleen St. John, c/o Lynne.Xerras@hklaw.com; (iii) counsel to any statutory committee appointed in the chapter 11 case (if one has been appointed); (iv) counsel to the DIP Lender and the Prepetition Secured Creditor, Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Douglas R. Gooding and Jonathan D. Marshall, c/o dgooding@choate.com; and (v) Kelleher & Sadowsky Associates, Inc., Attn: William D. Kelleher, IV and Drew Higgins, wkelleher@kelleher-sadowsky.com (collectively, the "Notice Parties"), so as to be actually received by the Debtor no later than **October 9, 2026 at 4:00 p.m. (prevailing Eastern Time)** (as may be extended as set forth below, the "Bid Deadline"). As soon as practicable after receipt of a Bid, but in no event more than twenty-four (24) hours thereafter, Debtor's counsel shall provide copies of the Bid and all related documents to any statutory committee appointed in this chapter 11 case.

### Qualified Bid

A Bid that is submitted in writing by a Qualified Bidder and satisfies each of the following requirements, as determined by the Debtor, in its reasonable business judgment and in consultation with its advisors and the Consultation Parties, shall constitute a "Qualified Bid":

    i.   *Letter of Intent.* Each Bid must include a duly authorized and executed binding letter of intent subject only to execution of an asset purchase agreement ("Asset Purchase Agreement") in a form provided by or otherwise reasonably acceptable to the Debtor, setting forth the Sale Assets to be purchased, the

6

#538441362_v5

purchase price for the Sale Assets to be purchased, any termination rights and any covenants, financing or other contingencies, shareholder, board of directors, or other internal approval contingencies, or closing conditions.

ii.   *Acquired Assets.* Each Bid must identify with specificity the Sale Assets or subset thereof that the applicable Bidder offers to purchase, and shall include, without limitation, terms and provisions with respect to certainty and timing of closing, including, but not limited to, identifying with specificity all conditions to closing.

iii.   *Purchase Price.* Each Bid must clearly set forth the purchase price to be paid (the "Purchase Price"). Each Bid must indicate whether it is an all-cash offer or consists of certain non-cash components, such as a credit bid and/or the assumption of liabilities.

iv.   *Good Faith Deposit.* Each Bid that is not a credit bid must be accompanied by a good faith deposit (the "Good Faith Deposit") in the form of a wire transfer (to a bank account specified by the Debtor), certified check, or such other form acceptable to the Debtor, payable to the order of the Debtor (or such other party as the Debtor may determine), in an amount equal to no less than 5% of the proposed Purchase Price, which the Debtor shall hold in trust and deal with as provided under "Good Faith Deposits" herein.

v.   *Binding and Irrevocable.* Each Bid must include provisions stating that the Qualified Bidder's Bid is irrevocable until the Bankruptcy Court approves the selection of the Successful Bidder(s) (as defined below) and the Back-Up Bidder(s) (as defined below), provided that if such Qualified Bidder is selected as a Successful Bidder or a Back-Up Bidder, its offer shall remain irrevocable until the earlier of (i) closing of the Sale to a Successful Bidder or a Back-Up Bidder as to the Sale Assets or subset thereof that was the subject of the applicable Bid, and (ii) thirty (30) days after the Outside Closing Date (to be defined in each Asset Purchase Agreement).

vi.   *Demonstrated Financial Capability.* Each Bid must include written evidence of financial capacity to consummate the transaction contemplated in the Bid, which evidence may include, but is not limited to, a firm, irrevocable commitment for financing, bank or investment account statements, an audited financial statement or other evidence of ability to consummate the proposed transaction, that will allow the Debtor to make a reasonable determination as to the Qualified Bidder's financial and other capabilities to consummate the transaction contemplated in the Bid.

vii.   *Identity.* Each Bid must fully disclose the identity of each entity that will be bidding for the Sale Assets or otherwise sponsoring or participating in connection with such Bid, and the complete terms of any such participation. Each Bid must fully disclose any relationship or connection that the Qualified

7

Bidder submitting such Bid has with the Debtor or with any officer, director, trustee, member, or manager of the Debtor.

viii. *As-Is, Where-Is*. Each Bid must include an acknowledgement and representation that the Qualified Bidder: (a) has had an opportunity to conduct any and all required due diligence regarding the Sale Assets prior to making its offer; (b) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Sale Assets in making its bid; (c) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Sale Assets or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Marked Agreement; and (d) is not entitled to any expense reimbursement or break-up fee in connection with its Bid.

ix. *Affirmative Statement*. Each Bid shall be accompanied by an affirmative statement that: (i) all Qualified Bidders submitting such Bid have acted in good faith consistent with section 363(m) of the Bankruptcy Code and not in any manner prohibited by section 363(n) of the Bankruptcy Code; (ii) all Qualified Bidders submitting such Bid have complied and will continue to comply with the Sale Procedures; and (iii) all Qualified Bidders submitting such Bid waive any entitlement to any break-up fee, termination fee, expense reimbursement, or similar payment or reimbursement, and waive any substantial contribution (administrative expense) claims under section 503(b) of the Bankruptcy Code related to bidding for the Debtor's Sale Assets or otherwise participating in the Auction.

x. *Authorization*. Each Bid must include evidence, in form and substance reasonably satisfactory to the Debtor, of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and closing of the transaction contemplated by the Marked Agreement and the Sale.

xi. *Executory Contracts*. Each Bid must identify with particularity which executory contracts or unexpired leases the Qualified Bidder wishes to assume, include an acknowledgment and representation that the Qualified Bidder will assume the Debtor's obligations under such executory contracts and unexpired leases arising from and after the closing, and identify with particularity any executory contract or unexpired lease the assumption and assignment of which is a condition to closing.

xii. *Adequate Assurance*. Each Bid must include evidence of the Qualified Bidder's ability to comply with section 365 of the Bankruptcy Code (to the extent applicable), including providing adequate assurance of such Qualified Bidder's ability to perform in the future under the contracts and leases proposed in its Bid to be assumed by the Debtor and assigned to the Qualified Bidder, in a form

8

that will permit the immediate dissemination of such evidence to the counterparties to such contracts and leases.

xiii.   *Consent to Jurisdiction.* Each Bid must state that the Qualified Bidder consents to the jurisdiction of the Bankruptcy Court and waives any right to a jury trial in connection with any disputes relating to the Sale, the Auction, or the construction and enforcement of the Marked Agreement.

xiv.   *Bid Deadline*. Each Bid must be received by the Bid Deadline.

## Evaluation of Competing Bids

A Qualified Bid will be valued based upon several factors including, without limitation, items such as the Sale Assets or subset of Sale Assets that the bid relates to, the Purchase Price and the net value (including assumed liabilities and other obligations to be performed or assumed by the Qualified Bidder) provided by such Bid, the counterparties to the transactions, factors affecting the speed, certainty and value of the transactions (including any approvals required to close the transactions) and the likelihood and timing of consummating such transactions, each as determined by the Debtor, in consultation with its advisors and the Notice Parties.

## Tender of an Asset Purchase Agreement

Within twenty-four hours of receipt of a Qualified Bid, the Debtor shall deliver to each Qualified Bidder a proposed form of Asset Purchase Agreement (the "Form APA") for use by each Qualified Bidder.  It shall be a condition to participation in the Auction and to being named as a Successful Bidder or Backup Bidder that each Qualified Bidder deliver to the Debtor no later than one (1) business day before the scheduled Auction, a fully completed and executed Asset Purchase Agreement substantially in the form of the Form APA with substantive terms that do not differ from the terms set forth in the Qualified Bid and a copy of such Asset Purchase Agreement marked to show changes to the Form APA (a "Marked Agreement"). Failure of a Qualified Bidder to deliver an executed Asset Purchase Agreement shall not relieve a Qualified Bidder from the obligations set forth in its binding Letter of Intent.

## No Competing Qualified Bids

If only one Qualified Bid for the Sale Assets or any subset of the Sale Assets is received by the Bid Deadline, the Debtor shall not conduct an Auction as to the uncontested Sale Assets or subset thereof, and the party that submitted such Qualified Bid shall be deemed the Successful Bidder, provided, however, that if there is only one bid received for all of the Sale Assets but Bids are received for subsets of the Sale Assets, an Auction will be held to determine whether the total of all Bids for subsets of the Sale Assets exceeds that Qualified Bidder's bid for the entirety of the Sale Assets. In such event, the Debtor reserves the right to request that the Bankruptcy Court advance the date of the Sale Hearing and will provide notice of such new date to those parties in interest entitled to notice thereof. If no Qualified Bid is received by the Bid Deadline, the Debtor will not conduct an Auction and will report to the Bankruptcy Court regarding the status of the Sale Process. If the Debtor seeks Bankruptcy Court approval to designate one or more stalking horse bidders prior to the Auction, the Debtor may request approval of supplemental or modified procedures as appropriate.

9

<u>Reservation of Stalking Horse Designation Right</u>

The Debtor reserves the right to enter into one or more Asset Purchase Agreements with a stalking horse bidder prior to the Bid Deadline (each such Asset Purchase Agreement, a "<u>Stalking Horse APA</u>").  If the Debtor enters into a Stalking Horse APA, each competing Bid on the Sale Assets (or subset of Sale Assets) that are the subject of such Stalking Horse APA must (i) provide a purchase price equal to the value of the consideration under the Stalking Horse APA, plus an amount that is five percent (5%) higher than the aggregate Purchase Price plus any approved bid protections (the "<u>Initial Overbid Amount</u>") and (ii) use the Stalking Horse APA as the Form APA for purposes of submitting a clean, executed Asset Purchase Agreement and a marked version showing changes. If the Debtor seeks Bankruptcy Court approval to designate one or more stalking horse bidders prior to the Auction, the Debtor may request approval of supplemental or modified procedures as appropriate.

<u>Auction Process</u>

If the Debtor receives two or more Qualified Bids by the Bid Deadline, the Debtor shall conduct an Auction at the United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, on **October 20, 2026 at ___:00 _.m. (prevailing Eastern Time)**, or on such other date and at such other time as shall be timely communicated to all entities entitled to attend the Auction. The Auction shall be conducted in accordance with the following procedures:

    i.    <u>Auction Location</u>.  The Auction shall be a public proceeding conducted before the Bankruptcy Court. All Qualified Bidders wishing to participate in the Auction must attend in accordance with the orders of the Bankruptcy Court and must ensure that at least one individual representative with full authority to bind such Qualified Bidder attends the Auction in person.

    ii.    <u>Notice of Participation</u>.  On the later of a Qualified Bidder's submission of the executed Asset Purchase Agreement or two days before the commencement of the Auction, each such Qualified Bidder must inform the Debtor whether it intends to participate in the Auction; <u>provided</u> that in the event a Qualified Bidder elects not to participate in the Auction, such Qualified Bidder's Qualified Bid shall nevertheless remain fully enforceable against such Qualified Bidder until (i) the Bankruptcy Court's approval of the selection of the Successful Bidder(s) and Back-Up Bidder(s) and (ii) if such Qualified Bidder is selected as a Successful Bidder or a Back-Up Bidder, the earlier of (x) closing of the Sale to a Successful Bidder or a Back-Up Bidder, and (y) thirty (30) days after the Outside Closing Date (as defined in the Asset Purchase Agreement). At least one (1) day prior to the Auction, the Debtor will provide a summary of all Qualified Bids to the Consultation Parties and all Qualified Bidders that have informed the Debtor of their intent to participate in the Auction and will state which Qualified Bid or Qualified Bids the Debtor believes, in its reasonable business judgment, is the highest or otherwise best offer as to the Sale Assets and as to each subset of the Sale Assets (each a "<u>Starting Bid</u>").

10

iii. <u>Procedural Amendments.</u> The Debtor, after consultation with its advisors and the Consultation Parties, may employ and announce at the Auction additional procedural rules that are reasonable under the circumstances (e.g., the amount of time allotted to make Subsequent Bids or a requirement that Subsequent Bids be the Qualified Bidders' final and best bids) for conducting the Auction, <u>provided</u> that such rules are (i) not inconsistent with these Sale Procedures, the Local Rules, the Bankruptcy Code, or any order of the Bankruptcy Court entered in connection herewith, and (ii) disclosed to each Qualified Bidder at the Auction.

iv. <u>Bid Increments.</u> Bidding at the Auction will begin with the Starting Bid as to the Sale Assets and continue, in one or more rounds of bidding, so long as during each round at least one subsequent bid is submitted by a Qualified Bidder that (i) improves upon such Qualified Bidder's immediately prior Qualified Bid (a "<u>Subsequent Bid</u>") and (ii) the Debtor determines, in consultation with its advisors and the Consultation Parties, that such Subsequent Bid is (A) for the first round, a higher or otherwise better offer than the Starting Bid, and (B) for subsequent rounds, a higher or otherwise better offer than the Leading Bid (as defined below). The Debtor shall retain the right, in consultation with its advisors and the Consultation Parties, to set the increment requirements at any time at or prior to the Auction after informing each participating Qualified Bidder. After the first round of bidding and between each subsequent round of bidding, the Debtor shall announce the bid (and the value of such bid) that it believes to be the highest or otherwise best offer or offers (the "<u>Leading Bid</u>"). A round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the Leading Bid.

v. <u>Asset Subset Bidding</u>. Upon the conclusion of the Bidding for the Sale Assets, bidding will be conducted sequentially as to each subset of the Sale Assets regarding which competing Qualified Bids were submitted. The bidding process will be conducted pursuant to the same terms and conditions as are set forth above relating to bids relating to the Sale Assets.

vi. <u>Incremental Bids.</u> Each Bid made at the Auction shall be irrevocable until the Bankruptcy Court approves the selection of the Successful Bidder(s) (as defined below) and the Back-Up Bidder(s) (as defined below), provided that if a Bid is selected as a Successful Bid or a Back-Up Bid, it shall remain irrevocable until the earlier of (i) closing of the Sale to a Successful Bidder or a Back-Up Bidder, and (ii) thirty (30) days after the Outside Closing Date (as defined in the Asset Purchase Agreement).

<u>Reservation of Rights</u>

Except as otherwise provided in the Asset Purchase Agreement, the Sale Procedures or the Sale Procedures Order, the Debtor, after consultation with its advisors and the Consultation Parties:

11

(i) may determine after each round of bidding at the Auction which Qualified Bid, if any, is the highest or otherwise best offer and the value thereof; (ii) may reject, at any time, any Bid that the Debtor determines is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code, the Sale Procedures, or the terms and conditions of the Sale, or (c) contrary to the best interests of the Debtor, its estate, and stakeholders as determined by the Debtor; (iii) except as otherwise specifically set forth herein, may modify the Sale Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the Sale of the Sale Assets; (iv) may extend the deadlines set forth herein; and (v) may continue or cancel the Auction or Sale Hearing in open court without further notice.

<u>Primacy of Bids for All Sale Assets</u>

In the event that there are one or more bids for all Sale Assets and one or more bids for a subset thereof, the Successful Bid for all Sale Assets will be the Successful Bid unless the total of all bids for subsets of the Sale Assets exceeds the amount of the highest and best bid for all Sale Assets.

<u>Selection of Successful Bid</u>

At the conclusion of the Auction, or if no Auction is held because only one Qualified Bid was received, promptly after the Bid Deadline, the Debtor, in consultation with its advisors and the Consultation Parties, will (i) review each Qualified Bid and evaluate each Qualified Bid as set forth in the section titled "Evaluation of Competing Bids" herein, (ii) identify the highest or otherwise best offer or offers for the Sale Assets or any subset thereof received at the Auction or otherwise by the Bid Deadline (one or more such Bids, collectively the "<u>Successful Bid</u>" and the bidder or bidder(s) making such Bids, collectively, the "<u>Successful Bidder</u>"), and (iii) communicate to the Qualified Bidders the identity of the Successful Bidder(s), and the Back-Up Bidder(s), if any, and the details of the Successful Bid(s) and Back-Up Bid(s), if any. The determination of the Successful Bid(s) and Back-Up Bid(s) by the Debtor, at the conclusion of the Auction or after designation of the Successful Bidder if no Auction is held, shall be final, subject to approval by the Bankruptcy Court. The Debtor's selection of and presentation to the Bankruptcy Court of the Successful Bid(s) and, if applicable, the Back-Up Bid(s), will not constitute the Debtor's acceptance of either such Bid, which acceptance will occur only upon approval of such Bid by the Bankruptcy Court at the Sale Hearing.

The Debtor will sell the Sale Assets to the Successful Bidder(s) pursuant to the terms of the Successful Bid(s) (or, under certain circumstances described herein, to the Back-Up Bidder(s)) upon the approval of such Successful Bid(s) (or, if applicable, the Back-Up Bid(s)) by the Bankruptcy Court at the Sale Hearing.

<u>Notice of Successful Bidder(s)</u>

Within twenty-four (24) hours after the designation of the Successful Bidder(s), whether at the Auction or otherwise in accordance with the Sale Procedures, the Debtor shall file and serve a notice identifying each Successful Bidder and each Back-Up Bidder, if any, summarizing the material terms of the Successful Bid and any Back-Up Bid, identifying the executory contracts and unexpired leases proposed to be assumed and assigned to the Successful Bidder or Back-Up

12

Bidder, as applicable, and providing or making available the adequate assurance information delivered by the Successful Bidder(s) and any Back-Up Bidder(s) (the "Notice of Successful Bidder(s)"). The Notice of Successful Bidder(s) shall be served on all counterparties to Assumed and Assigned Contracts, the Objection Notice Parties, all parties entitled to notice of the Sale Hearing, and all other parties in interest, and shall be sent to counterparties to Assumed and Assigned Contracts by overnight mail and also by email if the contract counterparty has provided an email address to the Debtor or the Debtor otherwise has actual notice of such counterparty's email address.

## Closing with Back-Up Bidders

If the Debtor receives one or more additional Qualified Bids, then, at the Sale Hearing, the Debtor will seek approval of the Successful Bid(s) and, at the Debtor's election, the next highest or otherwise best Qualified Bid(s) (each "Back-Up Bid" and, any such bidder, a "Back-Up Bidder") as determined by the Debtor in consultation with its advisors and the Consultation Parties. Following Bankruptcy Court approval of the Sale to a Successful Bidder, if such Successful Bidder fails to consummate the Sale for any reason, then the applicable Back-Up Bid will be deemed to be the Successful Bid and the Debtor will be authorized, but not directed, to effectuate a Sale to such Back-Up Bidder subject to the terms of the Back-Up Bid without further order of the Bankruptcy Court. A Back-Up Bid shall remain open until the earlier of (i) the thirtieth (30th) day after the Outside Closing Date (as defined in the Asset Purchase Agreement) or (ii) the consummation of the Sale to a Successful Bidder (the "Back-Up Bid Expiration Date"). Any provision in the Back-Up Bid conditioning such Bid on a closing prior to the Back-Up Bid Expiration Date shall be void. All Qualified Bids other than a Successful Bid and a Back-Up Bid shall be deemed rejected by the Debtor on and as of the date of approval of the Successful Bid and the Back-Up Bid by the Bankruptcy Court.

## Failure to Close

If a Successful Bidder fails to consummate the transaction in accordance with the terms of the applicable agreement executed by a Successful Bidder by the closing date contemplated in the purchase agreement agreed to by the parties for any reason, the Debtor shall: (i) solely to the extent provided for in the applicable purchase agreement retain the Successful Bidder's Good Faith Deposit; (ii) solely to the extent provided for in the applicable purchase agreement, retain the right to pursue all available remedies, whether legal or equitable; and (iii) be free to consummate the proposed transaction with the Back-Up Bidder at the Back-Up Bid, without the need for an additional hearing or order of the Bankruptcy Court.

## Good Faith Deposits

The Good Faith Deposit of any Back-Up Bidder shall be retained by the Debtor until the Back-Up Bid Expiration Date and returned to the Back-Up Bidder within five (5) Business Days thereafter or, if the Back-Up Bid becomes the Successful Bid, shall be applied to the Purchase Price to be paid by the Back-Up Bidder in accordance with the terms of the Back-Up Bid. The Good Faith Deposits of Qualified Bidders not selected as either the Successful Bidder or Back-Up Bidder shall be returned to such bidders within five (5) Business Days of the date of the selection

13

of a Successful Bidder and a Back-Up Bidder. The Good Faith Deposit of a Successful Bidder will be dealt with in accordance with the terms of the Successful Bid.

## Sale Hearing

The Debtor will seek entry of the Sale Order from the Bankruptcy Court at the Sale Hearing to begin on **October 30, 2026** at __ __.m. (prevailing Eastern Time), (or at another date and time convenient to the Bankruptcy Court) to approve and authorize the sale transaction(s) to the Successful Bidder(s) on terms and conditions determined in accordance with the Sale Procedures.

## De Minimis Sales

Notwithstanding any other provision of these Sale Procedures, the Debtor is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to sell, transfer, or otherwise dispose of any Sale Asset with a fair market value of less than $10,000 per transaction (each, a "De Minimis Sale") to a purchaser (each, a "De Minimis Asset Purchaser") without further order or approval of the Bankruptcy Court, free and clear of all Interests pursuant to section 363(f) of the Bankruptcy Code, subject to the following conditions: (a) the Debtor shall provide no fewer than seven (7) business days' advance written notice (each, a "De Minimis Sale Notice") of any proposed De Minimis Sale to (i) the DIP Lender, (ii) the Prepetition Secured Creditor, (iii) counsel to any statutory committee appointed in this chapter 11 case, if any, and (iv) the U.S. Trustee (collectively, the "De Minimis Notice Parties"); (b) each De Minimis Sale Notice shall describe the Sale Asset(s) proposed to be sold, the identity of the proposed purchaser, the proposed purchase price, and such other material terms as the Debtor deems relevant; (c) in the event that any of the De Minimis Notice Parties serves a written objection to a proposed De Minimis Sale upon the Debtor within the seven (7) business day notice period, the Debtor shall not consummate such De Minimis Sale unless and until the Bankruptcy Court enters an order approving such sale after notice and a hearing; (d) the Debtor shall not structure or divide transactions to avoid the $10,000 threshold set forth herein; and (e) the aggregate value of all De Minimis Sales consummated without further Court approval shall be subject to reporting in the Debtor's periodic reports filed with the Office of the United States Trustee or this Court.

Each De Minimis Sale shall be free and clear of all Interests, with such Interests to attach to the proceeds of the applicable De Minimis Sale with the same validity, extent, and priority as such Interests had in the applicable Sale Asset. Each De Minimis Asset Purchaser shall be deemed a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code.

#538441362_v5

**EXHIBIT 2**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE,

Debtor.[1]

Chapter 11

Case No. 26-40758

## NOTICE OF SALE PROCEDURES, AUCTION DATE, AND SALE HEARING

PLEASE TAKE NOTICE that on June 26, 2026, The Sisters of St. Ann d/b/a Anna Maria College, as debtor and debtor in possession in the above-captioned chapter 11 case (the "College" or the "Debtor") filed the *Motion for Entry of (I) An Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets in One or More Transactions, (B) Scheduling an Auction and Hearing to Approve the Sale(s) and the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (E) Granting Related Relief; and (II) An Order (A) Approving the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. No. ___] (the "Sale Motion"). The Debtor seeks, among other things, authority to sell (the "Sale(s)") substantially all of its real, personal, and intangible property to be acquired by the Successful Bidder(s) (the "Sale Assets"),[2] other than the assets excluded from the Sale, which include, without limitation, (a) all assets, contracts, permits, licenses, accreditations, and other property related to the Debtor's nursing program, (b) all donor-restricted endowment funds and donor-restricted purpose funds, and (c) any litigation rights, including avoidance actions (the "Excluded Assets"), through the bidding process described in the Sale Procedures and free and clear of all liens, claims, encumbrances and other interests, and to assume and assign certain leases and executory contracts in connection therewith, pursuant to sections 105, 363, and 365 of the Bankruptcy Code.

PLEASE TAKE FURTHER NOTICE that on _____, 2026, the Honorable _____, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") entered an Order [Dkt. No. __] approving, among other

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] A general description of the Sale Assets is attached hereto as Exhibit A.

things, the Sale Procedures set forth therein (the "Sale Procedures Order").[3] The Sale Procedures Order sets the key dates and times related to the Sale(s) of the Sale Assets. All interested bidders should carefully read the Sale Procedures Order and the Sale Procedures. To the extent that there are any inconsistencies between the Sale Procedures Order (including the Sale Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Sale Procedures Order shall control.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Sale Procedures, bids for the Sale Assets must be actually received by the Debtor no later than **October 9, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"). Only bids that satisfy the requirements of the Sale Procedures may be deemed Qualified Bids and entitle a bidder to participate in the Auction, if any.

**PLEASE TAKE FURTHER NOTICE** that, if required under the Sale Procedures, an auction (the "Auction") to determine the highest or otherwise best bid for the Sale Assets or any subset of the Sale Assets will take place on **_____, 2026, at __:00 __.m. (prevailing Eastern Time)**, or at such other date and time as shall be timely communicated to all entities entitled to attend the Auction, at the United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076. The Auction will be conducted in person and only if required under the Sale Procedures. If only one Qualified Bid for the Sale Assets or any subset of the Sale Assets is received by the Bid Deadline, the Debtor shall not conduct an Auction as to the uncontested Sale Assets or subset thereof; provided, however, that if there is only one bid received for all of the Sale Assets but Bids are received for subsets of the Sale Assets, an Auction will be held to determine whether the total of all Bids for subsets exceeds the bid for all Sale Assets. The Auction may be cancelled, adjourned, or rescheduled in accordance with the Sale Procedures.

**PLEASE TAKE FURTHER NOTICE** that, within twenty-four (24) hours after the designation of the Successful Bidder(s), whether at the Auction or otherwise in accordance with the Sale Procedures, the Debtor shall file with the Bankruptcy Court, and serve upon all counterparties to Assumed and Assigned Contracts, the Objection Notice Parties, all parties entitled to notice of the Sale Hearing, and all other parties in interest, a notice (the "Notice of Successful Bidder(s)") identifying the Successful Bidder(s) and the Back-Up Bidder(s), if any, summarizing the material terms of the Successful Bid(s) and any Back-Up Bid(s), identifying the executory contracts and unexpired leases proposed to be assumed and assigned to the Successful Bidder(s) or Back-Up Bidder(s), as applicable, and providing or making available the adequate assurance information delivered by the Successful Bidder(s) and any Back-Up Bidder(s). If any Successful Bidder or Back-Up Bidder is a special purpose entity, the Notice of Successful Bidder(s) shall also identify the entity or entities that are the primary equity holders of, or otherwise control, such special purpose entity.

**PLEASE TAKE FURTHER NOTICE** that the Motion seeks entry of an order (the "Sale Order") that is expected to provide, among other things, that any Successful Bidder will have no responsibility for, and the Sale Assets will be sold free and clear of, any successor liability, including the following: (a) any liability or other obligation of the Debtor's estate or related to the

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

Sale Assets other than as expressly set forth in the Sale Order or in the asset purchase agreement with the Successful Bidder(s); or (b) any claims against the Debtor, its estate, or any of its predecessors or affiliates.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Sale(s) of the Sale Assets to the Successful Bidder(s) or Back-Up Bidder(s) (the "Sale Hearing") will be held before the United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, on _____, **2026, at    :00    .m. (prevailing Eastern Time)**. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and filing of a notice of the same on the Bankruptcy Court's docket. The Bankruptcy Court may modify the method of the Sale(s) described herein at or prior to the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that objections to the relief requested in the Motion pertaining to approval of the Sale(s) of the Sale Assets (a "Sale Objection"), other than (i) any objection to the proposed Cure Amount with respect to any executory contract or unexpired lease that may be assumed and assigned, or to the proposed assumption and assignment of any such executory contract or unexpired lease on any basis not dependent on the identity, financial wherewithal, or operational capabilities of the ultimate assignee (an "Assumption/Cure Objection"), or (ii) any objection to adequate assurance of future performance by the Successful Bidder(s) with respect to any such executory contract or unexpired lease (an "Adequate Assurance Objection"), must: (a) be in writing; (b) conform to the Bankruptcy Rules and Local Rules; (c) set forth the specific basis for the Sale Objection; and (d) be filed with the United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, together with proof of service, and served so as to be actually received by the Objection Notice Parties (defined below) on or before _____, **2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline"). Sale Objections must be served so as to be actually received by the following parties (collectively, the "Objection Notice Parties"): (a) Debtor's counsel, Holland & Knight LLP, Attn: John J. Monaghan, Esq., Lynne B. Xerras, Esq., Kathleen St. John, Esq., 10 Saint James Avenue, 11th Floor, Boston, Massachusetts 02116, c/o lynne.xerras@hklaw.com; (b) counsel to the DIP Lender and the Prepetition Secured Creditor, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Douglas R. Gooding and Jonathan D. Marshall, c/o dgooding@choate.com; (c) the Office of the United States Trustee for the District of Massachusetts, Attn: William K. Harrington, 5 Post Office Square, Suite 1000, Boston, Massachusetts 02116; and (d) counsel to any statutory committee appointed in this chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that the Debtor and any other party in interest must file any reply to a Sale Objection by _____, **2026** (the "Sale Motion Objection Reply Deadline"), and the Bankruptcy Court will adjudicate any Sale Objections at the hearing scheduled for _____, **2026** (the "Sale Motion Hearing").

**PLEASE TAKE FURTHER NOTICE** that any objection to the designation of any Successful Bidder and entry of a Sale Order approving a sale transaction with a Successful Bidder must be filed and served so as to be actually received by the Objection Notice Parties by

_____, 2026 (five (5) business days after service of the Notice of Successful Bidder(s), or at the Sale Hearing, if earlier).

PLEASE TAKE FURTHER NOTICE that counterparties to executory contracts and unexpired leases that may be assumed and assigned will be served with the Cure Notice separate and apart from this *Notice of Sale Procedures, Auction Date, and Sale Hearing*. The Cure Notice will identify the proposed Cure Amount, if any, for each applicable executory contract or unexpired lease and will set forth the deadline and procedures for filing objections to the proposed Cure Amount and any objection to proposed assumption and assignment that is not dependent on the identity, financial wherewithal, or operational capabilities of the ultimate assignee. Any such objection must be filed and served so as to be actually received by the Objection Notice Parties no later than the Assumption/Cure Objection Deadline. Any objection to adequate assurance of future performance must be filed and served by the Adequate Assurance Objection Deadline in accordance with the Sale Procedures Order. If a counterparty fails to timely file and serve an Assumption/Cure Objection by the Assumption/Cure Objection Deadline, such counterparty may be deemed to have consented to the proposed Cure Amount and to any non-bidder-specific assumption and assignment issues, and may be barred from later disputing such Cure Amount or raising any such non-bidder-specific objection; provided, however, that such counterparty shall not be barred from timely raising an Adequate Assurance Objection solely on adequate assurance grounds by the Adequate Assurance Objection Deadline.

PLEASE TAKE FURTHER NOTICE that any Adequate Assurance Objection must be filed and served so as to be actually received by the Objection Notice Parties no later than _____, 2026 (five (5) business days after service of the Notice of Successful Bidder(s), or at the Sale Hearing, if earlier) (the "Adequate Assurance Objection Deadline"), in accordance with the Sale Procedures Order; provided that, if the Sale Hearing occurs before such deadline, the counterparty may raise such Adequate Assurance Objection at the Sale Hearing. Any Adequate Assurance Objection must state with specificity the basis for the objection, including the alleged basis for contending that the Successful Bidder(s) has or have not provided adequate assurance of future performance. Any counterparty that fails to timely file and serve an Adequate Assurance Objection may be forever barred from asserting an objection to assumption and assignment on adequate assurance grounds.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court may take evidence at any hearing on approval of the Sale Motion to resolve issues of fact.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Procedures Order, the Debtor is authorized to sell, transfer, or otherwise dispose of any Sale Asset with a fair market value of less than $10,000 per transaction (each, a "De Minimis Sale") to a purchaser (each, a "De Minimis Asset Purchaser") free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code, without further order of the Bankruptcy Court, subject to providing no fewer than seven (7) business days' advance written notice to (i) the DIP Lender, (ii) Citizens Funding Corp. and Citizens Bank, National Association (the "Prepetition Secured Creditor"), (iii) counsel to any statutory committee appointed in this chapter 11 case, if any, and (iv) the U.S. Trustee (collectively, the "De Minimis Notice Parties"). If any De Minimis Notice Party serves a written objection to a proposed De Minimis Sale upon the Debtor within the seven (7) business day notice period, the Debtor shall not consummate such De Minimis Sale

without further order of the Bankruptcy Court. The Debtor shall not structure or divide transactions to avoid the $10,000 threshold, and the aggregate value of all De Minimis Sales consummated without further Court approval shall be subject to reporting in the Debtor's periodic reports filed with the U.S. Trustee or the Bankruptcy Court. Any party seeking additional information regarding De Minimis Sales may contact counsel to the Debtor at lynne.xerras@hklaw.com.

**PLEASE TAKE FURTHER NOTICE THAT ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE SALE(S) ON OR BEFORE THE SALE OBJECTION DEADLINE MAY BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO SUCH SALE(S), INCLUDING WITH RESPECT TO THE TRANSFER OF THE SALE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS SET FORTH IN THE ASSET PURCHASE AGREEMENT WITH THE SUCCESSFUL BIDDER(S) OR THE SALE ORDER.**

**PLEASE TAKE FURTHER NOTICE** that this *Notice of Sale Procedures, Auction Date, and Sale Hearing* is subject to the full terms and conditions of the Motion, Sale Procedures Order, Sale Procedures, Cure Notice, and any Notice of Successful Bidder(s) or supplemental Cure Notice, which Sale Procedures Order shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety. Any party that has not received a copy of the Motion or the Sale Procedures Order and wishes to obtain a copy of the Motion or the Sale Procedures Order, including all exhibits thereto, may obtain such documents free of charge by emailing bos-bankruptcy@hklaw.com.

Dated: _____, 2026                    Respectfully submitted,


                                        /s/ *Draft*_____
                                        John J. Monaghan (MA Bar #546454)
                                        Lynne B. Xerras (MA Bar #632441)
                                        Kathleen St. John (MA Bar #681565)
                                        **HOLLAND & KNIGHT LLP**
                                        10 St. James Avenue
                                        Boston, MA  02116
                                        Telephone: (617) 523-2700
                                        Facsimile: (617) 523-6850
                                        E-mail: john.monaghan@hklaw.com
                                                lynne.xerras@hklaw.com
                                                kathleen.stjohn@hklaw.com


                                        *Proposed Counsel to the Debtor*

**EXHIBIT A**

**(General Description of Sale Assets as required by MLBR 6004-1)**

a.   Real Property. The Campus at 50 Sunset Lane, Paxton, Worcester County, Massachusetts, consisting of three parcels of land totaling approximately 261.75 acres, with 17 buildings and all improvements thereon. The Debtor holds fee simple title to all Campus parcels, as confirmed by Commonwealth Land Title Insurance Company Loan Policy No. 1447-1-51652-2017.81307-212819014, issued November 30, 2017. The individual Campus parcels are as follows:

i.   Parcel One.[4] 180.28 acres of land acquired by deed dated June 29, 1951, recorded at the Worcester County Registry of Deeds in Book 3346, Page 545, and described as land situated on the westerly side of Grove Street in the Town of Paxton, Worcester County, Massachusetts, with frontage on Grove Street and Sunset Lane.

   (a) The Town of Paxton Tax Assessor identifies approximately 123.08 acres of this land as the developed campus at 50 Sunset Lane (Assessor's Parcel 17-22), improved with 17 buildings containing approximately 300,622 square feet of gross building area.

   (b) The Town of Paxton Tax Assessor identifies approximately 56.49 acres of this land as excess undeveloped land on Grove Street (Assessor's Parcel 17-22M).

ii.   Parcel Two. 10.0651 acres of land acquired by quitclaim deed dated April 3, 2002, recorded at the Worcester District Registry of Deeds in Book 26876, Page 275, and described as land situated on the westerly side of Sunset Lane with frontage on Grove Street in the Town of Paxton, Worcester County, Massachusetts (Assessor's Parcel 17-22C).

iii.   Parcel Three. Approximately 72.12 acres of land acquired by quitclaim deed dated April 14, 2022, recorded at the Worcester District Registry of Deeds in Book 68580, Page 352, and described as land situated off Grove Street at the intersection of Grove Street and Streeter Road in the Town of Paxton,

---

[4] As set forth in the Sale Motion, the parcel labels used herein are descriptive labels for purposes of the Sale Motion and do not correspond one-for-one to the parcel labels on the 1979 Recorded Plan, which identifies only "Parcel One" and "Parcel Two." "Parcel One" herein refers to the original mortgaged property shown as Parcel Two on the 1979 Recorded Plan; "Parcel Two" herein refers to the 2002-acquired Parcel B; and "Parcel Three" herein refers to the 2022-gifted property identified as Assessor's Parcel 17-22A, corresponding to the remainder of Parcel One on the 1979 Recorded Plan after the stated exceptions.

8

Worcester County, Massachusetts, excepting therefrom (i) a parcel conveyed to David E. Roy and Elaina M. Roy by deed dated May 16, 1997, recorded in Book 18897, Page 58, and (ii) Parcel Two described above (Assessor's Parcel 17-22A).[5]

b.  <u>Buildings and Improvements.</u> All buildings, structures, and improvements now located on the real property described above, consisting of 17 buildings totaling approximately 300,622 square feet of gross building area, built between 1750 and 2012, in average to average/good overall condition.

c.  <u>Personal Property.</u> All furniture, fixtures, equipment, machinery, tools, furnishings, inventory, supplies, and other tangible personal property located on or used in connection with the Campus, including, without limitation, furniture and equipment with a gross cost basis of approximately $13,049,731, motor vehicles with a gross cost basis of approximately $542,559, and library books, periodicals, and audio-visual materials with a gross cost basis of approximately $2,020,877. This category includes religious artifacts and artwork obtained by the College, generally from donors, over the eighty years of pursuing its educational mission.

d.  <u>Intangible Property.</u> All intellectual property, goodwill, permits, licenses (other than those related to the Nursing Program), accounts receivable, contracts, leases, and all other intangible assets used in connection with the operation of the College or the Campus. The College's various specialty accredited programs fall roughly in this category.

---

[5] In 2023, the Debtor identified approximately 2.4161 acres at the intersection of Grove Street and Streeter Road, Paxton, Massachusetts ("<u>Lot 2</u>"), as an area for potential separate sale and development. This property, however, remains titled in the Debtor's name and the Debtor intends to market the area marked as Lot 2 for sale along with the Main Campus and adjacent land.

9

**EXHIBIT 3**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758 |

**NOTICE TO COUNTERPARTIES TO**
**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**
**OF THE DEBTOR THAT MAY BE ASSUMED AND ASSIGNED**

**PLEASE TAKE NOTICE** that on June 26, 2026, The Sisters of St. Ann d/b/a Anna Maria College, as debtor and debtor in possession in the above-captioned chapter 11 case (the "College" or the "Debtor") filed the *Motion for Entry of (I) An Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets in One or More Transactions, (B) Scheduling an Auction and Hearing to Approve the Sale(s) and the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (E) Granting Related Relief; and (II) An Order (A) Approving the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. No. ___] (the "Sale Motion"). The Debtor seeks, among other things, to sell, in one or more transactions, substantially all of its assets, other than the assets excluded from the Sale under the Sale Motion and the Sale Procedures Order (the "Sale Assets") free and clear of all liens, claims, encumbrances and other interests, and to assume and assign certain leases and executory contracts in connection therewith, pursuant to sections 105, 363, and 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that on _____, 2026, the Honorable _____, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") entered an Order [Dkt. No. ___] approving, among other things, the Sale Procedures set forth therein (the "Sale Procedures Order").[2] The Sale Procedures Order sets the key dates and times related to the Sale of the Sale Assets.

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

2

**PLEASE TAKE FURTHER NOTICE** that the Sale Motion also seeks Bankruptcy Court approval of the sale(s) (the "Sale(s)") of the Sale Assets to the Successful Bidder(s), free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363 of the Bankruptcy Code, with such liens, claims, encumbrances, and other interests to attach to the proceeds of the Sale(s) with the same order of priority, and with the same validity, force, and effect as they had prior to such Sale(s), subject to the rights, claims, and defenses of the Debtor and its estate. As part of the Sale(s), the Debtor will assume and assign to the Successful Bidder(s) certain executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code (the "Assumed and Assigned Contracts"), which may include your executory contract and/or unexpired lease with the Debtor.

If only one Qualified Bid for the Sale Assets or any subset of the Sale Assets is received by the Bid Deadline, the Debtor shall not conduct an Auction as to the uncontested Sale Assets or subset thereof, and the party that submitted such Qualified Bid shall be deemed the Successful Bidder for purposes of this Notice; provided, however, that if there is only one bid received for all of the Sale Assets but Bids are received for subsets of the Sale Assets, an Auction will be held to determine whether the total of all Bids for subsets of the Sale Assets exceeds that Qualified Bidder's bid for the entirety of the Sale Assets. If an Auction is required under the Sale Procedures, the Auction will take place on _____, 2026, at __:00 __.m. (prevailing Eastern Time), or at such other date and time as shall be timely communicated to all entities entitled to attend the Auction, at the United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076. The Auction will be conducted in person before the Bankruptcy Court. The Debtor shall file and serve, within twenty-four (24) hours after the designation of the Successful Bidder(s) (whether at the Auction or otherwise in accordance with the Sale Procedures), a notice identifying the Successful Bidder(s) and the Back-Up Bidder(s), if any, summarizing the material terms of the Successful Bid(s) and any Back-Up Bid(s), identifying the executory contracts and unexpired leases proposed to be assumed and assigned to the Successful Bidder(s) or Back-Up Bidder(s), as applicable, and providing or making available the adequate assurance information delivered by the Successful Bidder(s) and any Back-Up Bidder(s). In addition, the Debtor shall serve such notice on all counterparties to Assumed and Assigned Contracts by overnight mail and also by email if the Debtor has actual knowledge of, or has received notice of, the applicable email address. If you wish to receive such notice by email, please provide your email address to counsel to the Debtor by email to lynne.xerras@hklaw.com.

**PLEASE TAKE FURTHER NOTICE** that an evidentiary hearing (the "Sale Hearing") to approve the Sale(s) and authorize the assumption and assignment of the Assumed and Assigned Contracts will be held before the United States Bankruptcy Court for the District of Massachusetts, located 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, on _____, 2026, at __:00 __.m. (prevailing Eastern Time). The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and filing of a notice of the same on the Bankruptcy Court's docket.

**PLEASE TAKE FURTHER NOTICE** that, consistent with the Sale Procedures Order, the Debtor may seek to assume an executory contract or unexpired lease to which you may be a party. The Assumed and Assigned Contracts are described on Exhibit A attached to this Notice.

3

The amount shown on Exhibit A hereto as the "Cure Amount" is the amount, if any, which the Debtor asserts is owed to cure any defaults existing under the Assumed and Assigned Contracts.

PLEASE TAKE FURTHER NOTICE that if you (i) object to the proposed assumption and assignment of the Assumed and Assigned Contracts on Exhibit A to which you are a party on any basis not dependent on the identity, financial wherewithal, or operational capabilities of the ultimate assignee, or (ii) disagree with the Cure Amount shown for the Assumed and Assigned Contracts on Exhibit A to which you are a party, you must file a written objection (the "Assumption/Cure Objection") with the Clerk of the Bankruptcy Court, 595 Main Street, Worcester, Massachusetts 01608-2076 and serve such Assumption/Cure Objection on the Objection Notice Parties (defined below) so as to be actually received on or before _____, **2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Assumption/Cure Objection Deadline"). Any Assumption/Cure Objection must set forth (a) the specific basis for the objection, (b) if disputing the Cure Amount, the amount that you contend is owed, together with appropriate documentation in support thereof, and (c) if objecting to the proposed assumption and assignment, the specific facts upon which you rely. The "Objection Notice Parties" and their addresses are as follows: (a) Debtor's counsel, Holland & Knight LLP, Attn: John J. Monaghan, Esq., Lynne B. Xerras, Esq., Kathleen St. John, Esq., 10 Saint James Avenue, 11th Floor, Boston, Massachusetts 02116, c/o lynne.xerras@hklaw.com; (b) counsel to the DIP Lender and the Prepetition Secured Creditor, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Douglas R. Gooding and Jonathan D. Marshall, c/o dgooding@choate.com; (c) the Office of the United States Trustee for the District of Massachusetts, Attn: William K. Harrington, 5 Post Office Square, Suite 1000, Boston, Massachusetts 02116; and (d) counsel to any statutory committee appointed in this chapter 11 case. If a contract or lease is assumed and assigned pursuant to a Court order approving same, then unless you properly file and serve an objection to the Cure Amount contained in this Notice by the Assumption/Cure Objection Deadline, you will receive within ten (10) days following the closing of the Sale(s) with the Successful Bidder(s), in accordance with the applicable asset purchase agreement, the Cure Amount set forth herein, if any. Any counterparty to an Assumed and Assigned Contract that fails to timely file and serve an objection to the Cure Amounts may be forever barred from asserting that a Cure Amount is owed in an amount in excess of the amount, if any, set forth in the attached Exhibit A.

PLEASE TAKE FURTHER NOTICE that any counterparty to an Assumed and Assigned Contract who receives a Cure Notice and wishes to receive evidence of any Qualified Bidder's ability to provide adequate assurance of future performance under section 365 of the Bankruptcy Code may make such a request in writing (an "Adequate Assurance Notice Request") to counsel to the Debtor, Holland & Knight LLP, Attn: John J. Monaghan, Esq. and Lynne B. Xerras, Esq., Kathleen St. John, Esq., 10 Saint James Avenue, 11th Floor, Boston, Massachusetts 02116, or by emailing lynne.xerras@hklaw.com, by _____, **2026 at 4:00 p.m. (prevailing Eastern Time)**. Within twenty-four (24) hours following the Debtor's determination that a Potential Bid constitutes a Qualified Bid, the Debtor shall send, by email, the evidence submitted by the applicable Qualified Bidder in its Qualified Bid of its ability to provide adequate assurance of future performance to any counterparty that has submitted a timely Adequate Assurance Notice Request.

PLEASE TAKE FURTHER NOTICE that within twenty-four (24) hours after the designation of the Successful Bidder(s), whether at the Auction or otherwise in accordance with

4

the Sale Procedures, the Debtor shall file with the Court and serve upon all counterparties to Assumed and Assigned Contracts, the Objection Notice Parties, and all other parties in interest a notice (the "Notice of Successful Bidder(s)") identifying the Successful Bidder(s) and the Back-Up Bidder(s), if any, summarizing the material terms of the Successful Bid(s) and any Back-Up Bid(s), identifying the contracts and leases designated for assumption and assignment, and providing or making available the adequate assurance information delivered by the Successful Bidder(s) and any Back-Up Bidder(s). If any Successful Bidder or Back-Up Bidder is a special purpose entity, the Notice of Successful Bidder(s) shall also identify the entity or entities that are the primary equity holders of, or otherwise control, such special purpose entity. After a Successful Bidder is designated, any counterparty to an Assumed and Assigned Contract may object to the Successful Bidder's or Back-Up Bidder's ability to provide adequate assurance of future performance by filing and serving a written objection (an "Adequate Assurance Objection") so as to be actually received by the Objection Notice Parties no later than _____, 2026 (five (5) business days after service of the Notice of Successful Bidder(s), or at the Sale Hearing, if earlier) (the "Adequate Assurance Objection Deadline"); provided that, if the Sale Hearing occurs before such deadline, the counterparty may raise such Adequate Assurance Objection at the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that the Cure Amount relating to any Assumed and Assigned Contract shall be paid within ten (10) days following the closing of the Sale(s) with the applicable Successful Bidder(s), in accordance with the applicable asset purchase agreement. Any disputed Cure Amount or payment required in connection with providing adequate assurance of future performance that may be imposed under sections 365(b) or (f) of the Bankruptcy Code shall be resolved by the Bankruptcy Court at the Sale Hearing or such later date as may be agreed to by the parties or ordered by the Bankruptcy Court and, if required, shall be paid as soon as reasonably practicable following entry of a final order determining such amount.

PLEASE TAKE FURTHER NOTICE that, in the event that the Debtor and a counterparty to an Assumed and Assigned Contract cannot resolve an Assumption/Cure Objection or an Adequate Assurance Objection, and the Bankruptcy Court does not otherwise make a determination at the Sale Hearing regarding such objection, such Assumed and Assigned Contract will not be assumed and assigned until after the Bankruptcy Court has made its determination with respect to such objection.

PLEASE TAKE FURTHER NOTICE that, except to the extent otherwise provided in the applicable asset purchase agreement with the applicable Successful Bidder, pursuant to section 365(k) of the Bankruptcy Code, the Debtor and its estate shall be relieved of all liability accruing or arising after the effective date of assumption and assignment of the applicable Assumed and Assigned Contracts.

PLEASE TAKE FURTHER NOTICE that nothing contained herein shall obligate the Debtor or the Successful Bidder(s) to assume any Assumed and Assigned Contracts or to pay any Cure Amount.

PLEASE TAKE FURTHER NOTICE that any party that has not received a copy of the Sale Motion or the Sale Procedures Order and that wishes to obtain a copy of the Sale Motion or the Sale Procedures Order, including all exhibits thereto, may obtain such documents free of charge by emailing bos-bankruptcy@hklaw.com.

#538440146_v2

**PLEASE TAKE FURTHER NOTICE THAT IF YOU DO NOT TIMELY FILE AND SERVE ANY ASSUMPTION/CURE OBJECTION OR ADEQUATE ASSURANCE OBJECTION AS SET FORTH ABOVE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITH NO FURTHER NOTICE.**

ANY COUNTERPARTY TO ANY ASSUMED AND ASSIGNED CONTRACT WHO DOES NOT FILE AND SERVE, BY THE ASSUMPTION/CURE OBJECTION DEADLINE, A TIMELY ASSUMPTION/CURE OBJECTION TO THE CURE AMOUNT FOR SUCH ASSUMED AND ASSIGNED CONTRACT AND/OR TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF SUCH ASSUMED AND ASSIGNED CONTRACT ON ANY BASIS NOT DEPENDENT ON THE IDENTITY, FINANCIAL WHEREWITHAL, OR OPERATIONAL CAPABILITIES OF THE ULTIMATE ASSIGNEE SHALL BE DEEMED TO HAVE CONSENTED TO SUCH CURE AMOUNT AND TO SUCH NON-BIDDER SPECIFIC ASSUMPTION AND ASSIGNMENT ISSUES AND SHALL BE BARRED FROM LATER DISPUTING SUCH CURE AMOUNT OR RAISING ANY SUCH NON-BIDDER SPECIFIC OBJECTION; PROVIDED, HOWEVER, THAT SUCH COUNTERPARTY SHALL NOT BE BARRED FROM TIMELY RAISING AN ADEQUATE ASSURANCE OBJECTION, SOLELY ON ADEQUATE ASSURANCE GROUNDS, BY THE ADEQUATE ASSURANCE OBJECTION DEADLINE. ANY COUNTERPARTY WHO DOES NOT FILE AND SERVE A TIMELY ADEQUATE ASSURANCE OBJECTION BY THE ADEQUATE ASSURANCE OBJECTION DEADLINE SHALL BE DEEMED TO HAVE CONSENTED TO THE SUCCESSFUL BIDDER'S OR BACK-UP BIDDER'S PROVISION OF ADEQUATE ASSURANCE OF FUTURE PERFORMANCE.

Dated: June __, 2026                    Respectfully submitted,


                                        /s/ *Draft*_____
                                        John J. Monaghan (MA Bar #546454)
                                        Lynne B. Xerras (MA Bar #632441)
                                        Kathleen St. John (MA Bar #681565)
                                        **HOLLAND & KNIGHT LLP**
                                        10 St. James Avenue
                                        Boston, MA  02116
                                        Telephone: (617) 523-2700
                                        Facsimile: (617) 523-6850
                                        E-mail: john.monaghan@hklaw.com
                                                lynne.xerras@hklaw.com
                                                kathleen.stjohn@hklaw.com


                                        *Proposed Counsel to the Debtor*

6

**EXHIBIT 4**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758 |

**NOTICE OF *DE MINIMIS* ASSET SALE**

　　**PLEASE TAKE NOTICE** that on June 26, 2026, The Sisters of St. Ann d/b/a Anna Maria College, as debtor and debtor in possession in the above-captioned chapter 11 case (the "College" or the "Debtor") filed the *Motion for Entry of (I) An Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets in One or More Transactions, (B) Scheduling an Auction and Hearing to Approve the Sale(s) and the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (E) Granting Related Relief; and (II) An Order (A) Approving the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. No. ___] (the "Sale Motion"). The Debtor seeks, among other things, authority to sell, transfer, or otherwise dispose of any Sale Asset with a fair market value of less than $10,000 per transaction (each, a "De Minimis Sale") to a purchaser (each, a "De Minimis Asset Purchaser") without further order or approval of the Bankruptcy Court, free and clear of all liens, claims, encumbrances, and other interests pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code.

　　**PLEASE TAKE FURTHER NOTICE** that on _____, 2026, the Honorable _____, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") entered an Order [Dkt. No. __] approving, among other things, the proposed procedures for De Minimis Sales (the "Sale Procedures Order").[2]

　　**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Sale Procedures Order, the Debtor proposes to sell certain Sale Assets of de minimis value to the estate as set forth and described on Exhibit A attached hereto (the "De Minimis Assets"). Exhibit A identifies, for each

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

De Minimis Asset, (i) a description of the De Minimis Asset(s) proposed to be sold and their location, (ii) the identity of the proposed purchaser, (iii) the proposed purchase price, (iv) the identity of any party asserting a lien, claim, interest, or encumbrance on the De Minimis Asset, and that any such lien, claim, interest, or encumbrance will attach to the proceeds of the De Minimis Sale, and (v) other relevant information. The Debtor shall not structure or divide transactions to avoid the $10,000 threshold, and the aggregate value of all De Minimis Sales consummated without further Court approval shall be subject to reporting in the Debtor's periodic reports filed with the Office of the United States Trustee or the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Procedures Order, the Debtor has provided this notice to (i) the DIP Lender, (ii) Citizens Funding Corp. and Citizens Bank, National Association (the "Prepetition Secured Creditor"), (iii) counsel to any statutory committee appointed in this chapter 11 case, if any, and (iv) the U.S. Trustee (collectively, the "De Minimis Notice Parties"). Any De Minimis Notice Party may object to the proposed De Minimis Sale within seven (7) business days of service of this notice. Objections must: (i) be in writing; (ii) be served upon the Debtor within seven (7) business days of service of this notice (the "Objection Deadline"); and (iii) be submitted by electronic mail to counsel for the Debtor, Holland & Knight LLP, John J. Monaghan, Lynne B. Xerras, and Kathleen St. John, c/o Lynne.Xerras@hklaw.com. If any De Minimis Notice Party serves such a written objection by the Objection Deadline, the Debtor shall not consummate such De Minimis Sale unless and until the Bankruptcy Court enters an order approving such sale after notice and a hearing.

PLEASE TAKE FURTHER NOTICE THAT ANY DE MINIMIS NOTICE PARTY WHO FAILS TO TIMELY SERVE A WRITTEN OBJECTION TO THE SALE(S) ON OR BEFORE THE OBJECTION DEADLINE MAY BE FOREVER BARRED FROM ASSERTING ANY OBJECTION TO SUCH DE MINIMIS SALE(S).

Dated: _____, 2026                    Respectfully submitted,


                                        /s/ *Draft*_____
                                        John J. Monaghan (MA Bar #546454)
                                        Lynne B. Xerras (MA Bar #632441)
                                        Kathleen St. John (MA Bar #681565)
                                        **HOLLAND & KNIGHT LLP**
                                        10 St. James Avenue
                                        Boston, MA  02116
                                        Telephone: (617) 523-2700
                                        Facsimile: (617) 523-6850
                                        E-mail: john.monaghan@hklaw.com
                                                lynne.xerras@hklaw.com
                                                kathleen.stjohn@hklaw.com

                                        *Proposed Counsel to the Debtor*

# EXHIBIT A

[Description of De Minimis Asset(s) to Be Sold]

#539880521_v1