## EXHIBIT B

**Proposed Sale Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758 |

**ORDER (A) AUTHORIZING AND APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS, IN ONE OR MORE TRANSACTIONS, FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, (B) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (C) GRANTING <u>RELATED RELIEF</u>**

Upon consideration of the *Motion for Entry of (I) An Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets in One or More Transactions, (B) Scheduling an Auction and Hearing to Approve the Sale(s) and the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (E) Granting Related Relief; and (II) An Order (A) Approving the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. No. __] (the "<u>Sale Motion</u>")[2]

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion.

filed by the above-captioned debtor and debtor in possession (the "Debtor") on June 26, 2026, pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 6006-1 of the Local Rules of the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), for entry of an order (this "Sale Order") (a) authorizing and approving the sale (each, a "Sale" and collectively, the "Sales") of substantially all of the Debtor's assets, other than the Excluded Assets (the "Sale Assets"), or a subset thereof, in one or more transactions, free and clear of all liens, claims, encumbrances, and other interests to [and [], as applicable] (each, a "Purchaser" and collectively, the "Purchasers") pursuant to [that certain Asset Purchase Agreement / those certain Asset Purchase Agreements] dated as of [_____], 2026 (together with all exhibits, schedules, and ancillary agreements thereto, and as the same may be amended or modified in accordance with its terms, each, an "Asset Purchase Agreement" or "APA," and collectively, the "Asset Purchase Agreements" or "APAs"), a copy of which is attached hereto as Exhibit A; (b) authorizing the assumption and assignment of certain executory contracts and unexpired leases (the "Assumed and Assigned Contracts") to the applicable Purchaser(s); and (c) granting related relief, all as more fully set forth in the Sale Motion; and this Court having previously entered the *Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, (B) Approving the Form and Manner of Notice of the Auction and Sale Hearing, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, and (E) Granting Related Relief* [Docket No. ___] (the "Sale Procedures Order"), pursuant to which the Court, among other things,

3

(i) established the date and time for the Auction and Sale Hearing; (ii) approved the proposed procedures regarding the Sale (the "Sale Procedures") appended to the Sale Procedures Order; (iii) approved the form of, and established procedures regarding the Notice of Auction and Sale Hearing (the "Sale Notice"); and (iv) approved the form of, and established procedures regarding the Cure Notice, and governing the assumption and assignment of the Assumed and Assigned Contracts, notice of the Sale, and procedures for determining and fixing cure costs to be paid in respect of the Assumed and Assigned Contracts; [and an Auction having been held on [_____], 2026 in accordance with the Sale Procedures Order and the Sale Procedures, at which the Purchaser(s) was/were designated the Successful Bidder(s) / no Auction having been held because only one Qualified Bid was received and the applicable Purchaser was deemed the Successful Bidder]; and a hearing on the Sale Motion having been held before this Court on [_____], 2026 (the "Sale Hearing"); and adequate and sufficient notice of the Sale Procedures, the Sale Motion, the Cure Notice, and all transactions contemplated thereunder and in this Sale Order having been given in the manner directed by the Court in the Sale Procedures Order and it appearing that no other or further notice hereof is required; and all parties in interest having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having reviewed and considered (i) the Sale Motion and all relief related thereto, (ii) any objections thereto (the "Objections"); and the Court having heard statements of counsel and the evidence presented in support of the relief requested by the Debtor in the Sale Motion at the Sale Hearing; and the United States Bankruptcy Court for the District of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; having determined

that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

**<u>Jurisdiction, Final Order and Statutory Predicates</u>**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the conclusions of law constitute findings of fact, they are adopted as such.

B.      This Court has jurisdiction over the Sale Motion and the Sale pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O). Venue of this chapter 11 case and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The statutory and legal predicates for the relief granted herein are sections 105(a), 363, and 365 of the Bankruptcy Code, Bankruptcy Rules 2002(a)(2), 6004, 6006, and 9014, and Local Rules 2002-1, 6004-1, and 6006-1.

D.      This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014, and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Sale Order and expressly directs entry of judgment as set forth herein.

## Notice of the Sale and Auction

E.       As evidenced by the affidavits or certificates of service filed with the Court, and based upon the representations of counsel at the Sale Hearing, actual written notice of the Sale Motion, the Sale, the Auction, the Sale Hearing, the Sale Procedures, and the assumption and assignment of the Assumed and Assigned Contracts and related cure amounts has been provided to: (a) the Objection Notice Parties, (b) any parties requesting notices in this case pursuant to Bankruptcy Rule 2002; (c) the Office of the Attorney General for the Commonwealth of Massachusetts; (d) the Massachusetts Department of Higher Education; (e) the United States Department of Education; (f) the New England Commission of Higher Education; (g) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Sale Assets, including those identified in the Motion; (h) all non-Debtor parties to any Assumed and Assigned Contracts; (i) the Internal Revenue Service and other relevant taxing jurisdictions; (j) the Debtor's insurers; (k) all known creditors of the Debtor; (l) all parties known to have expressed an interest in acquiring the Sale Assets; (m) all environmental authorities having jurisdiction over any of the Sale Assets; and (n) all other parties entitled to notice under the Bankruptcy Rules and the Local Rules (collectively with the parties specified in this paragraph, the "Sale Notice Parties").

F.       The notice procedures set forth in the Sale Procedures Order, and the Debtor's compliance therewith, were reasonably calculated to provide all interested parties with timely and proper notice of the Sale Motion, the Sale, the Auction, the Sale Hearing, and related procedures.

G.       Proper, timely, adequate, and sufficient notice of the Sale Motion, the Sale, the Auction, the Sale Hearing, the Sale Procedures, the assumption and assignment of the Assumed and Assigned Contracts, and the related cure amounts has been given to all parties in interest in

6

accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Sale Procedures Order, and no other or further notice is necessary or required.

H.      The Sale Procedures were reasonable, fair, and established in good faith, and were designed to and did maximize the value of the Sale Assets. The Sale Procedures afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to acquire the Sale Assets or any subset thereof.

I.      A reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested therein has been afforded to all interested parties.

### Good Faith of Purchaser(s)

J.      The Asset Purchase Agreement was negotiated, proposed, and entered into by the Debtor and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor any Purchaser has engaged in any conduct that would cause or permit any Asset Purchase Agreement, the Sale, or the transactions contemplated thereby to be avoided under section 363(n) of the Bankruptcy Code. The Purchaser is not an "insider" of the Debtor as that term is defined in section 101(31) of the Bankruptcy Code.

K.      Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the Asset Purchase Agreement or the consummation of the applicable Sale to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The consideration to be paid by the applicable Purchaser under the applicable Asset Purchase Agreement has not been controlled by any agreement among bidders.

L.      Each Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections afforded thereby. Each Purchaser has proceeded in good faith in all respects in connection with the Sale, and the Purchaser

7

has acted in good faith within the meaning of section 363(m) of the Bankruptcy Code in negotiating, entering into, and seeking approval of the Asset Purchase Agreement and in closing the Sale.

**Highest and Best Offer**

M.      The Debtor conducted the Sale process in accordance with, and has otherwise complied in all respects with, the Sale Procedures Order. The Sale process set forth in the Sale Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Sale Assets. The Sale Procedures and, if conducted, the Auction were duly noticed and conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity was given to any interested party to make a higher and better offer for the Sale Assets.

N.      Each Successful Bid, as reflected in the applicable Asset Purchase Agreement: (i) was submitted by a Qualified Bidder and the applicable Purchaser was properly designated as a Successful Bidder in accordance with the Sale Procedures and Sale Procedures Order; (ii) was made in good faith and complied in all respects with the Sale Procedures and the Sale Procedures Order; (iii) is the highest or otherwise best offer received by the Debtor for the Sale Assets or applicable subset of the Sale Assets; (iv) provides fair, adequate, and sufficient consideration to the Debtor, constituting reasonably equivalent value for the Sale Assets; (v) is fair and reasonable; and (vi) is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest.

O.      The Debtor's determination that the applicable Sale to the applicable Purchaser, pursuant to the applicable Asset Purchase Agreement, provides the highest or otherwise best offer for the Sale Assets or applicable subset of the Sale Assets, and its related decision to sell the Sale Assets or applicable subset of the Sale Assets to the Purchaser, each constitutes a reasonable

8

exercise of the Debtor's business judgment and is in the best interests of the Debtor, its estate, and its creditors. The facts and circumstances stated in the Sale Motion and the additional evidence adduced in connection with the Sale Hearing demonstrate the exigent nature of the Debtor's business situation, and the Debtor has articulated sound business reasons for consummating the transactions contemplated by the Asset Purchase Agreement(s) and for selling the Sale Assets or applicable subset of the Sale Assets outside of a chapter 11 plan. It is a reasonable exercise of the Debtor's business judgment to execute, deliver, and consummate the transactions contemplated by the Asset Purchase Agreement, subject to this Sale Order.

### No Fraudulent Transfer

P.      The consideration provided by the applicable Purchaser pursuant to the applicable Asset Purchase Agreement (i) is fair and reasonable, (ii) is the highest or best offer for the Sale Assets or applicable subset of the Sale Assets, and (iii) constitutes reasonably equivalent value (as those terms are defined in each of the Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act and section 548 of the Bankruptcy Code) and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession or the District of Columbia. No other bid, or combination of bids, provided higher or otherwise better value to the Debtor's estate than the Successful Bid(s) approved by this Sale Order. Approval of the Sale Motion and the Asset Purchase Agreement(s) and the consummation of the transactions contemplated thereby is in the best interests of the Debtor, its estate, creditors and other parties in interest.

Q.      No Purchaser is a mere continuation of the Debtor or its estate, and there is no continuity of enterprise between any Purchaser and the Debtor. No Purchaser is holding itself out to the public as a continuation of the Debtor. No Purchaser is a successor to the Debtor or its estate,

and the Sale does not amount to a consolidation, merger, or de facto merger of the Purchaser and the Debtor.

**Validity of Transfer**

R. The Debtor (i) has full corporate power and authority to execute and deliver the applicable Asset Purchase Agreement(s) and all other documents contemplated thereby, (ii) has all corporate authority necessary to consummate the transactions contemplated by the applicable Asset Purchase Agreement(s), and (iii) has taken all corporate action necessary to authorize and approve the Asset Purchase Agreement(s) and the consummation of the transactions contemplated thereby. The Debtor's sale or assignment of the Sale Assets has been duly and validly authorized by all necessary corporate action. No consents or approvals, other than those expressly provided for in the applicable Asset Purchase Agreement, are required for the Debtor to consummate the Sale and the transactions contemplated by the applicable Asset Purchase Agreement.

S. The Asset Purchase Agreement was not entered into for the purpose of hindering, delaying or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession or the District of Columbia. Neither the Debtor nor any Purchaser is entering into the transactions contemplated by the Asset Purchase Agreement fraudulently for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims.

T. The Debtor is the sole and lawful owner of, and holds clear and marketable title to, the Sale Assets, except to the extent expressly addressed herein with respect to Lot 2 and the Roy Litigation. The transfer of the Sale Assets or applicable subset of the Sale Assets to the applicable Purchaser will be a legal, valid, and effective transfer of the Sale Assets and will vest the applicable Purchaser with all right, title, and interest of the Debtor in and to the Sale Assets or applicable

10

subset of the Sale Assets, free and clear of all Interests (as defined herein) except as otherwise expressly provided in the applicable Asset Purchase Agreement.

## **Section 363(f) Is Satisfied**

U.      The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full. The Debtor may sell the Sale Assets free and clear of all liens, claims, encumbrances, and other interests of any kind or nature whatsoever (collectively, "Interests"), other than the Assumed Liabilities and the Permitted Encumbrances as defined in the applicable Asset Purchase Agreement.

V.      No Purchaser would have entered into the applicable Asset Purchase Agreement, nor would any Purchaser consummate the applicable Sale, if the applicable Sale to such Purchaser were not free and clear of all Interests pursuant to section 363(f) of the Bankruptcy Code, or if such Purchaser would, or in the future could, be liable for any such Interests, other than the Assumed Liabilities and the Permitted Encumbrances as defined in the Asset Purchase Agreement.

W.      The Debtor may sell the Sale Assets free and clear of all Interests because, in each case, one or more of the standards set forth in section 363(f)(1) through (5) of the Bankruptcy Code has been satisfied. Holders of Interests who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. All other holders of Interests are adequately protected by having their Interests, if any, attach to the net cash proceeds of the applicable Sale, in the same order of priority, with the same validity, force, and effect that they had against the Sale Assets immediately prior to the closing of the Sale, subject to any rights, claims, and defenses the Debtor or its estate, as applicable, may possess with respect thereto.

**Lot 2 and the State Court Injunction**

X.      The approximately 2.4-acre area associated with Parcel 17-22-A of the Town of Paxton Assessor's Maps ("Lot 2") is property of the Debtor's estate within the meaning of section 541 of the Bankruptcy Code. The injunction entered by the Worcester Superior Court on July 24, 2025, in the action captioned *Roy, et al. v. The Sisters of Saint Ann d/b/a Anna Maria College*, Docket No. 2585CV00823 (the "State Court Injunction," and such action, the "Roy Litigation"), is stayed pursuant to section 362(a) of the Bankruptcy Code. The Roys' asserted interest in Lot 2 is in bona fide dispute for purposes of section 363(f)(4) of the Bankruptcy Code, including because the Debtor has asserted an objective basis to avoid the State Court Injunction and any related asserted interest under section 544(a)(3) of the Bankruptcy Code. Accordingly, the sale of Lot 2 free and clear of any interest asserted by the Roys in the Roy Litigation (including, without limitation, any claim of specific performance, promissory estoppel, or equitable title) is authorized under section 363(f)(4) of the Bankruptcy Code. This finding is made solely for purposes of authorizing the sale free and clear under section 363(f)(4) and does not constitute a final determination of the validity, priority, extent, enforceability, or avoidability of the asserted injunction or any related interest. Any such interest of the Roys, if any, shall attach to the net cash proceeds of the applicable Sale in the same order of priority, and with the same validity, force, and effect that such interest had against Lot 2 immediately prior to the closing of the Sale, subject to the rights, claims, and defenses of the Debtor and its estate.

**Excluded Assets**

Y.      The Excluded Assets, (a) the Nursing Program Assets, (b) cash existing as of the Petition Date that constitutes gifts, grants, bequests, donations or contributions that were designated or restricted at the time they were made by the donor or maker as being for certain

specified purposes, and (c) any litigation rights, including avoidance actions, are excluded from the Sale Assets being sold pursuant to this Sale Order. Nothing in this Sale Order authorizes the sale, transfer, assumption, assignment or other disposition of any Excluded Asset, and the Debtor's rights with respect to the Nursing Program Assets and all other Excluded Assets are fully preserved, including the right to pursue a separate sale process by separate motion and order of this Court.

### Cure and Adequate Assurance

Z. The assumption and assignment of the Assumed and Assigned Contracts, and only those executory contracts and unexpired leases designated for assumption and assignment in accordance with the applicable Asset Purchase Agreement, the Cure Notice, and this Sale Order, is integral to the applicable Asset Purchase Agreement, is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest, and represents a reasonable exercise of the Debtor's sound business judgment.

AA. The Debtor has (i) cured, or provided adequate assurance of cure of, any default existing prior to the date hereof under any of the Assumed and Assigned Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code, and (ii) provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof under any of the Assumed and Assigned Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code. The applicable Purchaser's promise to perform the obligations under the Assumed and Assigned Contracts following the closing of the applicable Sale constitutes adequate assurance of future performance within the meaning of sections 365(b)(1)(C) and 365(f)(2)(B) of the Bankruptcy Code.

BB. Except as otherwise set forth herein, any objections to the assumption and assignment of any of the Assumed and Assigned Contracts to the applicable Purchaser are hereby overruled. Any objections to the Cure Amounts are resolved or adjourned as set forth herein. To the extent that any counterparty failed to timely object to its Cure Amount by the Assumption/Cure Objection Deadline, such counterparty is deemed to have consented to such Cure Amount and the assumption and assignment of its respective Assumed and Assigned Contract; provided that such counterparty's right to file an Adequate Assurance Objection by the Adequate Assurance Objection Deadline is preserved and not affected thereby. Any counterparty that failed to timely file and serve an Adequate Assurance Objection by the Adequate Assurance Objection Deadline is deemed to have consented to the applicable Successful Bidder's or Back-Up Bidder's provision of adequate assurance of future performance with respect to such counterparty's Assumed and Assigned Contract.

### Compelling Circumstances for an Immediate Sale

CC. Good and sufficient reasons for approval of the Asset Purchase Agreement(s) and the Sale(s) have been articulated. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest. The Debtor has demonstrated both (i) good, sufficient and sound business purposes and justifications and (ii) compelling circumstances for the Sale(s) other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code before, and outside of, a chapter 11 plan, in that, among other things, the immediate consummation of the applicable Sale(s) to the applicable Purchaser(s) is necessary and appropriate to maximize the value of the Debtor's estate.

DD. To maximize the value of the Sale Assets, it is essential that the Sale(s) of the Sale Assets or applicable subset of the Sale Assets occur within the time constraints set forth in the

14

applicable Asset Purchase Agreement(s). Time is of the essence in consummating the Sale(s) of the Sale Assets or applicable subset of the Sale Assets.

EE.     Given all of the circumstances of this chapter 11 case and the adequacy and fair value of the Purchase Price(s) under the applicable Asset Purchase Agreement(s), the proposed Sale(s) of the Sale Assets or applicable subset of the Sale Assets to the applicable Purchaser(s) constitutes a reasonable and sound exercise of the Debtor's business judgment and should be approved.

FF.     The consummation of the Sale(s) and the assumption and assignment of the Assumed and Assigned Contracts is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f), 363(m), and 365, and all of the applicable requirements of such sections have been complied with in respect of the transaction(s).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

**A.     General Provisions**

1.     The relief requested in the Sale Motion is **GRANTED** and approved as set forth herein, and the Sale(s) contemplated thereby is/are approved as more fully set forth herein.

2.     All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby denied and overruled with prejudice.

**B.     Approval of the Asset Purchase Agreement(s)**

3.     The Asset Purchase Agreement(s), copies of which are attached hereto as Exhibit A and all of the terms and conditions thereof, together with all ancillary agreements, documents,

15

instruments, and certificates referred to therein or contemplated thereby (collectively, the "Sale Documents"), are hereby APPROVED in all respects.

4. The Debtor is authorized and directed to (a) consummate the applicable Sale in accordance with the terms and conditions of the applicable Asset Purchase Agreement and the Sale Documents, (b) execute and deliver, perform under, consummate, and implement the applicable Asset Purchase Agreement and the Sale Documents, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement the applicable Asset Purchase Agreement, and (c) take all further actions as may be reasonably requested by the applicable Purchaser for the purpose of assigning, transferring, granting, conveying, and conferring to such Purchaser, or reducing to possession, the Sale Assets or applicable subset of the Sale Assets, or as may be necessary or appropriate to the performance of the obligations contemplated by the applicable Asset Purchase Agreement. The automatic stay imposed by section 362 of the Bankruptcy Code is modified to the extent necessary to implement the preceding sentence and the other provisions of this Sale Order.

5. This Sale Order, the Asset Purchase Agreement(s), and the transactions contemplated thereby shall be binding in all respects upon the Debtor, its estate, all creditors of (whether known or unknown) and holders of equity interests in the Debtor, any holders of Interests against the Debtor or the Sale Assets, any holders of claims against or interests in the Debtor or the Sale Assets, all counterparties to the Assumed and Assigned Contracts, the Purchaser(s), and all successors and assigns of the Purchaser(s) and the Debtor, including any trustee or examiner appointed in this chapter 11 case or in any subsequent case under the Bankruptcy Code.

C. **Transfer of Sale Assets**

16

6.       Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Sale Assets or applicable subset of the Sale Assets to the applicable Purchaser on the closing date (the "Closing Date") in accordance with the terms of the applicable Asset Purchase Agreement, and such transfer shall constitute a legal, valid, binding, and effective transfer of the Sale Assets or applicable subset of the Sale Assets and shall vest the applicable Purchaser with all right, title, and interest of the Debtor in and to the Sale Assets or applicable subset of the Sale Assets free and clear of all Interests, other than the Assumed Liabilities and Permitted Encumbrances. For the avoidance of doubt, no Excluded Asset, including any Nursing Program Asset, is sold, transferred, assumed, assigned, or otherwise affected by this Sale Order. All Interests shall attach to the net cash proceeds of the applicable Sale in the same order of priority, and with the same validity, force, and effect that they had against the Sale Assets immediately prior to the closing of the Sale, subject to the rights, claims, and defenses of the Debtor and its estate.

7.       On the Closing Date, each of the Debtor's creditors and any other person or entity in possession of all or any portion of the Sale Assets is directed to surrender possession of the Sale Assets or applicable subset of the Sale Assets to the applicable Purchaser or such Purchaser's designated agent.

8.       This Sale Order (a) shall be effective as a determination that, on the Closing Date, all Interests of any kind or nature whatsoever existing as to the Sale Assets prior to the closing have been and hereby are adjudged and declared to be unconditionally released, discharged, and terminated, and that such Interests have been transferred to the proceeds of the applicable Sale; (b) shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of

deeds, registrars of deeds, registrars of patents, trademarks, or other intellectual property, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the Sale Assets; and (c) shall constitute, and is hereby deemed to be, a full and complete general assignment, conveyance, and transfer of the Sale Assets or applicable subset of the Sale Assets from the Debtor to the applicable Purchaser and a bill of sale or assignment, as applicable, transferring good and marketable title in the Sale Assets or applicable subset of the Sale Assets to the applicable Purchaser.

9. Each and every federal, state, and local governmental agency, department, or unit, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the applicable Asset Purchase Agreement.

10. A certified copy of this Sale Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Interests of record. This Sale Order is and shall be effective as a determination that, upon the closing of the applicable Sale, all Interests existing as to the Sale Assets or applicable subset of the Sale Assets prior to the closing have been unconditionally released, discharged, and terminated, and that such Interests have been transferred to the proceeds of the applicable Sale.

11. If any person or entity that has filed financing statements, mortgages, mechanic's liens, lis pendens, or other documents or agreements evidencing Interests against or in the Sale Assets shall not have delivered to the Debtor prior to the closing of the applicable Sale, in proper

18

form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all Interests, or any other documents necessary for the purpose of releasing or documenting the release of all Interests that the person or entity has or may assert with respect to the Sale Assets, the Debtor, the applicable Purchaser, and their respective authorized officers, directors, or agents, are hereby authorized to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Sale Assets.

12.     This Sale Order shall be binding upon, and shall govern the acts of, all entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages and deeds, registrars of deeds, registrars of patents and other intellectual property, administrative agencies, governmental departments, secretaries of state, and federal, state, and local officials, and all such entities are hereby authorized and directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the applicable Asset Purchase Agreement and this Sale Order.

**D.     Lot 2 and the Roy Litigation**

13.     Lot 2 is hereby sold, transferred, and conveyed to the applicable Purchaser free and clear of any and all interests of the Roys arising out of, relating to, or asserted in the Roy Litigation, including, without limitation, any claim of specific performance, promissory estoppel, equitable title, or the State Court Injunction, pursuant to section 363(f)(4) of the Bankruptcy Code. This paragraph is entered solely for purposes of authorizing the sale of Lot 2 free and clear and does not constitute a final determination of the validity, priority, extent, enforceability, or avoidability of the State Court Injunction or any related interest. The State Court Injunction shall have no further force or effect as against the applicable Sale, the applicable Purchaser, or Lot 2. Any such interest of the Roys, if any, shall attach to the net cash proceeds of the applicable Sale in the same

order of priority, and with the same validity, force, and effect, that such interest had against Lot 2 immediately prior to the closing of the applicable Sale, subject to the rights, claims, and defenses of the Debtor and its estate. The rights of the Roys are preserved solely with respect to asserting claims against the proceeds of the applicable Sale in this Court.

**E.     Assumption and Assignment of Contracts**

14.     Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, the assumption by the Debtor and assignment to the applicable Purchaser of the Assumed and Assigned Contracts, and only those executory contracts and unexpired leases designated for assumption and assignment in accordance with the applicable Asset Purchase Agreement, the Cure Notice, and this Sale Order, effective as of the Closing Date, is APPROVED.

15.     The Debtor is authorized and directed, in accordance with sections 105(a), 363, and 365 of the Bankruptcy Code, to (a) assume and assign to the applicable Purchaser, effective upon the Closing Date of the applicable Sale, the applicable Assumed and Assigned Contracts free and clear of all Interests (other than Permitted Encumbrances and Assumed Liabilities), and (b) execute and deliver to the applicable Purchaser such documents or other instruments as may be necessary to assign and transfer the Assumed and Assigned Contracts under the applicable APA to the applicable Purchaser. For the avoidance of doubt, no executory contract or unexpired lease constituting an Excluded Asset, including any agreement related solely to the Nursing Program Assets, is assumed or assigned pursuant to this Sale Order.

16.     All provisions of the Assumed and Assigned Contracts (including any so-called "anti-assignment," "change of control," consent-to-assignment, or similar provisions) that purport to prohibit, restrict, limit, condition, or impose any penalty or charge upon the assumption, assignment, or transfer of such Assumed and Assigned Contracts are unenforceable and of no force

20

or effect with respect to the transactions contemplated by the applicable Asset Purchase Agreement, and shall not be given effect in accordance with section 365(f) of the Bankruptcy Code.

17.     The cure amounts set forth in the Cure Notice (the "Cure Amounts") shall be controlling and shall be the sole amounts necessary to be paid under section 365(b)(1) of the Bankruptcy Code in connection with the assumption and assignment of the Assumed and Assigned Contracts, unless otherwise (a) agreed in writing among the Debtor, the applicable Purchaser, and the applicable counterparty or (b) determined by order of this Court. Upon payment of the applicable Cure Amount, no default shall exist under any Assumed and Assigned Contract, and no counterparty to any such Assumed and Assigned Contract shall be permitted to declare a default by the Debtor or the applicable Purchaser thereunder, or otherwise take action against the applicable Purchaser, as a result of the Debtor's financial condition, bankruptcy, or failure to perform any of its obligations under the applicable Assumed and Assigned Contract prior to the Closing Date. Each counterparty to an Assumed and Assigned Contract is forever barred and enjoined from asserting against the applicable Purchaser any pre-closing defaults, claims, setoffs, or recoupments of any kind or nature whatsoever with respect to such Assumed and Assigned Contract, other than claims for payment of the Cure Amount, if any.

18.     Upon the assumption and assignment of any Assumed and Assigned Contract to the applicable Purchaser, and upon payment of any applicable Cure Amount, such Assumed and Assigned Contract shall be deemed valid and binding and in full force and effect in accordance with its terms. Subject to this Sale Order and the Sale Procedures Order, the Debtor and its estate shall be relieved of any and all further liability for any breach of such Assumed and Assigned Contract occurring after such assignment, pursuant to section 365(k) of the Bankruptcy Code.

21

19.     No counterparty to an Assumed and Assigned Contract shall be entitled to impose any rent acceleration, assignment fee, increase in rent, profit-sharing provision, or any similar fee, charge, or increase by reason of the assumption and assignment of any Assumed and Assigned Contract to the applicable Purchaser pursuant to this Sale Order.

**F.     Disposition of Sale Proceeds**

20.     The Debtor is authorized and directed to disburse the net proceeds of the applicable Sale in the following order: to satisfy any and all DIP Obligations (as defined in the DIP Motion) and Prepetition Bond Obligations (as defined in the DIP Motion) against the Sale Assets sold in such Sale, to the extent of the allowed amount of such secured claims and the value of such secured creditors' interest in the Sale Assets sold; and second, to retain any remaining proceeds to be used to fund this Chapter 11 Case's administration or distributed in accordance with any plan of reorganization or subsequent order of this Court. Nothing herein shall be deemed to determine the validity, amount, priority, or extent of any Interest in the Sale Assets or the proceeds thereof, all of which are expressly reserved.

**G.     Prohibition of Actions Against Purchaser(s)**

21.     Except for the Assumed Liabilities expressly set forth in the applicable Asset Purchase Agreement, no Purchaser shall have any liability or obligation of any kind or character for or relating to any liability of the Debtor or any of its affiliates, and no Purchaser shall be deemed, as a result of any action taken in connection with the Sale, to be a "successor" to the Debtor, to have, de facto or otherwise, merged with or into the Debtor, or to be a mere continuation or substantial continuation of the Debtor or the enterprise of the Debtor. The Purchaser(s) shall have no liability of any kind or character, including, without limitation, under any theory of successor or vicarious liability of any kind or character, or under any theory of antitrust,

environmental, successor or transferee liability, labor law, de facto merger, or substantial continuity.

22. All persons and entities holding Interests in or against the Debtor or the Sale Assets are hereby forever barred, estopped, and permanently enjoined from asserting against the Purchaser(s) or the Sale Assets such persons' or entities' Interests, including, without limitation, the following actions: (a) commencing or continuing in any manner any action or other proceeding against the applicable Purchaser or its property; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the applicable Purchaser or its property; (c) creating, perfecting, or enforcing any Interest against the applicable Purchaser or its property; (d) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the applicable Purchaser; (e) commencing or continuing any action in any manner or place that does not comply with, or is inconsistent with, the provisions of this Sale Order or other orders of this Court, or the agreements or actions contemplated or taken in respect thereof; or (f) revoking, terminating, or failing or refusing to renew any license, permit, or authorization to operate any of the Sale Assets or conduct any of the businesses operated with the Sale Assets.

23. All persons and entities are hereby forbidden from taking any action that would adversely affect or interfere with the ability of the Debtor to sell and transfer the Sale Assets or applicable subset of the Sale Assets to the applicable Purchaser in accordance with the terms of the applicable Asset Purchase Agreement and this Sale Order.

24. The applicable Purchaser has given substantial consideration under the applicable Asset Purchase Agreement for the benefit of the Debtor, its estate, and its creditors. The consideration given by the Purchaser(s) shall constitute valid and valuable consideration for the releases of any potential claims and Interests pursuant to this Sale Order, which releases shall be

deemed to have been given in favor of the Purchaser(s) by all holders of Interests against the Debtor or any of the Sale Assets. The consideration provided by the applicable Purchaser(s) for the Sale Assets or applicable subset of the Sale Assets under the applicable Asset Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

## H.      Other Provisions

25.      Nothing in this Sale Order or any Asset Purchase Agreement releases, nullifies, precludes, or enjoins the enforcement of any police or regulatory liability to any governmental unit that any entity would be subject to as the post-sale owner or operator of the Sale Assets. Nothing in this Sale Order or any Asset Purchase Agreement shall be construed to release, waive, or discharge any claim of the United States or any of its agencies for any tax liability of the Debtor.

26.      The consideration provided by the applicable Purchaser under the applicable Asset Purchase Agreement is fair and reasonable, constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia (including the Uniform Fraudulent Transfer Act, the Uniform Voidable Transactions Act, and the Uniform Fraudulent Conveyance Act).

27.      The Sale(s) has/have been approved to good faith purchaser(s) within the meaning of section 363(m) of the Bankruptcy Code, and each Purchaser is entitled to the full protections of section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, the reversal or modification of this Sale Order on appeal shall not affect the validity of the applicable Sale(s), unless this Sale Order is duly stayed pending such appeal prior to the closing of the applicable Sale.

28.     The transactions contemplated by the applicable Asset Purchase Agreement(s) are undertaken by the applicable Purchaser(s) in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the applicable Sale(s) to the applicable Purchaser(s), unless such authorization is duly stayed pending such appeal. No bulk sales law or similar law of any state or jurisdiction shall apply in any way to the Sale or the transactions contemplated by the applicable Asset Purchase Agreement.

29.     No chapter 11 plan confirmed in this chapter 11 case, order entered in any case under the Bankruptcy Code (including in any case commenced after any conversion of this chapter 11 case to a case under chapter 7 of the Bankruptcy Code), order dismissing this chapter 11 case, or order converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code shall alter, conflict with, or derogate from the provisions of any Asset Purchase Agreement or this Sale Order. The provisions of this Sale Order and any Asset Purchase Agreement, and any actions taken pursuant hereto or thereto, shall survive the entry of any order that may be entered confirming any chapter 11 plan in this chapter 11 case, converting this chapter 11 case to a case under chapter 7 of the Bankruptcy Code, or dismissing this chapter 11 case, and shall be binding upon the Debtor, any chapter 7 or chapter 11 trustee, and any reorganized or reconstituted debtor, as the case may be.

30.     Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or any other provision of the Bankruptcy Code or the Bankruptcy Rules, (a) this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and (b) any stay of orders provided for in Bankruptcy Rules 6004(h) and 6006(d) and any other applicable provision of the Bankruptcy Code or the Bankruptcy Rules is hereby expressly waived. The Debtor

and the applicable Purchaser(s) are authorized to close the applicable Sale(s) immediately upon entry of this Sale Order.

31. The failure to specifically include any particular provision of any Asset Purchase Agreement in this Sale Order shall not diminish or impair the effectiveness of such provision. To the extent of any inconsistency between the provisions of any Asset Purchase Agreement and this Sale Order, the provisions of this Sale Order shall govern.

32. The Asset Purchase Agreement(s) and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

33. This Court shall retain exclusive jurisdiction to, among other things, (a) interpret, implement, and enforce the terms and provisions of this Sale Order and any Asset Purchase Agreement, all amendments thereto, and all other documents executed in connection with any Sale(s); (b) resolve any disputes arising under or related to any Asset Purchase Agreement or Sale(s), except as otherwise provided therein; (c) protect the Purchaser(s), and any of its/their assets, including the Sale Assets, from and against any and all Interests; and (d) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Assumed and Assigned Contracts.

34. Each Purchaser is a party in interest and shall have the right to appear and be heard on all issues related to or otherwise connected to this Sale Order.

35. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     To the extent this Sale Order is inconsistent with any prior order or pleading with respect to the Sale Motion or the Sale in this chapter 11 case, the terms of this Sale Order shall govern and control.

37.     The provisions of this Sale Order are nonseverable and mutually dependent.

38.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Sale Order in accordance with the Sale Motion.

39.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Sale Order.

Dated: _____, 2026
Worcester, Massachusetts

_____
**HON. [_____]**
UNITED STATES BANKRUPTCY JUDGE

27

#538441831_v4