## Exhibit A

## Proposed Interim Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE,


Debtor.[1]

Chapter 11

Case No. _____ (___)

**INTERIM ORDER GRANTING MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE LIMITED USE OF ITS CASH MANAGEMENT SYSTEM, (B) OPEN AND USE A NEW DEBTOR-IN-POSSESSION ACCOUNT, (C) MAINTAIN CERTAIN EXISTING BANK ACCOUNTS FOR LIMITED PURPOSES AND CLOSE CERTAIN EXISTING BANK ACCOUNTS, AND (D) CONTINUE USING CERTAIN EXISTING BUSINESS FORMS RELATING TO RESTRICTED ACCOUNTS; (II) GRANTING A LIMITED WAIVER OF SECTION 345(B) REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Motion for Entry of Interim and Final Orders (i) Authorizing the Debtor to (a) Continue Limited Use of its Cash Management System, (b) Open and Use a New Debtor-in-Possession Account, (c) Maintain Certain Existing Bank Accounts for Limited Purposes and Close Certain Existing Bank Accounts, and (d) Continue Using Certain Existing Business Forms Relating to Restricted Accounts; (ii) Granting a Limited Waiver of Section 345(b) Requirements; and (iii) Granting Related Relief* [Dkt. No. __] (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") on June 26, 2026 seeking entry of an order (this "Interim Order"): (i) authorizing, but not directing, the Debtor to (a) open and use a new debtor-in-possession account, (b) continue to operate its existing Cash Management System,

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

including authorizing the continued maintenance of certain existing Bank Accounts for the limited purposes described in the Motion, (c) close existing Bank Accounts that are no longer in use or become obsolete, and (d) continue using certain existing Business Forms relating to the Restricted Accounts; (ii) waiving the requirements of section 345(b) of the Bankruptcy Code to the extent they apply to the Restricted Accounts, pursuant to sections 105, 345(b), and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 and (iii) granting related relief, all as more fully set forth in the Motion; and the United States Bankruptcy Court for the District of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing from the record that sufficient notice of the Motion and an opportunity to be heard has been provided to parties-in-interest, and that no further notice is required; any formal or informal objections to the Motion or form of Proposed Order, if any, having been considered, and overruled; having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** on an interim basis, as set forth herein.

2.      The Debtor is authorized, but not directed, pursuant to sections 363(c) and 105(a) of the Bankruptcy Code to (a) open and use a new debtor-in-possession account; (b) maintain and continue to use its existing Cash Management System; (c) maintain, continue to use, and/or close its existing Bank Accounts (d) continue to use existing Business Forms relating to the Restricted Accounts, without reference to the Debtor's status as "debtor-in-possession," subject to the provisions of this Interim Order; (e) maintain the ability to use debit, wire and ACH payments; (f)

deposit funds in accordance with the Motion and any Financing Order; and (g) pay the postepetition Bank Fees in the ordinary course of business.

3.      The Banks at which the Bank Accounts are maintained are authorized and directed, to the extent applicable under this Interim Order, to continue to maintain, service, and administer the Bank Accounts as accounts of a debtor in possession, in accordance with the Motion, without interruption and in the ordinary course of business.  In this regard, the Banks are authorized, but not directed, to receive, process, honor and pay any and all checks, ACH payments and other instructions, and drafts payable through, drawn or directed on the Bank Accounts by holders, makers or other parties entitled to issue instructions with respect thereto solely with respect to postpetition obligations or transaction otherwise authorized by the Interim Order or further order of the Court, and only if sufficient funds are on deposit in the applicable Bank Accounts to process and honor such instructions with respect to obligations. The Banks are authorized to rely on the Debtor's designation of any particular check or other payment request as approved by this Interim Order. No Bank shall incur, and each Bank is hereby released from, any liability for relying upon the Debtor's instruction as to which checks, drafts, wire transfers or ACH transfers should be honored or dishonored or for such bank's inadvertence in honoring any check, draft, wire transfer or ACH transfer at variance from a Debtor's instructions, unless such inadvertence constituted gross negligence or willful misconduct on the part of such Bank.

4.      The Debtor is authorized to use its existing Business Forms relating to the Restricted Accounts; *provided*, *however*, that once the Debtor's existing Business Forms have been used, the Debtor shall, when reordering Business Forms, require the designation "Debtor in Possession" or "DIP" and the bankruptcy case number on all such Business Forms, including Business Forms that are generated electronically.

5.　　Those certain prepetition agreements existing between the Debtor and the Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks and, subject to applicable bankruptcy or other law, all of the provisions of such agreements shall remain in full force and effect absent further order of the Court unless the Debtor and the Banks agree otherwise, and any other legal rights and remedies afforded to the Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

6.　　The Banks are authorized to charge, and the Debtor is authorized, but not directed, to pay, honor, or allow any postpetition Bank Fees or charges associated with the Bank Accounts, and charge back returned items to the Bank Accounts in the ordinary course. Any postpetition fees, costs, charges, expenses (including Bank Fees), chargebacks or any other reimbursement or payment obligations that are not paid are hereby accorded priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code; provided that any such administrative expense status shall be junior to the carve out and approved superpriority administrative expense claims provided for under any Financing Order (as defined herein).

7.　　No Bank that is provided with notice of this Interim Order shall honor or pay any checks, ACH payments or other bank payments drawn on the Debtor's Bank Accounts or otherwise issued before the Petition Date unless such payment is authorized by this Interim Order or another order of the Court.

8.　　To the extent that the Restricted Accounts are not in strict compliance with the Guidelines or section 345(b) of the Bankruptcy Code, such compliance is excused.

9.　　Nothing contained herein shall prevent the Debtor from closing any Bank Accounts as it may deem necessary and appropriate in consultation with the Prepetition Secured Creditor (as defined in the Financing Orders), and any relevant Bank is authorized to honor the Debtor's request

to close such Bank Accounts. The Debtor shall give written notice of the closure of any Bank Account to the U.S. Trustee.

10. The final hearing (the "Final Hearing") to consider the entry of a Final Order granting the relief requested in the Motion shall be held on _____, 2026 at _____ (prevailing Eastern Time).

11. Notice of the entry of this Interim Order and of the Final Hearing shall be served on the Notice Parties, along with the Motion (to the extent not previously served), within two days of its entry by the Court.

12. Any objections or responses to the Motion shall be in writing, filed with the Court, and served in accordance with the applicable Bankruptcy Rules and the Local Bankruptcy Rules upon the following parties before _____, 2026 at _____. (prevailing Eastern Time): (a) proposed counsel to the Debtor, Holland & Knight LLP, 10 St. James Avenue, 11th Floor, Boston, Massachusetts 02116, Attn: John Monaghan, Esq., Lynne Xerras, Esq., and Kathleen St. John, Esq., c/o lynne.xerras@hklaw.com; (b) counsel to Citizens Funding Corp. and Citizens Bank, N.A., Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Douglas R. Gooding (dgooding@choate.com); (c) counsel to be selected by any official creditors' committee upon its formation; and (d) the Office of the United States Trustee. In the event no objections to entry of a Final Order on the Motion are timely received, this Court may enter such order without need for the Final Hearing.

13. Notwithstanding anything to the contrary herein, any payment to be made by the Debtor pursuant to the authority granted herein shall be subject to the applicable budget and/or cash collateral authorization requirements imposed on the Debtor under any orders entered by the Court approving the Debtor's (a) entry into any postpetition debtor-in-possession financing facility

(the "DIP Order"), and (b) authorizing the Debtor's use of cash collateral (a "Cash Collateral Order," and, together with the DIP Order, the "Financing Orders"). To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Interim Order and the terms of any Financing Order, the terms of the Financing Order will govern.

14.    Nothing in the Motion or this Interim Order, or the Debtor's payment of any claims pursuant to this Interim Order, shall be deemed or construed as: (i) an admission as to the validity of any claim or lien against the Debtor or its estate, (ii) a waiver of the Debtor's right to dispute any claim or lien, (iii) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, (iv) an admission of the priority status of any claim, whether under Bankruptcy Code section 503(b)(9) or otherwise, (v) a modification of the Debtor's right to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any third party; or (vi) a waiver of the Debtor's ability to assume and/or assign any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

15.    The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion, and the automatic stay is hereby modified to the extent necessary to effectuate the terms and provisions of this Interim Order.

16.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

17.    Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

18.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: Worcester, Massachusetts

_____, 2026

_____
UNITED STATES BANKRUPTCY JUDGE