UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>THE SISTERNS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br>Debtor | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Chapter 11<br>)  Case No. 26-40758-EDK<br>) |

**UNITED STATES TRUSTEE'S OBJECTION
TO DEBTOR'S MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS (I) AUTHORIZING THE DEBTOR
TO (A) CONTINUE LIMITED USE OF ITS CASH
MANAGEMENT SYSTEM, (B) OPEN AND USE A NEW
DEBTOR-IN-POSSESSION ACCOUNT, (C) MAINTAIN
CERTAIN EXISTING BANK ACCOUNTS FOR LIMITED
PURPOSES AND CLOSE CERTAIN EXISTING BANK
ACCOUNTS, AND (D) CONTINUING USING CERTAIN
EXISTING BUSINESS FORMS RELATING TO
RESTRICTED ACCOUNTS AND (III) GRANTING RELATED RELIEF
(WITH CERTIFICATES OF SERVICE AND CONFERENCE)**

William K. Harrington, the United States Trustee for Region 1, objects to the

*Motion for entry of interim and final orders (I) authorizing the debtor to (A) continue limited use of*

*its cash management system, (B) open and use a new debtor-in-possession account, (C) maintain certain*

*existing bank accounts for limited purposes and close certain existing bank accounts, and (D)*

*continuing using certain existing business forms relating to restricted accounts and (III) granting related*

*relief* (DE16) (the "Cash Management Motion"), because the Debtor has failed to meet

its burden to waive the requirements of 11 U.S.C. § 345(b).

In support, the United States Trustee states:

1

**PRELIMINARY STATEMENT**

Under section 345(b) of the Bankruptcy Code, a debtor-in-possession must use bank accounts that are either fully insured by the Federal Deposit Insurance Corporation or collateralized or bonded in favor of the United States. This protects estate funds if the depository bank becomes insolvent.

In its operating guidelines and reporting requirements for chapter 11 cases (the "Guidelines"), the United States Trustee requires debtors-in-possession to close all pre-petition bank accounts and to open and use only section 345(b)-compliant DIP accounts.

The bankruptcy court can waive the requirements of section 345(b) if a debtor demonstrates, by a preponderance of the evidence, "cause" under a ten-factor totalities test. *See In re Service Merchandise Co., Inc.*, 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999).

In the Cash Management Motion, the Debtor requests authorization to open a new DIP operating bank account with its prepetition/DIP lender, Citizens Bank ("Citizens"), and to keep eight prepetition bank accounts (collectively the "Prepetition Accounts") open with discretion to close them:

- four at Citizens ending in 9893 (the "Operating Account"), 2759 (the "Grant Account"), 2775 (payroll), and 2767 (accounts payable) (collectively, the "Citizens Bank Accounts");

- one at Country Bank ("Country") ending in 7724 (the "Gift Account"); and

- three at "CW Advisors, LLC through Fidelity" (ending in 5130, 2608 and 2570) (collectively the "Investment Accounts")

The Debtor further seeks to waive the requirements of section 345(b) as to the Investment Accounts on grounds that they are not property of the estate under section 541(a).

1) Because the Debtor has terminated operations as an institution of higher learning, the United States Trustee submits that the Citizens Grant Account, which received Federal educational grants, and the Country Gift Account, which received student tuition payments, are unnecessary to the Debtor's stated bankruptcy exit strategy - liquidation. Accordingly, the United States Trustee questions why these accounts cannot be immediately closed.

2) The Court should deny the Debtor's request to maintain the Investment Accounts as non-DIP accounts for at least two reasons.

- First, the Debtor does not dispute that it holds legal title to the Investment Accounts. Section 345(b) makes no distinction between legal and equitable interests in "money of estates." Until the Court rules on whether the Debtor has an equitable interest in the funds, the Debtor must satisfy its obligations under section 345(b).

- Second, exempting the Investment Accounts from the requirements of section 345(b) at the First Day hearings on two days' notice is premature. Before the Court rules on whether the funds are estate property,

3

it should hear from all constituencies, including the unsecured creditors' committee, which has not yet been formed.

Because the Debtor has not met its burden under *Service Merchandise*, the Court should enter orders directing the Debtor to comply with section 345(b) in all respects as set forth below.

The United States Trustee does not oppose the entry of an order giving the Debtor 30 days to comply.

In support, the United States Trustee says:

## JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. L.R. Dist. Mass. 201 and 206.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4. The legal basis for relief includes 28 U.S.C. §§ 586(a)(3) and 11 U.S.C. §§ 307, 345 and 541 and Fed. R. Bankr. P.9014.

5. The Court's scheduling order established no deadline for objecting to the Cash Management Motion. DE21. This objection is therefore timely.

## FACTS

### A. The Debtor files for bankruptcy.

6. The Debtor filed a voluntary chapter 11 petition on June 26, 2026.

7. The United States Trustee will conduct the Debtor's initial debtor interview on Tuesday, July 7, 2026 at 2:00 p.m. The telephonic section 341 meeting is scheduled for Monday, July 27, 2025 at 1:30 p.m.

8. The United States Trustee solicited interest in the formation of an official committee of unsecured creditors today. The deadline to return completed committee questionnaires is next Friday, July 10, 2026.

9. The Debtor has not yet filed schedules.

10. In response to the United States Trustee's informal request, the Debtor has produced a copy of its audited financial statements for the year ending June 30, 2026, including the letter to management (the "Statements").

**B. The Cash Management Motion.**

11. The Debtor states that it must continue to use the Prepetition Accounts to prevent the disruption of its business, even though it has terminated most of its workforce and ceased all educational operations. Cash Management Motion at 3. Its sole focus, it says, is to preserve value for stakeholders and to liquidate its assets no later than October, 2026. *Id.*

12. The Debtor concedes that the Grant Account "is no longer in use . . ." and that "All funds from the Gift Account have been, or will imminently be, utilized . . ." *Id.* at 5.

13. According to the Statements, the Debtor owned "Investments With

Donor Restrictions" totaling $1,613,352 as of June 30, 2025, with an interfund balance owed from the "Investments Without Donor Restrictions" account of $2,363,043.

14. Based upon information and belief, including of a review of the Statements, the auditor's letter and footnotes to the Statements and exchanges with Debtor's counsel, and subject to further discovery, the Debtor transferred funds in restricted accounts to its non-restricted Operating Account to pay operating expenses during 2025, commingling restricted with unrestricted funds.

15. According to the cash forecast (DE14-1 at 20) attached to the proposed, interim DIP financing order (DE14), the ending aggregate balances in the Debtor's operating account over the 13-week budget period ending September 19, 2026 will at times exceed the $250,000 FDIC maximum insurance coverage.

16. As of this writing, none of the Prepetition Accounts, including the Investment Accounts, complies with section 345(b).

**STATUTORY FRAMEWORK**

   **A.     Property of the estate.**

17. A debtor's bankruptcy estate broadly consists of "wherever located and by whomever held . . . all legal or equitable interests of the debtor in property as of the commencement of the case . . . ." 11 U.S.C. § 541(a). *United States v. Whiting Pools, Inc.*, 462 U.S. 198 (1983).

18. Section 541(c)(2) provides an exclusion of property from the estate.

6

It states: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." *See Patterson v. Shumate*, 504 U.S. 753, 758 (1992) (holding that statutory and contractual anti-alienation provisions pertaining to a debtor's ERISA plan were enforceable in bankruptcy and affirming denial of a chapter 7 trustee's turnover request).

19.     Section 541(d) provides that property in which a debtor holds only legal title and not an equitable interest vests in the estate only to the extent of the debtor's legal interest.  5 COLLIER ON BANKRUPTCY, ¶541.28 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2026).

**B.      The United States Trustee's Operating Guidelines.**

20.     A debtor in possession has many of the rights, powers, and duties of a chapter 11 trustee.  *See* 11 U.S.C. § 1107(a) ("Rights, powers, and duties of debtor in possession").  These include the duty to provide information requested by parties in interest, including the United States Trustee.  *See* 11 U.S.C. §§ 1107(a); 1106(a)(1); 704(a)(7).

21.     A debtor in possession also owes a fiduciary duty to the estate's creditors. *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 352, 355 (1985); *see also Bezanson v. Thomas (In re R & R Assocs. of Hampton)*, 402 F.3d 257, 266 (1st Cir. 2005) (stating that debtor in possession duties "include the

maximization of the value of the debtor's assets").

22.     To assist debtors in possession in carrying out their statutory and fiduciary duties, the United States Trustee has published the Guidelines, which are provided to every chapter 11 debtor in possession.[1]

23.     The Guidelines instruct a chapter 11 debtor to file monthly reports of income and expenses, receipts and disbursements and reconciliations of projected to actual financial performance, to provide evidence that it has insured all of its assets and operations, to close all pre-petition bank accounts and to use only debtor-in-possession bank accounts at authorized financial institutions for all post-petition banking transactions. *Id.* A chapter 11 debtor must sign and return certain documents contained in the Guidelines, including an acknowledgement that it has closed all pre-petition bank accounts.

**C.     Section 345(b).**

24.     Section 345(b) requires that institutions depositing or investing estate funds protect creditors from post-petition loss by: 1) obtaining insurance from the United States or a Federal agency for the full amount of the funds; 2) backing them with the "full faith and credit of the United States . . . ," *i.e.,* purchasing United States

---

[1]     The version of the Guidelines effective February 3, 2026 is publicly available at https://www.justice.gov/ust/ust-regions-r01/region-1-general-information. (last checked 06-24-2026).

Treasury securities or other securities acceptable under 31 CFR Part 225 as collateral for the full amount of funds; or 3) obtaining a bond.  *See* 3 COLLIER ON BANKRUPTCY at ¶ 345.04.

25.     The Guidelines implement section 345(b) in chapter 11 cases.  Debtors must demonstrate "cause" to waive the requirements of 11 U.S.C. 345(b) by a preponderance of the evidence.  11 U.S.C. 345(b)(2).  *See In re Service Merchandise Co., Inc.*, at 896.

26.     According to its website, the Federal Deposit Insurance Corporation currently insures bank account deposits up to $250,000 per depositor per FDIC-insured bank, per ownership category . . . ."[2]

**ARGUMENT**

**The Court should deny the Cash Management Motion**

i.     **The Citizens Bank Accounts can be converted to DIP accounts.**

27.     The United States Trustee has no objection to the Debtor's converting the Citizens Bank Accounts to DIP accounts, subject to its providing reconciliations of transfers between them with its monthly operating reports.  The United States Trustee has informed the Debtor that it can request the conversion by telephone obviating its

---

[2]     https://www.fdic.gov/resources/deposit-insurance/understanding-deposit-insurance (last checked June 29, 2026).

having to open a new Operating Account.

### ii. The Court should nevertheless order the Debtor to close the Citizens Grant Account and the Country Gift Accounts, because they are not necessary.

28. Because the Debtor has terminated operations as an institution of higher learning, the United States Trustee submits that the Citizens Grant Account, which received Federal educational grants, and the Country Gift Account, which received student tuition payments, are unnecessary to the Debtor's bankruptcy exit strategy - liquidation. The Debtor admits as much. Cash Management Motion at 5.

29. Accordingly, the Court should direct the Debtor to immediately close these accounts.

### iii. The Court should order the Debtor, on an interim basis, to deposit all funds in the Investment Accounts in a separate DIP account at an authorized institution pending input from the creditors' committee.

30. Citing three cases, the Debtor argues 1) that the Investment Accounts are not property of the estate under section 541(a), because the funds deposited in them are subject to restrictions and 2) that the accounts are therefore exempt from the requirements of section 345(b). *See* Cash Management Motion at 8-9.

31. The United States Trustee is not persuaded.

32. Until the Court finally rules on whether the Debtor has an beneficial interest in the funds, after a hearing on notice, the Debtor must satisfy its obligations

under section 345(b). Neither the Debtor nor creditors would be harmed if the estate's interest in the Investment Accounts – whatever it is, legal or equitable - were protected by requiring it to deposit all funds in a separate DIP account at an authorized institution.

33. Exempting the Investment Accounts from the requirements of section 345(b) at the First Day hearings on two days' notice is premature. Before the Court rules on whether the funds are estate property, it should hear from all constituencies, including the unsecured creditors' committee, which has not yet been formed.

34. The Debtor has failed to meet its burden to waive the requirements of section 345(b). *Service Merchandise.*

35. Accordingly, the Court should deny the Motion and direct the Debtor to immediately comply with section 345(b) as outlined by the United States Trustee above.

36. The United States Trustee does not oppose the entry of an order giving the Debtor 30 days to comply.

**RELIEF REQUESTED**

For these reasons, the United States Trustee requests that the Court enter orders: 1) denying the Motion, except as suggested above; 2) directing the Debtor to immediately close the Investment Accounts and move the funds to DIP accounts at an authorized institution; and 3) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:     */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        Phone: (202) 306-3815
        Fax: (617) 565-6368

Dated:  June 30, 2026.          Eric.K.Bradford@usdoj.gov

12

## CERTIFICATE OF SERVICE

I certify that on June 30, 2026, true and correct copies of the foregoing pleading were served by CM/ECF only upon the individuals who filed electronic notices of appearance in the Court's CM/ECF database, including the Debtor's attorneys.

<table>
<tr><td></td><td>WILLIAM K. HARRINGTON,<br>UNITED STATES TRUSTEE,<br>REGION 1</td></tr>
<tr><td>By:</td><td>*/s/ Eric K. Bradford*<br>Eric K. Bradford BBO#560231<br>Department of Justice<br>John W. McCormack Post Office & Courthouse<br>5 Post Office Square, 10th Floor, Suite 1000<br>Boston, MA 02109-3934<br>Phone: (202) 306-3815<br>Fax: (617) 565-6368</td></tr>
<tr><td>Dated:  June 30, 2026.</td><td>Eric.K.Bradford@usdoj.gov</td></tr>
</table>

**BY CM/ECF:**

Douglas R. Gooding on behalf of Other Professional Citizens Bank, N.A.
dgooding@choate.com, jmarshall@choate.com,douglas-gooding-9991@ecf.pacerpro.com

Jonathan D Marshall on behalf of Other Professional Citizens Bank, N.A.
jmarshall@choate.com

John J. Monaghan on behalf of Debtor The Sisters of Saint Ann, Inc. d/b/a Anna Maria College
bos-bankruptcy@hklaw.com, hapi@hklaw.com

Kathleen Morris St. John on behalf of Debtor The Sisters of Saint Ann, Inc. d/b/a Anna Maria College
kathleen.stjohn@hklaw.com

Lynne B. Xerras on behalf of Debtor The Sisters of Saint Ann, Inc. d/b/a Anna Maria College
lynne.xerras@hklaw.com

## CERTIFICATE OF CONFERENCE

I certify that June 29 and 30, 2026, I exchanged emails and telephone calls with the Debtor's attorney, John J. Monaghan, Esq. to resolve areas of dispute. I did the same with Lynne B. Xerras, Esq. on June 30, 2026. I broadly discussed these issues with counsel for the Debtor and Citizens Bank on June 30, 2026 by joint Teams call.

No final resolution of the foregoing objection was reached.

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:  */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368
Dated: June 30, 2026.            Eric.K.Bradford@usdoj.gov