**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br><br>Debtor. [1] | Chapter 11<br><br>Case No. 26-40758 |

**ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE ITS
INSURANCE PROGRAM, AND (B) RENEW, SUPPLEMENT, OR
ENTER INTO NEW INSURANCE COVERAGE IN THE ORDINARY COURSE OF
BUSINESS; AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Debtor's Motion for Entry of Order (I) Authorizing the Debtor to (A) Continue Its Insurance Program, (B) Renew, Supplement, or Enter into New Insurance Coverage in the Ordinary Course of Business; and (II) Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") on June 26, 2026, seeking entry of an order: (i) authorizing, but not directing, the Debtor to (a) maintain its Insurance Program during the pendency of the Chapter 11 Case, and (ii) supplement, amend, extend, renew, or replace its Insurance Policies as needed, in the Debtor's business judgment, without further order of the Court, and to pay the Renewal Premiums in accordance with the Financing Orders; and (ii) granting related relief, all as more fully set forth in the Motion; and it appearing that the relief requested is essential to the continued administration of the Debtor's estate and is in the best interest of the Debtor's estate and creditors; and the United States Bankruptcy Court for the District

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; a hearing having been held before the Court on July 1, 2026; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. The Debtor is authorized, but not directed, on a final basis, to continue its Insurance Program without regard to whether such Insurance Policies are listed on the Insurance Schedule, and to supplement, amend, extend, renew, or replace its Insurance Policies as needed, in the Debtor's business judgment, without further order of the Court. In addition, the Debtor is authorized but not directed to fund any Renewal Premiums due to the Insurance Carriers in order to procure insurance coverage during the post-petition period in connection with the Insurance Program.

3. Each of the financial institutions at which the Debtor maintains its accounts relating to the payment of the Insurance Obligations is authorized and directed to (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts, and (b) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, without any duty to inquire otherwise.

4. Notwithstanding anything to the contrary herein, any payment to be made by the Debtor pursuant to the authority granted herein shall be subject to the applicable budget and/or

2

cash collateral authorization requirements imposed on the Debtor under any orders entered by the Court approving the Debtor's (a) entry into any post-petition debtor in possession financing facility (the "DIP Order"), and (b) authorizing the Debtor's use of cash collateral (a "Cash Collateral Order," and, together with the DIP Order, the "Financing Orders"). To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Final Order and the terms of any Financing Order, the terms of the Financing Order will govern.

5.      Nothing in this Order or the Motion shall be deemed or construed as: (i) an admission as to the validity of any prepetition claim against the Debtor; (ii) a waiver of the Debtor's right to dispute any prepetition claim on any grounds; (iii) a promise or requirement to pay any prepetition claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (v) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable law.

6.      Notice of the Motion as provided therein is deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and the relief requested herein is necessary to avoid immediate and irreparable harm.

8.      The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9.      Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be effective and enforceable immediately upon entry hereof.

10.     This Court shall retain exclusive jurisdiction with respect to all matters arising from

or related to the interpretation, implementation, or enforcement of this Order.

_____ July 1 , 2026

_____

UNITED STATES BANKRUPTCY JUDGE