# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE,

Debtor.[1]

Chapter 11

Case No. 26-40758-EDK

**INTERIM ORDER GRANTING MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE LIMITED USE OF
ITS CASH MANAGEMENT SYSTEM, (B) OPEN AND USE A NEW DEBTOR-IN-
POSSESSION ACCOUNT, (C) MAINTAIN CERTAIN EXISTING BANK ACCOUNTS
FOR LIMITED PURPOSES AND CLOSE CERTAIN EXISTING BANK ACCOUNTS,
AND (D) CONTINUE USING CERTAIN EXISTING BUSINESS FORMS RELATING
TO RESTRICTED ACCOUNTS; (II) GRANTING A LIMITED WAIVER OF SECTION
345(B) REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

Upon consideration of the *Motion for Entry of Interim and Final Orders (i) Authorizing
the Debtor to (a) Continue Limited Use of its Cash Management System, (b) Open and Use a New
Debtor-in-Possession Account, (c) Maintain Certain Existing Bank Accounts for Limited Purposes
and Close Certain Existing Bank Accounts, and (d) Continue Using Certain Existing Business
Forms Relating to Restricted Accounts; (ii) Granting a Limited Waiver of Section 345(b)
Requirements; and (iii) Granting Related Relief* [Dkt. No. 16] (the "Motion")[2] filed by the above-
captioned debtor and debtor in possession (the "Debtor") on June 26, 2026 seeking entry of an
order (this "Interim Order"): (i) authorizing, but not directing, the Debtor to (a) open and use a
new debtor-in-possession account, (b) continue to operate its existing Cash Management System,

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane,
Paxton, MA 01612.
[2] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

including authorizing the continued maintenance of certain existing Bank Accounts for the limited purposes described in the Motion, (c) close existing Bank Accounts that are no longer in use or become obsolete, and (d) continue using certain existing Business Forms relating to the Restricted Accounts; (ii) waiving the requirements of section 345(b) of the Bankruptcy Code to the extent they apply to the Restricted Accounts on an interim basis, pursuant to sections 105, 345(b), and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004 and (iii) granting related relief, all as more fully set forth in the Motion; and the United States Bankruptcy Court for the District of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; the United States Trustee having filed a written objection to the Motion on June 30, 2026 [Dkt. No. 37]; a hearing having been held on July 1, 2026 ("Hearing") regarding the Motion, during which interested parties, such as a representative from the Office of the U.S. Trustee, had the opportunity to appear and be heard; it appearing from the record that sufficient notice of the Motion and the Hearing having been provided and that no further notice is required in order to enter this Interim Order;; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED** on an *interim* basis, solely to the extent set forth herein.

2. Consistent with 11 U.S.C. § 345(b), the Debtor is authorized, but not directed, to (a) open and maintain a new debtor-in-possession operating account with Citizens Bank; (b) open any additional accounts at Citizens Bank as the Debtor may determine are necessary to maintain a proper Cash Management System during the post-petition period; (c) maintain and continue to use its existing Cash Management System and Business Forms with regard to all existing Bank

2

Accounts for a limited period, subject to the provisions below, including to process incoming debit, wire and ACH payments at any of the Bank Accounts; and (d) pay the post-petition Bank Fees in the ordinary course of business.

3. Within thirty days following entry of this Order, the Debor shall undertake to close all Bank Accounts maintained at the Banks, other than the Restricted Accounts. The Debtor shall provide written notice of the closure of any Bank Account to the U.S. Trustee.

4. Notwithstanding the Operating Guidelines and requirements of Section 345, the Debtor is permitted on an interim basis, through August 13, 2026, absent further order of the Court, to maintain the Restricted Accounts and to use any Business Forms relating to the Restricted Accounts, if any, as part of the Debtor's Cash Management System. Nothing in this Interim Order shall constitute a final waiver of the requirements of Section 345(b), or prejudice the rights of the Debtor, the U.S. Trustee, or any party in interest with respect to the Restricted Accounts, with all rights of the U.S. Trustee to object to entry of a Final Order permitting the Debtor to maintain the Restricted Accounts (and not close such Accounts) during the post-petition period expressly reserved.

5. The Banks at which the Bank Accounts are maintained are authorized and directed, to the extent applicable under this Interim Order, to continue to maintain, service, and administer the Bank Accounts as accounts of a debtor in possession, in accordance with the Motion, without interruption and in the ordinary course of business. In this regard, the Banks are authorized, but not directed, to receive, process, honor and pay any and all checks, ACH payments and other instructions, and drafts payable through, drawn or directed on the Bank Accounts by holders, makers or other parties entitled to issue instructions with respect thereto solely with respect to postpetition obligations or transactions otherwise authorized by this Interim Order or further order

3

of the Court, and only if sufficient funds are on deposit in the applicable Bank Accounts to process and honor such instructions with respect to obligations. The Banks are authorized to rely on the Debtor's designation of any particular check or other payment request as approved by this Interim Order. No Bank shall incur, and each Bank is hereby released from, any liability for relying upon the Debtor's instruction as to which checks, drafts, wire transfers or ACH transfers should be honored or dishonored or for such bank's inadvertence in honoring any check, draft, wire transfer or ACH transfer at variance from a Debtor's instructions, unless such inadvertence constituted gross negligence or willful misconduct on the part of such Bank.

6.      Those certain prepetition agreements existing between the Debtor and the Banks shall continue to govern the postpetition cash management relationship between the Debtor and the Banks and, subject to applicable bankruptcy or other law, all of the provisions of such agreements shall remain in full force and effect absent further order of the Court unless the Debtor and the Banks agree otherwise, and any other legal rights and remedies afforded to the Banks under applicable law shall be preserved, subject to applicable bankruptcy law.

7.      The Banks are authorized to charge, and the Debtor is authorized, but not directed, to pay, honor, or allow any postpetition Bank Fees or charges associated with the Bank Accounts, and charge back returned items to the Bank Accounts in the ordinary course. Any postpetition fees, costs, charges, expenses (including Bank Fees), chargebacks or any other reimbursement or payment obligations that are not paid are hereby accorded priority as administrative expenses pursuant to section 503(b)(1) of the Bankruptcy Code; provided that any such administrative expense status shall be junior to the carve out and approved superpriority administrative expense claims provided for under any Financing Order (as defined herein).

8.      No Bank that is provided with notice of this Interim Order shall honor or pay any checks, ACH payments or other bank payments drawn on the Debtor's Bank Accounts or otherwise issued before the Petition Date unless such payment is authorized by this Interim Order or another order of the Court.

9.      A further interim hearing (the "Second Interim Hearing") to consider the entry of a Final Order granting the relief requested in the Motion shall be held on **August 13, 2026 at 12:00 PM (prevailing Eastern Time) in the Harold D. Donohue Federal Building, Courtroom 3, 595 Main Street, Worcester, Massachusetts** and by Zoom.gov videoconference.  Parties in interest who wish to participate through Zoom, **by 12:00 p.m. one court business day before the hearing,** should email the Courtroom Clerk at sophia_howard@mab.uscourts.gov requesting remote participation, providing their name, the party they represent, and whether or not they will be an active participant in the hearing or only observing.  Participation by video is only permitted by parties in interest.  All other parties who wish to attend the hearing must attend in person.

10.     Notice of the entry of this Interim Order and of the Second Interim Hearing shall be served by the Debtor on the Notice Parties by **July 6, 2026**.

11.     Any objections to or responses in further support of issuance of a Final Order at the Second Interim Hearing shall be in writing, filed with the Court, and served in accordance upon the following parties prior to **August 3, 2026 at 4:00 PM (prevailing Eastern Time)**: (a) proposed counsel to the Debtor, Holland & Knight LLP, 10 St. James Avenue, 11th Floor, Boston, Massachusetts 02116, Attn: John Monaghan, Esq., Lynne Xerras, Esq., and Kathleen St. John, Esq., c/o lynne.xerras@hklaw.com; (b) counsel to Citizens Funding Corp. and Citizens Bank, N.A., Choate Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Douglas R. Gooding, Esq. and Jonathan D. Marshall, Esq., c/o dgooding@choate.com; (c) counsel to be

5

selected by any official creditors' committee upon its formation; and (d) the Office of the United States Trustee. The United States Trustee need not file a further objection.

12. Notwithstanding anything to the contrary herein, any payment to be made by the Debtor pursuant to the authority granted herein shall be subject to the applicable budget and/or cash collateral authorization requirements imposed on the Debtor under any orders entered by the Court approving the Debtor's (a) entry into any postpetition debtor-in-possession financing facility (the "DIP Order"), and (b) authorizing the Debtor's use of cash collateral (a "Cash Collateral Order," and, together with the DIP Order, the "Financing Orders"). To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Interim Order and the terms of any Financing Order, the terms of the Financing Order will govern.

13. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion, and the automatic stay is hereby modified to the extent necessary to effectuate the terms and provisions of this Interim Order.

14. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

15. Notwithstanding Bankruptcy Rule 6004(h), this Interim Order shall be effective and enforceable immediately upon entry hereof.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: July 2, 2026

_____
Elizabeth D. Katz
UNITED STATES BANKRUPTCY JUDGE