**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |
|---|---|
| In re:<br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758-EDK |

**DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING**
**RETENTION AND EMPLOYMENT OF VERDOLINO & LOWEY, P.C. AS**
**FINANCIAL ADVISOR TO THE DEBTOR AND DEBTOR IN POSSESSION**

The Sisters of St. Ann d/b/a Anna Maria College, as debtor and debtor in possession (the "College" or the "Debtor") in the above-captioned chapter 11 case, hereby submits this application (the "Application") for entry of an order substantially in the form attached as Exhibit A hereto (the "Order") authorizing the Debtor's retention of Verdolino & Lowey, P.C. ("V&L") as financial advisor to the Debtor, effective as of the Petition Date, under sections 327(a), 328(a), and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), and granting related relief as described herein. In support of the Application, the Debtor relies upon and incorporates by reference the accompanying *Signed Statement of Matthew R. Flynn, CPA, CFF, CIRA In Support of Application for Employment Pursuant to Bankruptcy Rule 2014(a) and Local Rule 2014-1* (the "Flynn Declaration"), attached hereto as

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

Exhibit B, as well as the *Declaration of Dr. Sean J. Ryan in Support of Chapter 11 Petition and First Day Pleadings* [ECF No. 9] (the "First-Day Declaration"), and respectfully states as follows:

## Jurisdiction and Venue

1.      The Court has jurisdiction to consider the Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## Background

4.      On June 26, 2026 (the "Petition Date"), the Debtor commenced the above-captioned case (the "Chapter 11 Case") by filing a voluntary chapter 11 petition with the United States Bankruptcy Court for the District of Massachusetts ("Court"). The Debtor continues to operate its business and manage its property as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      To date, no creditors' committee has been appointed by the Office of the United States Trustee (the "U.S. Trustee") and no trustee or examiner has been appointed.

6.      As described in the First-Day Declaration, for the past approximately 80 years, the Debtor operated a private, nonprofit, Catholic institution of higher education known as "Anna Maria College," offering a variety of undergraduate programs that integrated liberal arts education with career preparation and graduate programs that promoted professional achievement and responsibility. The College is situated on an approximately 260-acre residential campus at 50 Sunset Lane, Paxton, Massachusetts, just outside the City of Worcester, Massachusetts ("Campus").

2

7.      Prior to the Petition Date, the Debtor's board of trustees made the difficult decision to close the College and wind down operations following graduation of the senior class in May 2026 when it became clear that the Debtor's tuition revenue was no longer able to sustain College operations on a go-forward basis. The majority of the Debtor's employees were terminated on June 4, 2026 and paid in full through June 30, 2026, with only a skeletal team in place as of the Petition Date. The Debtor commenced this Chapter 11 Case to facilitate a Court-supervised process for liquidation of the College's assets for the benefit of the Debtor's creditor body.

8.      Additional factual background information about the Debtor, including its business operations, its corporate and capital structures, its restructuring efforts and the events leading to the filing of the Chapter 11 Case, is set forth in detail in the First-Day Declaration.[2]

**Retention and Qualifications of V&L**

9.      In April 2026, the Debtor retained V&L to provide general financial advisory, consulting, and back-office services to the Debtor in connection with the preparation and filing of the Debtor's chapter 11 petition and related documents, pursuant to an engagement letter attached hereto as Exhibit C (the "Engagement Letter"). V&L has significant qualifications and experience in providing the services contemplated by the Application. V&L's practice consists of senior financial, management consulting, accounting, and other professionals who specialize in providing financial, business, and strategic assistance, typically in distressed business  settings, and V&L serves troubled companies, debtors, secured and unsecured creditors, equity holders, and other parties in both in-court and out-of-court engagements. Principals of V&L are members of the American Institute of Certified Public Accountants, the American Bankruptcy Institute, and the

---

[2] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the First-Day Declaration.

Association of Insolvency & Restructuring Advisors, and are Fellows of the American College of Bankruptcy.

10. Around this time, the Board undertook an extensive review of the College's financial condition and, with the assistance of V&L and proposed counsel to the Debtor, Holland & Knight LLP ("H&K"), determined that, because the College was in a state of "financial exigency" as that term is understood under applicable accreditation standards and academic governance principles, the best course of action for the College's enrolled students, faculty, staff, creditors, and the public was to implement an orderly teach-out of enrolled students, cease academic operations following the conclusion of the Spring 2026 semester, and not accept further student enrollments. The Board voted to approve this liquidation process on or about April 22, 2026.

11. On May 8, 2026, the Board determined that conducting the orderly wind-down of the College through chapter 11, by means of a Section 363 sale process with Court oversight, would serve to maximize the value of the Debtor's assets, and authorized the filing of this Case and the continued engagement of V&L as financial advisor to the Debtor and of H&K as lead restructuring counsel.

12. V&L is highly qualified to serve the Debtor in this Chapter 11 Case. V&L has extensive knowledge of the Debtor's capital structure, financing documents, and other material agreements, and is familiar with the Debtor's business affairs and capital structure. Since V&L's initial engagement by the Debtor, V&L's personnel have worked closely with the Debtor's leadership and other professionals in assisting with the preparation of this Chapter 11 Case. The Debtor believes that V&L's personnel have developed significant, relevant experience and expertise regarding the Debtor, its operations, and the unique circumstances of the Debtor and

this Chapter 11 Case. Moreover, V&L has managed a wide variety of turnaround and bankruptcy engagements involving financially distressed nonprofit and for-profit entities.

13.     V&L has been employed as accountants and financial advisors to chapter 7 and chapter 11 trustees, examiners, debtors, debtors-in-possession, and creditors' committees in numerous bankruptcy cases in this District. *See, e.g., In re The Paper Store, LLC*, No. 20-40743 (Bankr. D. Mass. Aug. 11, 2020) [Dkt. No. 273]; *In re Sunset Partners, Inc.*, No. 17-12178 (JNF) [Docket No. 88] (Bankr. D. Mass. Aug. 8, 2017); *In re BT Prime Ltd.*, No. 15-10745 [Dkt. No. 29] (Bankr. D. Mass. Mar. 23, 2015); *In re Reed and Barton Corp.*, No. 15-10534 (HJB) [Dkt. No. 131] (Bankr. D. Mass. Mar. 20, 2015); *In re The Groves in Lincoln*, No. 13-11329 (HJB) [Dkt. No. 119] (Bankr. D. Mass. Apr. 5, 2013).

14.     The Debtor selected V&L to serve as its financial advisor in this Chapter 11 Case because of V&L's extensive experience assisting financially distressed nonprofit educational institutions with wind-down and liquidation matters, including experience serving alongside H&K in similar engagements, as well as V&L's substantial pre-petition involvement in, and familiarity with, the Debtor's financial affairs, operations, and the circumstances giving rise to this Chapter 11 Case.

15.     Accordingly, V&L is both well-qualified and able to advise the Debtor in the Chapter 11 Case, and such services will contribute to the efficient administration of the Debtor's estate, thereby minimizing expense and facilitating the progress of the Chapter 11 Case for the benefit of all involved.

### **RELIEF REQUESTED**

16.     By this Application, the Debtor respectfully requests entry of an order, pursuant to sections 327(a), 328(a), and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and

Local Rules 2014-1 and 2016-1, substantially in the form attached hereto as <u>Exhibit A</u>, authorizing it to employ and retain V&L as its financial advisor in accordance with the terms and conditions set forth in the Engagement Letter, effective as of the Petition Date.

**<u>BASIS FOR RELIEF REQUESTED</u>**

17.     Section 327(a) empowers a debtor, with the Court's approval, to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title." 11 U.S.C. § 327(a). Further, section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer . . ." 11 U.S.C. § 328(a).

18.     Bankruptcy Rule 2014(a) requires that a retention application include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

> Fed. R. Bank. P. 2014.

19.     As stated above, the Debtor has an immediate need to retain V&L as its financial advisor, and believes that its selection of V&L is sound and will be beneficial to all constituents as the Chapter 11 Case proceeds.

20.     As will be demonstrated below, the remaining circumstances of this Chapter 11 Case support retention and employment V&L under the standards set forth in the Bankruptcy Code and Bankruptcy Rules.

**Scope of Employment**

21.     Since April 2026, V&L has provided general wind-down advisory, consulting, and back-office services to the Debtor, including the services described on Exhibit A to the Engagement Letter. In connection with the Chapter 11 Case, the professional services that V&L will render to the Debtor may include, but shall not be limited to, the following:

a.      assisting in the preparation and review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

b.      assisting in the preparation of the proposed Debtor-In-Possession ("DIP") financing or use of cash collateral;

c.      assisting with the assessment and monitoring of the Debtor's short-term cash flow, liquidity, and operating results;

d.      assisting with the Debtor's potential disposition or liquidation of both core and non-core assets;

e.      assisting with the Debtor's cost/benefit analysis with respect to the affirmation or rejection of various executory contracts and leases;

f.      assisting with the Debtor's identification of potential cost savings, including overhead and operating expense reductions and efficiency improvements;

g.      assisting in the asset sale process, including, but not limited to an assessment of the adequacy of the marketing process, completeness of any buyer lists, review and quantifications of any bids;

h.      assisting with the review of any tax issues associated with, but not limited to, claims/stock trading, preservation of net operating losses, refunds due to the Debtor, plan of reorganization, and asset sales;

i.      assisting in the claims reconciliation and estimation process;

j.      assisting in the preparation and review of other financial information for the Debtor, including, but not limited to, cash flow projections and budgets, business plans, cash receipts and disbursement analysis, asset and liability analysis, and the economic analysis of proposed transactions for which Court approval is sought;

k.      assisting in the review and/or preparation of information and analysis necessary for the confirmation of a plan and related disclosure statement in this chapter 11 proceeding;

l.      rendering such other general business consulting or such other assistance as may be necessary and consistent with the role of a financial advisor and not duplicative of services provided by other professionals in this proceeding; and

7

m. assisting with the wind-down and closure of the College's operations, including the retention of necessary College personnel as consultants, the development and monitoring of a records retention plan, the termination of the College's contractual agreements and retirement plans, and the completion of final audits and reports required to be submitted to federal and state regulatory agencies.

**Professional Compensation**

22. Subject to this Court's approval, and in accordance with 11 U.S.C. § 330(a), Bankruptcy Rule 2014, Local Rule 2014-1, and any orders of this Court, the Debtor requests that V&L be compensated on an hourly basis and be reimbursed for the actual, necessary expenses it incurs in connection with this Chapter 11 Case and as further set forth in the Engagement Letter (the "Fee Structure"). Specifically, pursuant to the Fee Structure: (i) V&L required a retainer of $25,000.00 (the "Advance Retainer") in connection with its engagement; (ii) V&L bills for its services on an hourly basis at rates discounted 10% from V&L's standard hourly rates as an accommodation to the Debtor; and (iii) V&L will charge the Debtor for all necessary out-of-pocket expenses including, but not limited to travel, telecommunication and facsimile, photocopying, postage, and delivery. The standard hourly rates of staff to be assigned to the Chapter 11 Case vary, but range from $105.00 to $595.00 per hour. V&L reviews its rates during December of each year and adjustments generally become effective for work performed on or after the following January 1st.

23. The Fee Structure is consistent with, and typical of, arrangements entered into by V&L and other professional services firms of comparable expertise and experience for engagements of similar size and complexity. V&L has agreed to and will comply with the requirements contained in any fee guidelines promulgated by the Bankruptcy Court.

24. As set forth in the Flynn Declaration, and pursuant to Bankruptcy Rule 2016(b), V&L has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this Chapter 11 Case.

8

25.     Prior to the Petition Date, the Debtor provided V&L with the Advance Retainer, against which V&L has applied all prepetition outstanding fees and expenses. No portion of the Advance Retainer remains, and no further prepetition amounts are owed to V&L.

### V&L's Disinterestedness

26.     To the best of the Debtor's knowledge, information, and belief, and except to and to the extent disclosed herein and in the Flynn Declaration, V&L and its professionals are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code. Further, the Debtor believes that V&L does not hold any interest materially adverse to the Debtor or its estate in connection with the matters for which V&L is to be retained by the Debtor.

27.     Further, to the best of the Debtor's knowledge, and except as otherwise disclosed in the Flynn Declaration, the professionals at V&L do not have any connection with the Debtor, its affiliates, creditors, any other party in interest, the U.S. Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the District of Massachusetts or any person employed in the offices of the same.

28.     As set forth in greater detail in the Flynn Declaration, V&L has in the past advised or otherwise worked with certain parties in interest in connection with matters other than the Chapter 11 Case. V&L has evaluated potential conflicts of interest with respect to the parties in interest in this matter and is not aware of any actual conflicts arising from its past or current representation of any persons or entities identified to V&L by the Debtor as being involved in the Chapter 11 Case. The Debtor submits that these unrelated engagements do not disqualify V&L under Bankruptcy Code section 327(c), since the simultaneous engagement of the Debtor and third parties does not give rise to an actual conflict of interest.

29.     The Debtor understands that V&L will continue to conduct period conflicts analyses to determine whether any conflicts or other disqualifying circumstances exist or arise. If

9

any relevant facts or relationships are discovered, V&L will promptly file a supplemental declaration as required by Bankruptcy Rule 2014(a).

**No Duplication of Services**

30.     The Debtor intends that the services to be provided by V&L will complement, and not duplicate, the services being rendered by H&K and any other professionals retained in this Chapter 11 Case. V&L understands that the Debtor has retained, and may retain, additional professionals during the pendency of this Chapter 11 Case, and V&L will work cooperatively with such professionals to integrate its work with the work performed by such other professionals on behalf of the Debtor.

31.     The Debtor submits that for all the reasons stated above and in Flynn Declaration, the retention and employment of V&L is necessary and in the best interests of the Debtor, its estate, and its creditors, and should be approved, effective as of the Petition Date.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtor to employ and retain V&L as its financial advisor effective as of the Petition Date on the terms described herein, and granting such other further relief as is just and proper.

Dated: July 10, 2026

Respectfully submitted,

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE,

_____
By:  Sean J. Ryan, EdD.
Its: President

11