# EXHIBIT A

## (Kelleher Declaration)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE,

Debtor.[1]

Chapter 11

Case No. 26-40758-EDK

**DECLARATION OF WILLIAM D. KELLEHER IV IN SUPPORT OF DEBTOR'S
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING RETENTION
AND EMPLOYMENT OF KELLEHER & SADOWSKY ASSOCIATES, INC. AS
REAL ESTATE BROKER TO THE DEBTOR AND DEBTOR IN POSSESSION**

I, William D. Kelleher IV, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1.     I am a Principal & Managing Partner with Kelleher & Sadowsky Associates, Inc. ("Kelleher"), a real estate brokerage firm. I am over the age of eighteen, am authorized to submit this declaration (the "Declaration") on Kelleher's behalf and am competent to testify on the matters contained herein. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other Kelleher professionals or paraprofessionals or learned from my review of relevant documents.

2.     This Declaration is submitted pursuant to sections 327(a) and 328(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1, 2016-1, and 6005-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

for the District of Massachusetts ("Local Rules") in support of *Debtor's Application for Entry of an Order Authorizing Retention and Employment of Kelleher & Sadowsky Associates, Inc. as Real Estate Broker to the Debtor and Debtor in Possession* (the "Application"),[2] filed contemporaneously herewith by The Sisters of St. Ann d/b/a Anna Maria College, as debtor and debtor in possession in the above-captioned chapter 11 case (the "College" or the "Debtor").

**Kelleher's Qualifications**

3.      Kelleher is a commercial real estate agency in Worcester, Massachusetts, and it has been recognized by the Boston Business Journal as the highest ranked independent and locally-owned commercial real estate firm in the metro-Boston region and the Commonwealth of Massachusetts.

4.      Kelleher specializes in commercial real estate brokerage in Worcester, Central Massachusetts, the MetroWest region, and beyond. Kelleher's depth of experience in property management, marketing, and brokerage services makes Kelleher uniquely qualified to deal effectively with the issues that may arise in the context of this Chapter 11 Case.

5.      I, along with other professionals at Kelleher, have extensive experience working with companies from a variety of industries in complex financial restructurings, both out-of-court and in chapter 11 cases. Kelleher professionals have been retained as brokers in numerous cases, including, among others: *In re: The Academy at Penguin Hall, Inc.*, No. 25-11191-CJP [Dkt. No. 88] (Bankr. D. Mass. Sept. 15, 20125); and *In re: W Lofts Dev., LLC*, No. 23-40157-CJP [Dkt. No. 242] (Bankr. D. Mass. Oct. 24, 2023). Kelleher has extensive experience working efficiently with

---

[2] Capitalized terms not herein defined shall have the meanings ascribed to them in the Application unless otherwise indicated.

2

debtors in possession or trustees and their other retained professionals to facilitate real property sales.

6. The Debtor retained Kelleher as its real estate broker, pursuant to an Exclusive Right to Sell Agreement dated June 4, 2026 (the "Broker Services Agreement").

7. In working with the Debtor to develop the Broker Services Agreement, Kelleher has developed a familiarity with the Campus and its surrounding market. Kelleher has significant relevant experience and expertise regarding the marketing and sale of the Campus that uniquely positions it to provide effective and efficient brokerage services to the Debtor in the Chapter 11 Case.

8. Accordingly, I believe Kelleher is both well-qualified and able to advise the Debtor in the Chapter 11 Case, and such services will contribute to the efficient administration of the Debtor's estate, thereby minimizing expense and facilitating the progress of the Chapter 11 Case for the benefit of all involved.

**Services to Be Rendered**

9. The Broker Services Agreement governs the relationship between the Debtor and Kelleher. The terms and conditions of the Broker Services Agreement were negotiated at arm's length and in good faith between the Debtor and Kelleher and reflect the mutual agreement as to the substantial efforts that will be required in connection with this engagement.

10. The Broker Services Agreement provides that Kelleher shall be the Debtor's exclusive broker to arrange the sale or other disposition of the Campus. In that role, Kelleher will work with the Debtor to identify prospective purchasers and other transaction partners, and to market the Campus in a manner that will assist the Debtor to maximize the recovery from this asset.

3

11.     Under the Broker Services Agreement, in exchange for the Transaction Fee (discussed below and as defined in the Broker Services Agreement), Kelleher has agreed to use commercially reasonable, good faith efforts to sell the Campus and to develop a marketing program that includes the following activities:

   a.   Marketing Administration: Kelleher will administer and plan all activities related to the marketing of the Campus, subject at all times to the Debtor's approval.

   b.   Follow-Up on Inquiries: Kelleher will conduct a proactive system of following up on all inquiries resulting from mailings, brochures, distributed promotional literature, and telephone calls.

   c.   Cooperation with Other Brokers: Kelleher will cooperate with other licensed brokers.

   d.   Preparation of Promotional Material: Kelleher will coordinate and assist in the preparation of descriptive promotional material.

   e.   Signage: Kelleher will place signage on the Campus to stimulate inquiries, if requested by the Debtor.

   f.   Listing on Marketing Platforms: Kelleher will list the Campus with Kelleher & Sadowsky Associates, Inc., RCM, Co-Star, Crexi, and LoopNet to gain local, regional, and national marketing exposure.

12.     The services that Kelleher will provide to the Debtor are necessary to ensure the Debtor is able to obtain the maximum possible price for the Campus.

13.     The services to be provided by Kelleher will not duplicate the services that other professionals will be providing to the Debtor in the Chapter 11 Case. Kelleher will carry out unique functions and will use reasonable efforts to coordinate with the Debtor's other retained professionals to avoid the unnecessary duplication of services.

**Disinterestedness of Professionals**

14.     Kelleher does not possess any interest materially adverse to the Debtor with regard to the matters upon which it has been retained.

4

15.     In preparing this Declaration, Kelleher used a set of procedures developed to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Disclosure Procedures") to be performed in order to determine whether Kelleher: (i) holds or represents any interests adverse to the estate of the Debtor, (ii) has any connections with the Debtor, its creditors, any other party-in-interest, that could give rise to an interest that is materially adverse to the Debtor or its estate, and (iii) is a "disinterested person" as required pursuant to the Bankruptcy Code and Bankruptcy Rules.  An overview of the Disclosure Procedures is as follows:

   a.   Kelleher requested and obtained a list of interested parties (the "Interested Parties")[3] from the Debtor, which Kelleher reviewed. The Interested Parties include: the Debtor; the Debtor's affiliate, directors, officers, management, senior leadership, and management; its secured creditors and their respective professionals; the Debtor's twenty (20) largest unsecured creditors; various regulatory and taxing agencies, contract and litigation counterparties; key members of the office for the United States Trustee for Region 1; the bankruptcy judges for the Bankruptcy Court for the District of Massachusetts and members of the Office of the U.S. Trustee for the District of Massachusetts; the prospective purchaser; and their respective counsel. A list of the Interested Parties separated by category is attached hereto as Schedule 1.

   b.   Upon review of the identified Interested Parties, Kelleher determined that there were no known connections between former or recent clients nor conflicts of any other nature.

16.     Kelleher is not a "creditor" of the Debtor within the meaning of section 101(10) of the Bankruptcy Code. Additionally, Kelleher is not, nor are any of Kelleher's professionals:

   a.   creditors, equity security holders, or insiders of the Debtor;

   b.   directors, officers, or employees of the Debtor, presently or within two years before the date of filing of the Debtor's Chapter 11 petition; and

---

[3] The list of Interested Parties is expected to be updated during these cases. Kelleher continues to review the relationships it may have with potentially interested parties and to determine whether any relationships other than those set forth herein exist. As may be necessary, Kelleher will supplement this Declaration if it becomes aware of a relationship that may adversely affect Kelleher's retention in this Chapter 11 Case or discovers additional parties in interest through the filing of statements of financial affairs or statements under Rule 2019. Kelleher will update this disclosure if it is advised of any trading of claims against or interests in the Debtor that may relate to Kelleher's retention or otherwise requires such disclosure.

    c.  holding interests materially adverse to the interest of the estate or of any class of creditors or equity security holders.

17. Further, I am not related, and to the best of my knowledge, no professional at Kelleher is related, to any United States Bankruptcy Judge in District of Massachusetts, the United States Trustee for the District of Massachusetts, or any assistant United States Trustee in Region 1.

18. To the best of my knowledge, neither I, Kelleher, nor any professional thereof, has any connection with the United States Trustee or any employee of the United States Trustee's Boston, Massachusetts office that gives rise to an adverse interest.

19. It is possible that Kelleher may represent one or more prospective parties to a Sale. To market the Campus properly and maximize the Debtor's recoveries, Kelleher cannot exclude those prospective parties from this process

20. To that end, the Debtor has consented to Kelleher's potential dual representation of a prospective party to a Sale, provided however, such representation is disclosed to the Debtor prior to submission of any Offer to Purchase.

21. Based on the Disclosure Procedures as conducted to date and described herein, to the best of my knowledge, Kelleher and each of its professionals is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and neither I, Kelleher, nor its professionals, insofar as I have been able to ascertain, represents or holds any interest adverse to the Debtor, or has any connection with the Debtor, its significant creditors or any other parties-in-interest, or their respective attorneys and accountants, or any person employed in the Office of the United States Trustee, or any bankruptcy judge currently serving on the United States Bankruptcy Court for the District of Massachusetts, except as disclosed or as otherwise described herein.

22.     To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Kelleher's retention are discovered or arise, Kelleher will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**Professional Compensation**

23.     In consideration of the services to be provided by Kelleher, and as more fully set forth in the Broker Services Agreement, subject to Court approval, the Debtor has agreed to pay Kelleher in accordance with the following fee structure (the "Transaction Fee Structure"):

a.  Transaction Fee: In the event the Campus is sold for $10,000,000, or less, Kelleher shall be entitled to be paid a transaction fee (the "Transaction Fee") equal to five percent (5%) of the gross sale price of the Campus upon the closing of a Sale. In the event the "Listing Brokerage Team" of William D. Kelleher, IV and Drew Higgins are the sole broker of record related to the transaction, the Transaction Fee shall be reduced to four percent (4%) of the gross sale price of the Campus upon the closing of a Sale. In the event the Campus is sold for $10,000,000, or more, Kelleher shall be entitled to be paid a Transaction Fee equal to four percent (4%) of the gross sale price of the Campus upon the closing of a Sale. In the event the "Listing Brokerage Team" of William D. Kelleher, IV and Drew Higgins are the sole broker of record related to the transaction, the Transaction Fee shall be reduced to three percent (3%) of the gross sale price of the Campus upon the closing of a Sale.

b.    The Transaction Fee shall be earned, due and payable by the Debtor upon the closing of a Sale; provided, however, that the Transaction Fee shall be payable regardless of when the closing of a Sale occurs so long as (i) a contract for such transaction is executed prior to the Termination Date of the Broker Services Agreement, or (ii) a contract for such transaction is executed with a Qualified Purchaser within twelve (12) months after the Termination Date of the Broker Services Agreement, provided in all events that the closing of a Sale does occur. In no event shall the Transaction Fee exceed $600,000, which shall be considered the "Commission Cap."

24.     Kelleher has no agreement with any other entity to share with such entity any compensation received by Kelleher in connection with the Chapter 11 Case, other than as permitted by section 504 of the Bankruptcy Code.

7

25.     Pursuant to Local Rule 2014-1(a)(5), Kelleher has not received any retainer in connection with this engagement. Kelleher's sole compensation for its services is the contingent Transaction Fee described above, which is payable only upon the closing of a Sale.

26.     Pursuant to Local Rule 6005-1(b)(3)-(4), Kelleher discloses that the Transaction Fee is calculated as a percentage of the gross sale price of the Campus upon the closing of a Sale, and, accordingly, if a prospective purchaser identified by Kelleher becomes the successful bidder only after subsequent competitive bidding against another proposed buyer, the Transaction Fee will be calculated based on the actual gross sale price achieved at the closing of the Sale ultimately approved by the Court (i.e., the final bid), and not any earlier or original bid amount. Because Kelleher serves as the Debtor's exclusive listing broker for the Campus generally, rather than as the exclusive representative of any single prospective purchaser, Kelleher is not aware of any agreement or arrangement whereby it would be entitled to receive a commission limited to the amount of an unsuccessful original bid in the event that a purchaser identified by Kelleher participates in, but does not prevail in, competitive bidding at auction.

27.     Pursuant to Local Rule 2014-1(a)(7), I represent that I have reviewed the provisions of Local Rule 2016-1.

## No Duplication of Services

28.     Kelleher will carry out unique functions and will use reasonable efforts to coordinate with the Debtor's other retained professionals to avoid the unnecessary duplication of services. I believe that the services to be provided by Kelleher will complement and will not be duplicative of any services of the Debtor's other professionals.

## Other Disclosures

29.     The undersigned is competent to provide real estate broker services to the Debtor.

30.     I have read the Application of the Debtor accompanying this Declaration for an order approving the retention of Kelleher, as real estate broker, and, to the best of my knowledge, information, and belief, the contents of said Application are true and correct.

**Reservation of Rights**

31.     Although Kelleher has taken reasonable steps to ascertain whether past and current clients are creditors of the Debtor, affiliated with the Debtor, or are otherwise parties-in-interest, Kelleher's analysis is ongoing. Accordingly, Kelleher reserves the right to supplement this Declaration as appropriate and necessary.

Pursuant to 28 U.S.C. § 1746, to the best of my knowledge, information, and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

Signed this 10th day of July 2026 at Boston, Massachusetts.

/s/ William Kelleher

William D. Kelleher IV
Principal & Managing Partner
Kelleher & Sadowsky Associates, Inc.

## SCHEDULE 1

## LIST OF POTENTIAL PARTIES IN INTEREST

THE SISTERS OF SAINT ANN d/b/a ANNA MARIA COLLEGE
LIST OF POTENTIAL PARTIES IN INTEREST

Debtor:

The Sisters of Saint Ann d/b/a Anna Maria College

Non-Debtor Affiliated Non-Profit:

The Community of the Sisters of Saint Anne

Directors, Officers and Other Management:

Members of the Debtor's Former and Current Board of Trustees and past management

Lender:

Citizens Funding Corp.
Citizens Bank, National Association
Massachusetts Development Finance Agency

*Depositary Banks*:

Citizens Bank, N.A.
CW Advisors, LLC
Country Bank
Gateway Financial Partners

*Proposed DIP Lender*:

See "Lenders."

Regulatory and Taxing Agencies:

Internal Revenue Service
U.S. Environmental Protection Agency
U.S. Dept. of Education
Massachusetts Dept. of Higher Education
Massachusetts Dept. of Revenue
Massachusetts Dept. of Environmental Protection
Massachusetts Dept. of Unemployment Assistance
Massachusetts Dept. of Public Health
Massachusetts Office of the Attorney General
Massachusetts Board of Registration in Nursing
MassHire Department of Career Services
Town of Paxton

Massachusetts Dept. of Public Health
New England Commission of Higher Education
Accreditation Commission for Education in Nursing, Inc.
American Music Therapy Association
Massachusetts Department of Veterans Services
National Association of Schools of Music
Massachusetts Office of
 Emergency Medical Services
Arkansas Dept. of Finance & Administration
Connecticut Dept. of Revenue Services
Kansas Dept. of Revenue
Michigan Dept. of Treasury
New Jersey Division of Taxation
Rhode Island Division of Taxation
Vermont Department of Taxes
Ohio Department of Taxation
Council on Social Work Education
United States Attorney's Office for the District of Massachusetts
Town of Paxton Fire Dept.

Contract Counter-Parties (Active):

Marlin Leasing Corp.
Xerox/Connecticut Business Systems
Waybetter Marketing Inc.
Risepoint, LLC
Charter Communications / Spectrum
Pharos Resources, LLC
Automatic Laundry Services Company, Inc.
Town of Paxton
Spectrum Enterprise/Charter Communications
Wiley edu, LLC
John Wiley & Sons, Inc.
Karin Ciance
James Bidwell
Connecticut Business Systems, LLC
Judith LeDoux
David McCauley
Sean Ryan
Chioma Ugochukwu

Employee Benefits:

TIAA-CREF
University Health Plans
Paycom

Mass General Brigham Health Plan Inc.
Altus Dental
Reliance Standard Life Insurance
Fidelity Investments

Litigation Parties:

David E. Roy
Elaina M. Roy
David E. Roy, Jr.

Utilities/Local Service Providers:

Paxton Municipal Light Department
RoadRunner Recycling, Inc.
Chemsearch FE
Dileo Gas Inc.
Holden Municipal Light Department
Mohawk Communications LLC
Peterson Oil Service Inc.
Spectrum Enterprise
Charter Communications
Stericycle Inc.
Verizon Wireless
Uniti Solutions Services
City of Worcester

Insurance Providers:

Brown & Brown
Landmark American Insurance Company
RSC Insurance Brokerage, Inc.
The Hanover Insurance Group, Inc.
Citizens Ins. Co. of America
Endurance American Insurance Company

Twenty Largest Creditors:[1]

Automatic Laundry Services Co Inc
Bowdoin Construction
BSN Sports LLC
City of Worcester – Dept. of Conservation and Recreation
Emergency Education Consultants
Flood Fire Pro Inc.
Fun Enterprises Inc.

---

[1] Certain creditors are listed previously and omitted from this Section.

#538287193v6<ACTIVE> - Anna Maria College - List of Interested Parties for Service List/Conflicts Check

Lyme Green Heat
Meadow Technologies
Risepoint, LLC
Rize Education
Sodexo, Inc
Technolutions, Inc.
Town of Paxton
Town of Paxton Police Dept.
U.S. Department of Education – IHE Program Management
U.S. Department of Education – Oversight Enforcement
Waybetter Marketing Inc
Whitewater Inc
Xerox Financial Services

Professionals retained by Debtors:

Holland & Knight LLP
Verdolino & Lowey, P.C.
Boston Growth Partners
Kelleher & Sadowsky Associates, Inc.

Counsel to Creditors/Third Parties:

Choate, Hall & Stewart LLP
Robins Kaplan LLP
Segal Roitman, LLP
Kelleher & Sadowsky Associates, Inc.

U.S. Trustee for Region 1 and U.S. Trustee's Office (Massachusetts) Key Staff Members:

William K. Harrington, U.S. Trustee

Massachusetts Judges (the Honorable):

Chief Judge Elizabeth D. Katz
Judge Christopher J. Panos
Judge Janet E. Bostwick