UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| THE SISTERS OF ST. ANN | ) |
| d/b/a ANNA MARIA COLLEGE, | ) |
|  | )    Chapter 11 |
| Debtor | )    Case No. 26-40758-EDK |

**UNITED STATES TRUSTEE'S LIMITED OBJECTION
TO DEBTOR'S MOTION FOR ENTRY OF ORDER
APPROVING SALE PROCEDURES
(WITH CERTIFICATE OF SERVICE)**

William K. Harrington, the United States Trustee for Region 1, objects to

the *Motion for entry (1) an order (A) approving sale procedures in connection with the sale of*

*substantially all of the debtor's assets in one or more transactions, (B) scheduling an auction*

*and hearing to approve the sale(s) and the form and manner thereof, (C) establishing procedures*

*relating to the assumption and assignment of executory contracts and expired leases, (D)*

*authorizing de minimis sales of assets free and clear of all liens, claims, encumbrances and other*

*interests and (E) granting related relief; and II) an order (A) approving the sale of substantially*

*all of the debtor's assets, in one or more transactions free and clear of all liens, claims,*

*encumbrances, and other interest, (B) authorizing the assumption and assignment of certain*

*executory contracts and unexpired leases, and (C) granting certain related relieve* (DE5) (the

"Sale Procedures Motion") filed by The Sisters of St. Ann, Inc. d/b/a Anna

Maria College ("Debtor") and requests that the Court modify certain provisions

1

in the proposed sale procedures order (DE5-1) ("Sale Procedures Order") to ensure that, consistent with its fiduciary duties, the Debtor maximizes the return on the sale of its assets.

In support, the United States Trustee says:

## JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF

1.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.  L.R. Dist. Mass. 201 and 206.

2.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3.     Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4.     The legal basis for relief includes 28 U.S.C. § 586(a)(3), 11 U.S.C. §§ 307, 363(b) and 503(b), Fed. R. Bankr. P. 6004 and MLBR 6004-1(c).

5.     By order dated July 13, 2026 (DE66), the Court extended the United States Trustee's deadline for objecting to the Sale Procedures Motion through July 14, 2026.  DE40 (scheduling order).  This motion is therefore timely.

## FACTS

### A. The Debtor files for bankruptcy.

6.     The Debtor filed a voluntary chapter 11 petition on June 26, 2026.

7.     The United States Trustee conducted the Debtor's initial debtor interview on July 7, 2026 at 2:00 p.m. The telephonic section 341 meeting is

scheduled for Monday, July 27, 2025 at 1:30 p.m.

8.      The United States Trustee solicited interest in the formation of an official committee of unsecured creditors on June 30, 2026.  He is currently reviewing completed questionnaires.

9.      The Court extended the Debtor's deadline to file schedules and SOFA through July 23, 2026.  DE59.

10.      According to the Sale Procedures Motion and the DIP financing motion (DE14), the Debtor's bankruptcy exit strategy is to sell substantially all of its assets - the property, plant and equipment of Anna Maria College – in whole or seriatim, including through one or more (as of yet) unidentified stalking horse bidders, free and clear of all liens and subject to higher and better bids.

11.      According to an appraisal, the Debtor's most valuable asset - the 261.75 acres of real estate comprising the college's campus (the "Real Estate") – is worth as much as $42,170,000.  DE14 at 32.

## OBJECTION

12.      A debtor in possession owes a fiduciary duty to the estate's creditors. *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 352, 355 (1985); *see also Bezanson v. Thomas (In re R & R Assocs. of Hampton)*, 402 F.3d 257, 266 (1st Cir. 2005) (stating that debtor in possession duties "include the maximization of the value of the debtor's assets").

**A. The 5% Initial Overbid Amount is too high given the asset sale prices being discussed and will discourage counterbids.**

13.     In the Sale Procedures Motion and the Sale Procedures Order, the Debtor requests that the Court establish guidelines for the sale of its assets, reserving the right to request supplemental procedures pertaining to stalking horse bidders.

14.     The local rules require that the Court approve in advance any proposed terms protecting a stalking horse.  Specifically, they

a. prohibit break-up fees exceeding the lesser of 5% of the proposed original purchase price or $50,000;

b. require Court approval of break-up fees upon application by the bidder; and

c. prohibit bid increments exceeding 5% of the proposed purchase price.

MLBR 6004(c).

15.     The Sale Procedures Order provides that if the Debtor designates a stalking horse bidder for any asset, then any qualifying counterbidder must make an initial overbid amount of 5% over the stalking horse bidder's price.  Sale Procedures Order at 30.

16.      The United States Trustee recommends that this percentage be reduced with respect to counterbids for the Real Estate.  An example illustrates the problem.

17.     Suppose the Debtor receives a stalking horse bid of $20,000,000 for one or more parcels of the Real Estate.  In its present form, the Sale Procedures Order would require a counterbidder to bid at least $21,000,000 "*plus any approved bid protections [e.g., break-up fees] . . .*" to have a qualifying bid (defined as the "Initial Overbid Amount") (italics added).  *Id.*

18.     The United States Trustee believes that the 5% overbid requirement, without or without required break-up fees, will unnecessarily chill counterbids for the Real Estate given its very large, appraised value.

19.     Accordingly, the United States Trustee requests that the Court reduce the Initial Overbid Amount percentage to a lower amount – 2% - for all counterbids to stalking horse bids involving Real Estate.

## B. Citizens Bank's serving as a "Consultation Party" with the right to credit bid gives it an unfair advantage over other prospective bidders.

20.     Citizens Bank ("Citizens") is wearing two hats in this case – as prepetition bond lender and the postpetition DIP lender.  Sale Procedures Motion at 25.

21.     The Sale Procedures Motion gives it a third - "Consultation Party." *Id.*  In that capacity, Citizens will review all bids and have input on the Debtor's determination of whether a "Potential Bidder" for the Debtor's assets is a "Qualified Bidder." *Id.*

22. The Sales Procedure Motion correctly provides that Citizens may credit bid for any of the Debtor's assets on which it has enforceable liens. *Id. See* 11 U.S.C. § 363(k). *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639 (2012). And Citizens' role as Consultation Party terminates if it submits a bid. Sale Procedures Motion at 25.

23. The United States Trustee believes that requiring Citizens to drop out only after it submits a credit bid gives it an unfair advantage, because its bid would have been determined based on information that it obtained in its capacity as a Consultation party - the amounts of the other bids.

24. Accordingly, the United States Trustee requests that the Court modify the Sale Procedures Order to require Citizens to make a choice prior to bids being submitted to the Debtor – it either serves a Consultation Party or agrees not to make a credit bid.

25. Allowing Citizens to base its credit bid decision on information unavailable to the other bidders disadvantages the latter and will result in lower sales prices, possibly in situations where a bidder wants to bid on one but not all three parcels of Real Estate.

C. **The Bid Procedures Motion cure notice and assumption/cure/adequate assurance deadlines should be extended and the Debtor should provide counterparties with evidence of adequate assurance with its notice of successful bidder.**

26.    The Sale Procedures Motion:

a. requires the Debtor to provide cure notices to executory contract counterparties on or before September 14, 2026, with assumption/cure objections due on September 28, 2026;

b. places the burden on counterparties to request notice of adequate insurance; and

c. gives counterparties five business days to submit adequate assurance objections.

Sale Procedures Motion at 34-37.

27.    The United States Trustee submits that the timeframes above are unnecessarily short and should be extended.

28.    The United States Trustee also questions why counterparties must request notice of adequate assurance. *Id.* at 36 (defining an "Adequate Assurance Notice Request").

29.    It seems incongruous that while the Debtor may extend sale procedure deadlines "in consultation with its advisors and the Consultation Parties . . . " (*Id.* at 29) to get more bids, counterparties must ask, on very short notice, for basic information about the winning bidder's ability to perform under

7

an assumed contract.

30.     The Court should direct the Debtor to provide adequate assurance information automatically to all counterparties with its notice of successful bidder.

## RELIEF REQUESTED

For these reasons, the United States Trustee requests that the Court enter orders: 1) modifying the Sale Procedures Order per the above; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

Respectfully submitted,

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:     */s/ Eric K. Bradford*
Eric K. Bradford BBO#560231
Department of Justice
John W. McCormack Post Office & Courthouse
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3934
Phone: (202) 306-3815
Fax: (617) 565-6368

Dated:  July 14, 2026.               Eric.K.Bradford@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 14, 2026, true and correct copies of the foregoing pleading were served by CM/ECF only upon the individuals who filed electronic notices of appearance in the Court's CM/ECF database, including the Debtor's attorneys.

WILLIAM K. HARRINGTON,
UNITED STATES TRUSTEE,
REGION 1

By:    */s/ Eric K. Bradford*
       Eric K. Bradford BBO#560231
       Department of Justice
       John W. McCormack Post Office & Courthouse
       5 Post Office Square, 10th Floor, Suite 1000
       Boston, MA 02109-3934
       Phone: (202) 306-3815
       Fax: (617) 565-6368
Dated:  July 14, 2026.          Eric.K.Bradford@usdoj.gov

## BY CM/ECF:

Robert F. Callahan, Jr. on behalf of Creditor David E Roy, Jr.
rcallahan@robinskaplan.com

Robert F. Callahan, Jr. on behalf of Creditor David E. Roy
rcallahan@robinskaplan.com

Robert F. Callahan, Jr. on behalf of Creditor Elaina M. Roy
rcallahan@robinskaplan.com

Paul W. Carey on behalf of Creditor Town of Paxton
pcarey@miricklaw.com, bankrupt@mirickoconnell.com

Shannah L. Colbert on behalf of Creditor Town of Paxton
scolbert@miricklaw.com, afogg@miricklaw.com

Anthony A. Froio on behalf of Creditor David E Roy, Jr.
afroio@robinskaplan.com

9

Anthony A. Froio on behalf of Creditor David E. Roy
afroio@robinskaplan.com

Anthony A. Froio on behalf of Creditor Elaina M. Roy
afroio@robinskaplan.com

Douglas R. Gooding on behalf of Other Professional Citizens Bank, N.A.
dgooding@choate.com, jmarshall@choate.com,douglas-gooding-
9991@ecf.pacerpro.com

Paul G. Lannon on behalf of Debtor The Sisters of Saint Ann, Inc. d/b/a Anna Maria
College
paul.lannon@hklaw.com, jennifer.blake@hklaw.com

Jonathan D Marshall on behalf of Other Professional Citizens Bank, N.A.
jmarshall@choate.com

John J. Monaghan on behalf of Debtor The Sisters of Saint Ann, Inc. d/b/a Anna Maria
College
bos-bankruptcy@hklaw.com, hapi@hklaw.com

Kathleen Morris St. John on behalf of Debtor The Sisters of Saint Ann, Inc. d/b/a Anna
Maria College
kathleen.stjohn@hklaw.com

Tani E. Sapirstein on behalf of Creditor Country Bank for Savings
tani@sandslaw.com

Lynne B. Xerras on behalf of Debtor The Sisters of Saint Ann, Inc. d/b/a Anna Maria
College
lynne.xerras@hklaw.com