**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758-EDK |

**NOTICE OF SALE PROCEDURES, AUCTION DATE, AND SALE HEARING**

**PLEASE TAKE NOTICE** that on June 26, 2026, The Sisters of St. Ann d/b/a Anna Maria College, as debtor and debtor in possession in the above-captioned chapter 11 case (the "College" or the "Debtor") filed the *Motion for Entry of (I) An Order (A) Approving Sale Procedures in Connection with the Sale of Substantially All of the Debtor's Assets in One or More Transactions, (B) Scheduling an Auction and Hearing to Approve the Sale(s) and the Form and Manner of Notice Thereof, (C) Establishing Procedures Relating to the Assumption and Assignment of Executory Contracts and Unexpired Leases, (D) Authorizing De Minimis Sales of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (E) Granting Related Relief; and (II) An Order (A) Approving the Sale of Substantially All of the Debtor's Assets, in One or More Transactions, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Certain Related Relief* [Dkt. No. 5] (the "Sale Motion"). The Debtor seeks, among other things, authority to sell (the "Sale(s)") substantially all of its real, personal, and intangible property to be acquired by the Successful Bidder(s) (the "Sale Assets"),[2] other than the assets excluded from the Sale, which include, without limitation, (a) all assets, contracts, permits, licenses, accreditations, and other property related to the Debtor's nursing program, (b) all donor-restricted endowment funds and donor-restricted purpose funds, and (c) any litigation rights, including avoidance actions (the "Excluded Assets"), through the bidding process described in the Sale Procedures and free and clear of all liens, claims, encumbrances and other interests, and to assume and assign certain leases and executory contracts in connection therewith, pursuant to sections 105, 363, and 365 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that on July 20, 2026, the Honorable Elizabeth D. Katz, United States Bankruptcy Judge, United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") entered an Order [Dkt. No. 80] approving, among other

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.
[2] A general description of the Sale Assets is attached hereto as Exhibit A.

things, the Sale Procedures set forth therein (the "Sale Procedures Order").[3] The Sale Procedures Order sets the key dates and times related to the Sale(s) of the Sale Assets. All interested bidders should carefully read the Sale Procedures Order and the Sale Procedures. To the extent that there are any inconsistencies between the Sale Procedures Order (including the Sale Procedures) and the summary description of its terms and conditions contained in this Notice, the terms of the Sale Procedures Order shall control.

### A.    Bid Deadline.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Sale Procedures, bids for the Sale Assets must be actually received by the Debtor no later than **October 9, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "Bid Deadline"). Only bids that satisfy the requirements of the Sale Procedures may be deemed Qualified Bids and entitle a bidder to participate in the Auction, if any.

**PLEASE TAKE FURTHER NOTICE** that any Secured Creditor that wishes to submit a credit bid to purchase the Sale Assets or any subset of the Sale Assets must deliver such credit bid so as to be actually received by the Debtor no later than **October 16, 2026, at 4:00 p.m. (prevailing Eastern Time)** (the "Credit Bid Deadline").

### B.    Sale Motion Approval – Free and Clear Provisions.

**PLEASE TAKE FURTHER NOTICE** that the Motion seeks entry of an order (the "Sale Order") that is expected to provide, among other things, that any Successful Bidder will have no responsibility for, and the Sale Assets will be sold free and clear of, all liens, claims and encumbrances, including successor liability, pursuant to 11 U.S.C. § 363(f), including the following: (a) any liability or other obligation of the Debtor's estate or related to the Sale Assets other than as expressly set forth in the Sale Order or in the asset purchase agreement with the Successful Bidder(s); or (b) any claims against the Debtor, its estate, or any of its predecessors or affiliates.

**PLEASE TAKE FURTHER NOTICE** that objections to approval of the proposed method for conveyance of the Sale Assets free and clear of liens, claims and encumbrances proposed in the Sale Motion (a "Free and Clear Objection") must: (a) be in writing; (b) conform to the Bankruptcy Rules and Local Rules; (c) set forth the specific basis for the Sale Objection; and (d) be filed with the United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, together with proof of service, and served so as to be actually received by the Objection Notice Parties (defined below) on or before **August 24, 2026 at 4:00 p.m. (prevailing Eastern Time)** (the "Initial Objection Deadline"). Free and Clear Objections must be served so as to be actually received by the following parties (collectively, the "Objection Notice Parties"): (a) Debtor's counsel, Holland & Knight LLP, Attn: John J. Monaghan, Esq., Lynne B. Xerras, Esq., Kathleen St. John, Esq., 10 Saint James Avenue, 11th Floor, Boston, Massachusetts 02116, c/o lynne.xerras@hklaw.com; (b) counsel to the DIP Lender and the Prepetition Secured Creditor, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Douglas R. Gooding and Jonathan D. Marshall, c/o

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Procedures Order.

2

dgooding@choate.com; (c) the Office of the United States Trustee for the District of Massachusetts, Attn: William K. Harrington, 5 Post Office Square, Suite 1000, Boston, Massachusetts 02116; and (d) counsel to the Official Committee of Unsecured Creditors (the "Committee") appointed in this chapter 11 case.

**PLEASE TAKE FURTHER NOTICE** that the Debtor and any other party in interest must file any reply to a Free and Clear Objection by **September 7, 2026**, and the Bankruptcy Court will adjudicate any pending Free and Clear Objections at a hearing scheduled for **September 24, 2026 at 11:00 a.m. (prevailing Eastern Time)** ("Initial Sale Hearing") to be held at the Harold D. Donohue Federal Building, United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076. If no Free and Clear Objections are filed by the Initial Objection Deadline, the Initial Sale Hearing may not go forward.

### C.  Sale Motion Approval – Selection of Successful Bidder(s) and Auction.

**PLEASE TAKE FURTHER NOTICE** that, if required under the Sale Procedures, an auction (the "Auction") to determine the highest or otherwise best bid for the Sale Assets or any subset of the Sale Assets will take place on **October 20, 2026, at 10:00 a.m. (prevailing Eastern Time)** at the Harold D. Donohue Federal Building, United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, or at such other date and time as shall be timely communicated to all entities entitled to attend the Auction. If only one Qualified Bid for the Sale Assets or any subset of the Sale Assets is received by the Bid Deadline or the Credit Bid Deadline, as applicable, the Debtor shall not conduct an Auction as to the uncontested Sale Assets or subset thereof; provided, however, that if there is only one bid received for all of the Sale Assets but Bids are received for subsets of the Sale Assets, an Auction will be held to determine whether the total of all Bids for subsets exceeds the bid for all Sale Assets. The Auction may be cancelled, adjourned, or rescheduled in accordance with the Sale Procedures.

**PLEASE TAKE FURTHER NOTICE** that, within twenty-four (24) hours after the designation of the Successful Bidder(s), whether at the Auction or otherwise in accordance with the Sale Procedures, the Debtor shall file with the Bankruptcy Court a notice (the "Notice of Successful Bidder(s)") identifying the Successful Bidder(s) and the Back-Up Bidder(s), if any, summarizing the material terms of the Successful Bid(s) and any Back-Up Bid(s) and related information, all in accordance with the Sale Procedures Order.

### D.  Sale Hearing– Approval of Sale to Successful Bidder(s).

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the Sale(s) of the Sale Assets to the Successful Bidder(s) or Back-Up Bidder(s) identified in the Notice of Successful Bidder(s) (the "Sale Hearing") will be held at the Harold D. Donohue Federal Building, United States Bankruptcy Court for the District of Massachusetts, 595 Main Street, Room 311, Worcester, Massachusetts 01608-2076, on **October 30, 2026, at 10:00 a.m. (prevailing Eastern Time)**. The Sale Hearing may be adjourned from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing, and filing of a notice of the same on the Bankruptcy Court's

3

#538440244_v4

docket. The Bankruptcy Court may modify the method of the Sale(s) described herein at or prior to the Sale Hearing.

PLEASE TAKE FURTHER NOTICE that any objection to the designation of any Successful Bidder and entry of a Sale Order approving a sale transaction with a Successful Bidder on the terms negotiated must be filed and served so as to be actually received by the Objection Notice Parties by **October 29, 2026 at 12:00 p.m.** (prevailing Eastern Time) ("Sale Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the Debtor will serve counterparties to executory contracts and unexpired leases that may be assumed and assigned in connection with the Sale(s) ("Assigned Contracts") with an additional notice listing the proposed Cure Amount, if any, for each Assigned Contract and additional information regarding procedures for filing objections to the proposed Cure Amount ("Cure Notice"), in the form approved by the Sale Procedures Order.

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court may take evidence at any hearing on approval of the Sale Motion to resolve issues of fact.

### E.     De Minimis Sale Process.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Sale Procedures Order, the Debtor is authorized to sell, transfer, or otherwise dispose of any Sale Asset with a fair market value of less than $10,000 per transaction (each, a "De Minimis Sale") to a purchaser (each, a "De Minimis Asset Purchaser") free and clear of all liens, claims, encumbrances, and other interests pursuant to section 363(f) of the Bankruptcy Code, without further order of the Bankruptcy Court, subject to filing a notice of such proposed De Minimis Sale (a "De Minimis Sale Notice") no fewer than seven (7) business days' prior to the proposed date of such proposed De Minimis Sale and serving the De Minimis Sale Notice on: (i) the DIP Lender, (ii) Citizens Funding Corp. and Citizens Bank, National Association (the "Prepetition Secured Creditor"), (iii) counsel to the Committee, and (iv) the U.S. Trustee (collectively, the "De Minimis Notice Parties"). If any party in interest files with the Court and serves a written objection to a proposed De Minimis Sale (a "De Minimis Sale Objection") upon the De Minimis Notice Parties by seven (7) business days after service of the applicable De Minimis Sale Notice (the "De Minimis Sale Objection Deadline"), the Debtor shall not consummate such De Minimis Sale without further order of the Bankruptcy Court. The Debtor shall not structure or divide transactions to avoid the $10,000 threshold, and the aggregate value of all De Minimis Sales consummated without further Court approval shall be subject to reporting in the Debtor's periodic reports filed with the U.S. Trustee or the Bankruptcy Court. Any party seeking additional information regarding De Minimis Sales may contact counsel to the Debtor at lynne.xerras@hklaw.com.

PLEASE TAKE FURTHER NOTICE THAT ANY PARTY OR ENTITY WHO FAILS TO TIMELY MAKE AN OBJECTION TO THE FREE AND CLEAR PROVISIONS OF THE PROPOSED SALE(S) ON OR BEFORE THE INITIAL OBJECTION DEADLINE OR TO THE PROPOSED SALE TO THE SUCCESSFUL BIDDERS(S) ON OR PRIOR TO THE SALE OBJECTION DEADLINE, MAY BE FOREVER BARRED FROM ASSERTING ANY OBJECTIONS INCLUDING WITH

4

#538440244_v4

**RESPECT TO THE TRANSFER OF THE SALE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, EXCEPT AS AGREED TO BY THE SUCCESSFUL BIDDER(S) ON THE TERMS OF THE SALE ORDER.**

**PLEASE TAKE FURTHER NOTICE** that this *Notice of Sale Procedures, Auction Date, and Sale Hearing* is subject to the full terms and conditions of the Motion, Sale Procedures Order, Sale Procedures, Cure Notice, and any Notice of Successful Bidder(s) or supplemental Cure Notice, which Sale Procedures Order shall control in the event of any conflict, and the Debtor encourages parties in interest to review such documents in their entirety. Any party that has not received a copy of the Motion or the Sale Procedures Order and wishes to obtain a copy of the Motion or the Sale Procedures Order, including all exhibits thereto, may obtain such documents free of charge by emailing kathleen.stjohn@hklaw.com.

5

#538440244_v4

Dated: July 22, 2026

Respectfully submitted,

/s/ *John J. Monaghan*
John J. Monaghan (MA Bar #546454)
Lynne B. Xerras (MA Bar #632441)
Kathleen St. John (MA Bar #681565)
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
Boston, MA  02116
Telephone: (617) 523-2700
Facsimile: (617) 523-6850
E-mail: john.monaghan@hklaw.com
lynne.xerras@hklaw.com
kathleen.stjohn@hklaw.com

*Proposed Counsel to the Debtor*

6

#538440244_v4

**EXHIBIT A**

**(General Description of Sale Assets as required by MLBR 6004-1)**

a.    Real Property. The Campus at 50 Sunset Lane, Paxton, Worcester County, Massachusetts, consisting of three parcels of land totaling approximately 261.75 acres, with 17 buildings and all improvements thereon. The Debtor holds fee simple title to all Campus parcels, as confirmed by Commonwealth Land Title Insurance Company Loan Policy No. 1447-1-51652-2017.81307-212819014, issued November 30, 2017. The individual Campus parcels are as follows:

   i.    Parcel One.[4] 180.28 acres of land acquired by deed dated June 29, 1951, recorded at the Worcester County Registry of Deeds in Book 3346, Page 545, and described as land situated on the westerly side of Grove Street in the Town of Paxton, Worcester County, Massachusetts, with frontage on Grove Street and Sunset Lane.

   (a)  The Town of Paxton Tax Assessor identifies approximately 123.08 acres of this land as the developed campus at 50 Sunset Lane (Assessor's Parcel 17-22), improved with 17 buildings containing approximately 300,622 square feet of gross building area.

   (b)  The Town of Paxton Tax Assessor identifies approximately 56.49 acres of this land as excess undeveloped land on Grove Street (Assessor's Parcel 17-22M).

   ii.    Parcel Two. 10.0651 acres of land acquired by quitclaim deed dated April 3, 2002, recorded at the Worcester District Registry of Deeds in Book 26876, Page 275, and described as land situated on the westerly side of Sunset Lane with frontage on Grove Street in the Town of Paxton, Worcester County, Massachusetts (Assessor's Parcel 17-22C).

   iii.    Parcel Three. Approximately 72.12 acres of land acquired by quitclaim deed dated April 14, 2022, recorded at the Worcester District Registry of Deeds in Book 68580, Page 352, and described as land situated off Grove Street at the intersection of Grove Street and Streeter Road in the Town of Paxton, Worcester County, Massachusetts, excepting therefrom (i) a parcel conveyed to David E. Roy and Elaina M. Roy by deed dated May 16, 1997, recorded in

---

[4] As set forth in the Sale Motion, the parcel labels used herein are descriptive labels for purposes of the Sale Motion and do not correspond one-for-one to the parcel labels on the 1979 Recorded Plan, which identifies only "Parcel One" and "Parcel Two." "Parcel One" herein refers to the original mortgaged property shown as Parcel Two on the 1979 Recorded Plan; "Parcel Two" herein refers to the 2002-acquired Parcel B; and "Parcel Three" herein refers to the 2022-gifted property identified as Assessor's Parcel 17-22A, corresponding to the remainder of Parcel One on the 1979 Recorded Plan after the stated exceptions.

7

#538440244_v4

Book 18897, Page 58, and (ii) Parcel Two described above (Assessor's Parcel 17-22A).[5]

b. Buildings and Improvements. All buildings, structures, and improvements now located on the real property described above, consisting of 17 buildings totaling approximately 300,622 square feet of gross building area, built between 1750 and 2012, in average to average/good overall condition.

c. Personal Property. All furniture, fixtures, equipment, machinery, tools, furnishings, inventory, supplies, and other tangible personal property located on or used in connection with the Campus, including, without limitation, furniture and equipment with a gross cost basis of approximately $13,049,731, motor vehicles with a gross cost basis of approximately $542,559, and library books, periodicals, and audio-visual materials with a gross cost basis of approximately $2,020,877. This category includes religious artifacts and artwork obtained by the College, generally from donors, over the eighty years of pursuing its educational mission.

d. Intangible Property. All intellectual property, goodwill, permits, licenses (other than those related to the Nursing Program), accounts receivable, contracts, leases, and all other intangible assets used in connection with the operation of the College or the Campus. The College's various specialty accredited programs fall roughly in this category.

---

[5] In 2023, the Debtor identified approximately 2.4161 acres at the intersection of Grove Street and Streeter Road, Paxton, Massachusetts ("Lot 2"), as an area for potential separate sale and development. This property, however, remains titled in the Debtor's name and the Debtor intends to market the area marked as Lot 2 for sale along with the Main Campus and adjacent land.

8

#538440244_v4

## CERTIFICATE OF SERVICE

I, John J. Monaghan, proposed counsel for The Sisters of St. Ann d/b/a Anna Maria College, the debtor and debtor in possession (the "Debtor") in the above captioned chapter 11 case, hereby certify that on July 22, 2026, I caused copies of the foregoing *Notice of Sale Procedures, Auction Date, and Sale Hearing* to be served by the Court's CM/ECF electronic filing system on all registered parties, and by U.S. mail on the parties listed on the service list attached hereto as **Exhibit A**.

Dated: July 22, 2026                    Respectfully submitted,


                                        /s/ *John J. Monaghan* _
                                        John J. Monaghan (MA Bar #546454)
                                        Lynne B. Xerras (MA Bar #632441)
                                        Kathleen St. John (MA Bar #681565)
                                        **HOLLAND & KNIGHT LLP**
                                        10 St. James Avenue
                                        Boston, MA  02116
                                        Telephone: (617) 523-2700
                                        Facsimile: (617) 523-6850
                                        E-mail: john.monaghan@hklaw.com
                                               lynne.xerras@hklaw.com
                                               kathleen.stjohn@hklaw.com


                                        *Proposed Counsel to the Debtor*

9

#538440244_v4

# <u>EXHIBIT A</u>