**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE,

Debtor.[1]

Chapter 11

Case No. 26-40758-EDK

**ASSENTED TO MOTION FOR ORDER AUTHORIZING FURTHER EXTENSION OF
TIME TO FILE ITS (I) SCHEDULE OF ASSETS AND LIABILITIES; (II) SCHEDULE
OF CURRENT INCOME AND EXPENDITURES; (III) SCHEDULE OF
EXECUTORY CONTRACTS AND UNEXPIRED LEASES;
AND (IV) STATEMENT OF FINANCIAL AFFAIRS**

The Sisters of St. Ann d/b/a Anna Maria College, as debtor and debtor in possession in the above-captioned chapter 11 case (the "College" or the "Debtor"), hereby files this *Assented to Motion for Order Authorizing Further Extension of Time to File Its (I) Schedule of Assets and Liabilities; (II) Schedule of Current Income and Expenditures; (III) Schedule of Executory Contracts and Unexpired Leases; and (IV) Statement of Financial Affairs* (the "Motion"). The Debtor respectfully moves this Court for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and MLBR 1007-1(h), authorizing a brief further extension of the deadlines to file the Schedules and Statements (as defined below) to Monday, July 27, 2026 at 10:00 a.m., in advance of the Debtor's scheduled meeting of creditors under section 341 of the Bankruptcy Code on July 27, 2026 at 1:30 p.m. The Office of the United

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

States Trustee (the "U.S. Trustee") has consented to the relief requested herein, as further described below. In support of this Motion, the Debtor relies upon and incorporates by reference the *Declaration of Dr. Sean J. Ryan in Support of Chapter 11 Petition and First Day Pleadings* [Dkt. No. 9] (the "First-Day Declaration"), filed on June 26, 2026 (the "Petition Date"), and respectfully states as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 521 of the Bankruptcy Code, as complemented by Bankruptcy Rules 1007(c) and 9006(b), and Rule 1007-1(h) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Massachusetts (the "MLBR").

## BACKGROUND

4.      On the date hereof (the "Petition Date"), the Debtor commenced the above-captioned proceeding by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). The Debtor continues to operate its business and manage its property as debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On July 16, 2026 the United States Trustee filed a notice of the appointment of an Official Committee of Unsecured Creditors (the "Committee") [Dkt. No. 69].

6.      As described in the First-Day Declaration, for the past approximately 80 years, the Debtor operated a private, nonprofit, Catholic institution of higher education known as "Anna Maria College," offering a variety of undergraduate programs that integrated liberal arts education with career preparation and graduate programs that promoted professional achievement and

responsibility. The College is situated on an approximately 260-acre residential campus at 50 Sunset Lane, Paxton, Massachusetts, just outside the City of Worcester, Massachusetts ("Campus").

7.     Prior to the Petition Date, the Debtor's board of trustees made the difficult decision to close the College and wind down operations following graduation of the senior class in May 2026 when it became clear that the Debtor's tuition revenue was no longer able to sustain College operations on a go-forward basis. The majority of the Debtor's employees were terminated on June 4, 2026 and paid in full through June 30, 2026, with only a skeletal team in place as of the Petition Date. The Debtor commenced this Chapter 11 Case to facilitate a Court-supervised process for liquidation of the College's assets for the benefit of the Debtor's creditor body.

8.     Additional factual background information about the Debtor, including its business operations, its corporate and capital structures, its restructuring efforts and the events leading to the filing of the Chapter 11 Case, is set forth in detail in the First-Day Declaration.[2]

9.     By order entered on July 10, 2026 [Dkt. No. 59], the Court granted the Debtor's original *Motion for Order Authorizing Extension of Time to File Its (I) Schedule of Assets and Liabilities; (II) Schedule of Current Income and Expenditures; (III) Schedule of Executory Contracts and Unexpired Leases; and (IV) Statement of Financial Affairs* [Dkt. No. 58], filed on July 9, 2026, and extended the deadline to file the Schedules and Statements through and including July 23, 2026 (the "First Extension Order").

10.     Since entry of the First Extension Order, the Debtor and its financial advisors have worked diligently to prepare the Schedules and Statements. The Debtor requires only a brief

---

[2] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the First-Day Declaration.

additional extension, to Monday, July 27, 2026 at 10:00 a.m. to complete the reconciliation of the Debtor's financial systems and records necessary to establish the Debtor's starting balance sheet and properly inventory the substantial and varied personalty located in the buildings throughout the Campus.

## RELIEF REQUESTED

11. By this Motion, the Debtor seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Order"), further extending the deadline to file the Schedules and Statements to July 27, 2026 at 10:00 a.m., in advance of the Debtor's scheduled meeting of creditors under section 341 of the Bankruptcy Code at 1:30 p.m. the same day, without prejudice to the Debtor's ability to seek further extensions for cause shown.

12. For the reasons set forth below, the Debtor submits that the relief requested herein is in the best interest of the Debtor, its estate, creditors, stakeholders and other parties in interest and therefore should be granted.

## APPLICABLE AUTHORITY

13. Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 require a debtor to file (a) a schedule of assets and liabilities; (b) a schedule of current income and expenditures; (c) schedules of executory contracts and unexpired leases; and (d) a statement of financial affairs (collectively, the "Schedules and Statements") within fourteen (14) days after the petition date. *See* 11 U.S.C. § 521; Fed. R. Bankr. P. 1007(b)(1), (c)(1).

14. Pursuant to Bankruptcy Rules 1007(c)(7) and 9006(b)(1), the Court may extend the time to file the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(3), (c)(7), 9006(b)(1). In addition, MLBR 1007-1(h) expressly authorizes the Court to grant extensions for filing the Schedules and Statements upon a showing of good cause. *See* MLBR 1007-1(h).

15. While the Bankruptcy Rules do not define "cause," determination of whether cause exists proceeds on a case-by-case basis, balancing the complexity and number of issues a debtor faces against the need for timely disclosure of information necessary for the administration of the case. *See In re Robotic Vision Sys., Inc.*, No. 04-14151-JMD, 2004 WL 3006437, at *3 (Bankr. D.N.H. Dec. 22, 2004); *see also Eldorado Canyon Properties, LLC*, 505 B.R. 601, 604 (B.A.P. 1st Cir. 2014) (noting that "it is entirely appropriate for the bankruptcy court to set and enforce deadlines. . . [and] neither the court nor creditors should have to coerce or implore a debtor into fulfilling the obligations imposed upon it") (internal citation and quotation omitted).

16. Cause exists here. As a nonprofit institution of higher education that operated for approximately 80 years, the Debtor faces unique complexities in preparing its Schedules and Statements, including: (a) accounting for restricted and unrestricted endowment funds subject to donor-imposed conditions; (b) identifying obligations arising from participation in Title IV federal student financial aid programs; (c) reviewing numerous executory contracts and unexpired leases with academic, operational, and service providers; (d) identifying potential liabilities associated with accreditation and regulatory compliance, including coordination with accrediting bodies and the U.S. Department of Education; (e) inventorying and valuing a substantial volume of personalty and other assets spread across the College's approximately 260-acre campus, including classroom furniture and equipment, technology, library materials, athletic equipment, and other property; and (f) identifying and appropriately characterizing religious, historical, and devotional items and relics accumulated since the College's founding in 1946, some of which may be subject to donor restrictions or special handling requirements.

17. These challenges are compounded by the Debtor's severely limited staffing, as the majority of employees were terminated on June 4, 2026, with only a skeletal team in place—and

the competing demands of the Debtor's transition into chapter 11, which require the immediate attention of the Debtor and its professional advisors. The requested extension will permit the Debtor to complete the necessary inventory and reconciliation processes and ensure that its Schedules and Statements are accurate, complete, and reliable.

18.     Courts in this district have routinely granted similar relief to that requested herein. *See*, *e.g.*, *In re Heywood Healthcare, Inc.*, Case No. 23-40817 (Bankr. D. Mass. Oct. 1, 2023) (granting 30-day extension where nonprofit hospital debtors demonstrated complexity of financial affairs, limited staff, and need to smoothly transition into chapter 11); *In re The Paper Store, LLC*, Case No. 20-40743 (Bankr. D. Mass. July 28, 2020) (granting extension based on complexity of business, competing demands on management, and employee attrition following commencement of case); *In re Genocea Biosciences, Inc.*, Case No. 22-10938 (Bankr. D. Mass. July 13, 2022) (granting extension where debtor had limited staff of six employees and professionals were engaged in first-day matters); *In re Cosi, Inc.*, Case No. 16-13704 (Bankr. D. Mass. Sept. 28, 2016) (granting extension where debtors and counsel required additional time to review books and records to file accurate schedules on an expedited basis).

19.     In addition, section 105(a) of the Bankruptcy Code further empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The relief requested herein is necessary and appropriate to ensure that the Debtor files accurate Schedules and Statements for the benefit of the Court, the U.S. Trustee, creditors and all other parties in interest. The U.S. Trustee has consented to the requested further extension to July 27, 2026 at 10:00 a.m.

## **RESERVATION OF RIGHTS**

20.     Nothing contained herein is intended to be or shall be deemed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor's or any appropriate

party in interest's rights to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtor's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; or (d) an approval, assumption, adoption or rejection of any agreement, contract, lease, program or policy under section 365 of the Bankruptcy Code; or (e) a waiver or limitation of the Debtor's right to seek one or more further extensions of the deadline to file the Schedules and Statements upon a subsequent showing of good cause pursuant to Bankruptcy Rules 1007(c) and 9006(b) and MLBR 1007-1(h). The Debtor expressly reserves all of its rights with respect to the foregoing matters. Likewise, if the Court grants the relief sought herein, any action taken pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtor's or any party in interest's rights to subsequently dispute and/or contest such claim.

### **NOTICE**

21.     Notice of the Motion will be provided by electronic mail, the Court's ECF system, regular mail, postage prepaid, or overnight delivery to: (a) the Office of the U.S. Trustee c/o Eric Bradford, Esq., eric.k.bradford@usdoj.gov; (b) counsel to the Official Committee of Unsecured Creditors, Dentons Bingham Greenebaum LLP, One City Center, Suite 11100, Portland, ME 04101, Attn: Andrew C. Helman, andrew.helman@dentons.com; (c) counsel to the DIP Lender and the Prepetition Secured Creditor, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, Attn: Douglas R. Gooding and Jonathan D. Marshall, c/o dgooding@choate.com; (d) the Internal Revenue Service; (e) the U.S. Department of Education; (f) the Attorney General for the Commonwealth of Massachusetts; (g) the New England Commission on Higher Education; (h) the Massachusetts Department of Higher Education; (i) those persons who have formally appeared in the Chapter 11 Case and requested service pursuant

to Bankruptcy Rule 2002; and (j) any other party entitled to notice pursuant to MLBR 9013-3(a)

(the "Notice Parties").

22.     The Debtor submits that, given the scope of the relief requested, no other notice is

required.

### CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially

in the form of an Order annexed hereto as Exhibit A, granting the relief requested herein and such

other and further relief as the Court may deem just and proper.


Dated: July 23, 2026                              Respectfully submitted,


                                    /s/ *Kathleen St. John*
                                    John J. Monaghan (MA Bar #546454)
                                    Lynne B. Xerras (MA Bar #632441)
                                    Kathleen St. John (MA Bar #681565)
                                    **HOLLAND & KNIGHT LLP**
                                    10 St. James Avenue
                                    Boston, MA  02116
                                    Telephone: (617) 523-2700
                                    Facsimile: (617) 523-6850
                                    E-mail: john.monaghan@hklaw.com
                                            lynne.xerras@hklaw.com
                                            kathleen.stjohn@hklaw.com


                                    *Proposed Counsel to the Debtor*