# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
### CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE<br><br>Debtor. | Chapter 11<br><br>Case No. 26-40758EDK |

## MOTION OF BOWDOIN CONSTRUCTION CORP. FOR RELIEF FROM AUTOMATIC STAY FOR THE LIMITED PURPOSE OF ENFORCING MECHANICS' LIEN PURSUANT TO M.G.L CHAPTER 254

To the Honorable Elizabeth D. Katz:

Bowdoin Construction Corp. ("Bowdoin"), by its counsel, pursuant to the provisions of 11 U.S.C. §362 (d)(1), hereby requests that this Honorable Court grant Bowdoin relief from the automatic stay imposed by 11 U.S.C. § 362 (a) for the limited purpose of allowing Bowdoin to file an action against The Sisters of St. Ann d/b/a Anna Maria College ("Debtor") as defendant, so as to preserve Bowdoin's mechanics' lien on the Debtor's property located at 50 Sunset Lane, Paxton, Worcester County, Massachusetts ("the "Property").

In support of the motion, Bowdoin states as follows:

### FACTUAL ALLEGATIONS

1)   On or about May 16, 2025, Bowdoin entered into a written contract ("the Contract") with the Debtor whereby Bowdoin agreed to construct improvements on the Property, more specifically St. Joseph's Hall a/k/a The Science Building ("the "Project").

2)   Contrary to the allegations set forth in the Debtor's First Day Motions for Entry of Interim and Final Orders (*Bankruptcy Document No. 14, paragraphs 16 (c) and 52*), that Bowdoin was last at the Property in September 2025, Bowdoin, in fact, last furnished labor at the Project

1


FILING FEE NOT PAID

pursuant to its Contract with the Debtor, on April 1, 2026. *Affidavit of Michael Desrosiers, filed herewith.*

3) On May 18, 2026, Bowdoin recorded a good and sufficient Notice of Contract in accordance with M.G.L. c. 254, §2 in the Worcester (South) District Registry of Deeds in Book 73589, Page 29. A true copy of the recorded Notice of Contract is attached hereto as Exhibit No. 1.

4) On May 19, 2026, Bowdoin recorded a good and sufficient Statement of Account in accordance with M.G.L. c. 254, §8 in the Worcester (South) District Registry of Deeds in Book 73597, Page 224. A true copy of the recorded Statement of Account is attached hereto as Exhibit No. 2.

5) On June 26, 2026, the Debtor filed its petition under Chapter 11 of the United States Bankruptcy Code.

6) As a result of the filing of the Debtor's petition, Bowdoin is prevented by 11 U.S.C. 362 from filing its complaint as required by M.G.L. c. 254, §11 and subsequently recording an attested copy of same in the registry of deeds as required by M.G.L. c. 254, §5.

## ARGUMENT

7) M.G.L. c. 254, §2, commonly referred to as the general contractor's lien, sets forth the timeframes under which a general contractor must record a Notice of Contract to establish its lien.

8) The portion of M.G.L. c. 254, § 2 relevant to this proceeding states that a general contractor must file or record its Notice of Contract no later than "…(iii) ninety days after such person or any person by, through or under him last performed or furnished labor or materials or both labor and materials."

9) M.G.L. c. 254, §8 sets forth the timeframes under which a party must record a Statement of Account to establish its lien.

10) The portion of M.G.L. c. 254, §8 relevant to this proceeding states, in part, "Liens under sections two... shall be dissolved unless the contractor...shall, not later than...(iii) one hundred and twenty days after the last day a person, entitled to enforce a lien under section two...performed or furnished labor or material or both labor and materials...file or record in the registry of deeds in the county or district where the land lies a statement, giving a just and true account of the amount due or to become due him, with all just credits, a brief description of the property and the names of the owners set forth in the notice of contract."

11) "The Massachusetts mechanics' lien statute requires strict compliance in order to obtain relief." *In re Lyman-Cutler, LLC, 632 B.R. 355, 415 (Bankr. D. Mass. 2021), citing Ng Bros. Const. Inc. v. Cranney, 436 Mass. 638, 642 (2002).,* quoting *Mullen Lumber Co., v. Lore,* 404 Mass. 750, 752 (1989).

12) The Bankruptcy Court for the District of Massachusetts has held that a lien arising under M.G.L. c. 254, §2 is a statutory lien, not a judicial lien and the mere fact that enforcement requires resort to the courts does not transform the lien into a judicial lien. *In re Ribeiro, 7 B.R. 359 (Bankr. D. Mass. 1980).*

13) The Debtors sole allegation in this action to avoid Bowdoin's lien is that it is "invalid."

14) Bowdoin's recording of its Notice of Contract on May 18, 2026, and Statement of Account on May 19, 2026, at the Worcester County (South) Registry of Deeds, were both within the statutory timeframes set forth in M.G.L. c. 254, as Bowdoin last furnished labor to the Debtor at the Project on April 1, 2026.

3

15) M.G.L. c. 254, §11 states, in pertinent part, that "The lien shall be dissolved unless a civil action to enforce it is commenced within ninety days after the filing of the statement required by section 8."

16) M.G.L. c. 254, §5 states, in pertinent part, that "An attested copy of the complaint…shall be filed in the registry of deeds and recorded as provided in section nine within thirty days of the commencement of the action, or such lien shall be dissolved.

17) As Bowdoin recorded its Statement of Account on May 19, 2026, the latest it can file its complaint to preserve its mechanics' lien against the Property is August 17, 2026.

18) The complaint which Bowdoin intends to file in the East Brookfield District Court (copy attached hereto as Exhibit No. 3), if granted relief from the automatic stay, will be strictly for the purpose of complying with M.G.L. c. 254, *et seq,* and preserving Bowdoin's lien.

**WHEREFORE,** Bowdoin Construction Corp. request that this Court enter an order substantially in the form submitted herewith:

1. Granting Bowdoin Construction Corp relief from the automatic stay to name Debtor as a defendant in an action to enforce its mechanic's lien in the East Brookfield District Court, in accordance with M.G.L. c. 254, §11;

2. Allowing Bowdoin Construction Corp. to record an attested copy of said complaint at the Worcester County (South) Registry of Deeds, in accordance with M.G.L. c. 254, § 5;

3. Allowing Bowdoin Construction Corp. to make service of said complaint upon Debtor within 90 days of its filing of said complaint;

4. Providing that the ten day stay provided for in Rule 4001 (a) (3) is not applicable to this Motion, this Court having found that cause exists to grant relief effective with entry of an order, with time being of the essence for Bowdoin Construction Corp. to perfect its mechanic's lien.

4

BOWDOIN CONSTRUCTION CORP.,
By its attorneys,
Law Offices of Warren H. Brodie, P.C.,

By: _____

WARREN H. BRODIE
BBO# 058000
2 Salt Hay Road
Waquoit, MA 02536
(774) 763-2951
e-mail: wbrodie@whbrodielaw.com

**EXHIBIT NO. 1**

# Worcester South District Registry of Deeds
# Electronically Recorded Document

### This is the first page of the document – Do not remove

### Recording Information

| | |
|---|---|
| Document Number | : 38985 |
| Document Type | : NOT |
| Recorded Date | : May 18, 2026 |
| Recorded Time | : 11:47:26 AM |
| | |
| Recorded Book and Page | : 73589 / 29 |
| Number of Pages(Including cover sheet) | : 6 |
| Receipt Number | : 1706662 |
| Recording Fee | : $105.00 |

Worcester South District Registry of Deeds
Kathryn A. Toomey, Register
90 Front St
Worcester, MA 01608
(508) 368-7000

## NOTICE OF CONTRACT
### M.G.L. c. 254, §2

Notice is hereby given that by virtue of a written contract dated May 16, 2025 between The Sisters of Saint Ann, Owner, and Bowdoin Construction Corp., Contractor, that said Bowdoin Construction Corp. is to furnish or has furnished labor or materials, or both labor and materials to The Sisters of Saint Ann, Owner, in the erection, alteration, repair or removal of a building, structure or other improvement of real property known as **St. Joseph's Hall, Anna Maria College** located at **50 Sunset Lane, Paxton, Worcester County, Massachusetts,** a more particular description of which is attached hereto as Exhibit A.

For Owner's title see deed recorded at the Worcester County Registry of Deeds in Book 3346, Page 545.

Witness my hand and seal this 18th day of May, 2026.

Bowdoin Construction Corp.,
by its attorney,

Warren H. Brodie

1

## <u>ACKNOWLEDGEMENT</u>

Commonwealth of Massachusetts
County of Barnstable, ss.                                    May _18_, 2026

     Then before me, the undersigned notary public, personally appeared Warren H. Brodie, proved to me through satisfactory evidence of identification, to wit, a Massachusetts driver's license, to be the person whose name is signed on this document, and acknowledged to me that he signed it as his free act and deed for its stated purpose as attorney for Bowdoin Construction Corp.

_____
                              Notary Public
My Commission Expires:

*All notices in regard to this notice of contract*
*should be forwarded to :*

     *Warren H. Brodie*
     *Law Offices of Warren H. Brodie, P.C.*
     *2 Salt Hay Road*
     *Waquoit, MA 02536*

RENEE E. COLEMAN
NOTARY PUBLIC
Commonwealth of Massachusetts
My Commission Expires
May 6, 2027

2

EXHIBIT A

LAND DESCRIPTION

The following parcel: of land, with the buildings and improvements now or hereafter located thereon, situated in the Town of Paxton, County of Worcester, Commonwealth of Massachusetts bounded and described as follows:

The land situated on the westerly side of Grove Street in Paxton, Worcester County, Massachusetts and shown as Parcel Two on a plan of land entitled "PLAN OF PROPERTY in Paxton, Mass. owned by The Sisters of Saint Ann" dated May 7, 1979, drawn by Thompson-Liston Associates, Inc., Civil Engineers & Land Surveyors and recorded with the Worcester District Registry of Deeds in Plan Book 464, Plan 16, bounded and described as follows:

BEGINNING at a point in the westerly line of Sunset Lane at a corner of Parcel One on said plan and bounded and described as follows:

THENCE N 80° 45' 00" W four hundred forty one and 49/100 (441.49) feet to a point at an iron pin set;

THENCE N 12° 06' 32" W six hundred nineteen and 28/100 (619.28) feet to a point at a post;

THENCE N 74° 49' 33" W one hundred and thirty eight and 04/100 (138.04) feet to a point at a post;

THENCE N 73° 28' 46" W one hundred seventy two and 38/100 (172.38) feet to a point at a post;

THENCE N 09° 54' 40" W one hundred twenty six and 08/100 (126.08) feet to a point at a post;

THENCE N 08° 40' 49" W one hundred sixty and 95/100 (160.95) feet to a point at a post;

THENCE N 07° 24' 04" W one hundred sixty and 79/100 (160.79) feet to a post;

THENCE N 05° 18' 04" E one thousand four hundred seventy nine and 01/100 (1,479.01) feet to a concrete bound, the last eight (8) courses being by Parcel One as shown on said plan;

THENCE N 09° 41' 12" E, by land now or formerly of Cournoyer, six hundred twenty six and 37/100 (626.37) feet to an iron pipe at land now or formerly of the City of Worcester;

THENCE S 89° 15' 49" E three hundred ninety nine and 39/100 (399.39) feet to an iron pipe;

THENCE S 75° 40' 10" E one thousand five hundred thirty eight and 00/100 (1,538.00) feet by an existing fence to a point;

- 8 -

THENCE S 73° 21' 10" E one thousand fifty one and 28/100 (1,051.28) feet to a point at a concrete bound set in the westerly line of Grove Street, the last three (3) courses being by land now or formerly of the City of Worcester;

THENCE S 06° 31' 13" E one hundred sixty four and 16/100 (164.16) feet to a point;

THENCE S 07° 10' 30" E one hundred one and 23/100 (101.23) feet to a point;

THENCE S 05° 51' 58" E one hundred and 83/100 (100.83) feet to a point;

THENCE S 07° 36' 29" E three hundred nine and 38/100 (309.38) feet to a point to an iron pipe;

THENCE S 08° 41' 57" E three hundred four and 74/100 (304.74) feet to a point at an iron pipe;

THENCE S 08° 03' 30" E sixty one and 41/100 (61.41) feet to a point at an iron pipe;

THENCE S 07° 07' 47" E one hundred thirty five and 54/100 (135.54) feet to a point at an iron pipe;

THENCE S 05° 36' 24" E one hundred thirty five and 57/100 (135.57) feet to a point;

THENCE S 01° 38' 25" E twenty two and 29/100 (22.29) feet to an iron pipe, the last nine (9) courses being by the westerly line of Grove Street;

THENCE N 86° 03' 28" W by land now or formerly of Robinson, seven hundred sixty nine and 27/100 (769.27) feet to a point on a concrete bound;

THENCE S 03° 56' 32" W two hundred fifty one and 05/100 (251.05) feet to a point at an iron pipe;

THENCE N 86° 19' 52" W by land now or formerly of Segel and Campbell, three hundred fifty seven and 98/100 (357.98) feet to a point;

THENCE N 86° 53' 55" W by land now or formerly of Cournoyer, four hundred ninety seven and 86/100 (497.86) feet to a concrete bound;

THENCE S 07° 29' 38" E seven hundred twenty three and 19/100 (723.19) feet to a point;

THENCE S 05° 38' 35" E one hundred ten and 52/100 (110.52) feet to a point;

THENCE S 00° 53' 21" W one hundred one and 35/100 (101.35) feet to a point;

THENCE S 08° 16' 14" E two hundred two and 09/100 (202.09) feet to a point;

THENCE S 09° 50' 28" E three hundred thirty four and 93/100 (334.93) feet to a concrete bound, the last six (6) courses being by land now or formerly of Cournoyer;

THENCE S 30° 32' 50" W four hundred twenty seven and 35/100 (427.35) feet to an iron pipe;

THENCE S 30° 48' 22" W three hundred twenty one and 68/100 (321.68) feet to a point at an iron pipe, the last two (2) courses being by the northwesterly line of Grove Street;

THENCE by a curve to the right having a radius of 20.0 feet for a distance of forty three and 03/100 (43.03) feet to a point at an iron pipe;

THENCE N 25° 55' 38" W nine hundred sixty seven and 36/100 (967.36) feet to a point at a stone bound;

THENCE by a curve to the right having a radius of 510.0 feet for a distance of two hundred seven and 20/100 (207.20) feet to a point at a concrete bound;

THENCE N 02° 38' 58" W three hundred seventy six and 72/100 (376.72) feet to a point at a concrete bound, the last three (3) courses being by the northeasterly line of Sunset Lane;

THENCE N 86° 08' 58" W fifty and 32/100 (50.32) feet to a point;

THENCE S 02° 38' 58" E three hundred eighty two and 42/100 (382.42) feet to a point;

THENCE by a curve to the left having a radius of 560.0 for a distance of one hundred two and 63/100 (102.63) feet to an iron pipe and the point of beginning.

Containing 180.28 acres of land according to said plan.

— 5 —

EXHIBIT NO. 2

# Worcester South District Registry of Deeds
# Electronically Recorded Document

This is the first page of the document – Do not remove

## Recording Information

| | |
|---|---|
| Document Number | : 39585 |
| Document Type | : STAT |
| Recorded Date | : May 19, 2026 |
| Recorded Time | : 03:10:20 PM |
| Recorded Book and Page | : 73597 / 224 |
| Number of Pages(Including cover sheet) | : 6 |
| Receipt Number | : 1707063 |
| Recording Fee | : $105.00 |

Worcester South District Registry of Deeds
Kathryn A. Toomey, Register
90 Front St
Worcester, MA 01608
(508) 368-7000

## STATEMENT OF ACCOUNT
### M.G.L. c. 254, § 8

Notice is hereby given that by virtue of a written contract dated May 16, 2025 between The Sisters of Saint Ann, Owner, and Bowdoin Construction Corp., Contractor, that the following is a just and true account of the amount due, including credits, to Bowdoin Construction Corp. from The Sisters of Saint Ann, for labor or materials, or both labor and materials furnished to The Sisters of Saint Ann, in the erection, alteration, repair or removal of a building, structure or other improvement of real property located at **St. Joseph's Hall, Anna Maria College, 50 Sunset Lane, Paxton, Worcester County, Massachusetts**, a more particular description of which can be found on Exhibit A, attached hereto.

As of this date, the total amount owed pursuant to the aforementioned contract is as follows:

| | | | |
|---|---|---|---|
| 1. | Contract price | | $984,509.00 |
| 2. | Agreed change orders | - | $105,911.13 |
| 3. | Subtotal | | $878,597.87 |
| 4. | Less previous payments | - | $845,631.91 |
| 5. | Subtotal | | $ 32,965.96 |
| 6. | Credits due | | $845,631.91 |
| 7. | Disputed claims | | $ 0.00 |
| | **TOTAL OWED** | | $ 32,965.96 |

The Owner of the real estate is The Sisters of Saint Ann. Bowdoin Construction Corp. claims by virtue of a Notice of Contract recorded in the Worcester County (Worcester District) Registry of Deeds on May 18, 2026 in Book 73589, Page 29.

1

Witness my hand and seal this _18th_ day of May, 2026.

Bowdoin Construction Corp.,

By _____

Brendan Wall, Vice-President

## ACKNOWLEGEMENT

Norfolk, ss.

On this 18th day of May, 2026, before me, the undersigned notary public, personally appeared Brendan Wall, proved to me through satisfactory evidence of identification, to wit, a Massachusetts driver's license, to be the person whose name is signed on this document, and acknowledged to me that he signed it voluntarily for its stated purpose as Vice-President of Bowdoin Construction Corp.

_____, Notary Public

My Commission Expires:

*All notices in regard to this Statement of Account should be forwarded to:*

    *Warren H. Brodie*
    *Law Offices of Warren H. Brodie, P.C.*
    *2 Salt Hay Road*
    *Waquoit, MA 02536*

Michelle L. Hoffses
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
4/28/2028

2

EXHIBIT A

LAND DESCRIPTION

The following parcel of land, with the buildings and improvements now or hereafter located thereon, situated in the Town of Paxton, County of Worcester, Commonwealth of Massachusetts bounded and described as follows:

The land situated on the westerly side of Grove Street in Paxton, Worcester County, Massachusetts and shown as Parcel Two on a plan of land entitled "PLAN OF PROPERTY in Paxton, Mass. owned by The Sisters of Saint Ann" dated May 7, 1979, drawn by Thompson-Liston Associates, Inc., Civil Engineers & Land Surveyors and recorded with the Worcester District Registry of Deeds in Plan Book 464, Plan 16, bounded and described as follows:

BEGINNING at a point in the westerly line of Sunset Lane at a corner of Parcel One on said plan and bounded and described as follows:

THENCE N 80° 45' 00" W four hundred forty one and 49/100 (441.49) feet to a point at an iron pin set;

THENCE N 12° 06' 32" W six hundred nineteen and 28/100 (619.28) feet to a point at a post;

THENCE N 74° 49' 33" W one hundred and thirty-eight and 04/100 (138.04) feet to a point at a post;

THENCE N 73° 28' 46" W one hundred seventy two and 38/100 (172.38) feet to a point at a post;

THENCE N 09° 54' 40" W one hundred twenty six and 08/100 (126.08) feet to a point at a post;

THENCE N 08° 40' 49" W one hundred sixty and 95/100 (160.95) feet to a point at a post;

THENCE N 07° 24' 04" W one hundred sixty and 79/100 (160.79) feet to a post;

THENCE N 05° 18' 04" E one thousand four hundred seventy nine and 01/100 (1,479.01) feet to a concrete bound, the last eight (8) courses being by Parcel One as shown on said plan;

THENCE N 09° 41' 12" E, by land now or formerly of Cournoyer, six hundred twenty six and 37/100 (626.37) feet to an iron pipe at land now or formerly of the City of Worcester;

THENCE S 89° 15' 49" E three hundred ninety nine and 39/100 (399.39) feet to an iron pipe;

THENCE S 75° 40' 10" E one thousand five hundred thirty eight and 00/100 (1,538.00) feet by an existing fence to a point;

- 3 -

THENCE S 73° 21' 10" E one thousand fifty one and 28/100 (1,051.28) feet to a point at a concrete bound set in the westerly line of Grove Street, the last three (3) courses being by land now or formerly of the City of Worcester;

THENCE S 06° 31' 13" E one hundred sixty four and 16/100 (164.16) feet to a point;

THENCE S 07° 10' 30" E one hundred one and 23/100 (101.23) feet to a point;

THENCE S 05° 51' 58" E one hundred and 83/100 (100.83) feet to a point;

THENCE S 07° 36' 29" E three hundred nine and 38/100 (309.38) feet to a point to an iron pipe;

THENCE S 08° 41' 57" E three hundred four and 74/100 (304.74) feet to a point at an iron pipe;

THENCE S 08° 03' 30" E sixty one and 41/100 (61.41) feet to a point at an iron pipe;

THENCE S 07° 07' 47" E one hundred thirty five and 54/100 (135.54) feet to a point at an iron pipe;

THENCE S 05° 36' 24" E one hundred thirty five and 57/100 (135.57) feet to a point;

THENCE S 01° 38' 25" E twenty two and 29/100 (22.29) feet to an iron pipe, the last nine (9) courses being by the westerly line of Grove Street;

THENCE N 86° 03' 28" W by land now or formerly of Robinson, seven hundred sixty nine and 27/100 (769.27) feet to a point on a concrete bound;

THENCE S 03° 56' 32" W two hundred fifty one and 05/100 (251.05) feet to a point at an iron pipe;

THENCE N 86° 19' 52" W by land now or formerly of Segel and Campbell, three hundred fifty seven and 98/100 (357.98) feet to a point;

THENCE N 86° 53' 55" W by land now or formerly of Cournoyer, four hundred ninety seven and 86/100 (497.86) feet to a concrete bound;

THENCE S 07° 29' 38" E seven hundred twenty three and 19/100 (723.19) feet to a point;

THENCE S 05° 38' 35" E one hundred ten and 52/100 (110.52) feet to a point;

THENCE S 00° 53' 21" W one hundred one and 35/100 (101.35) feet to a point;

THENCE S 08° 16' 14" E two hundred two and 09/100 (202.09) feet to a point;

THENCE S 09° 50' 28" E three hundred thirty four and 93/100 (334.93) feet to a concrete bound, the last six (6) courses being by land now or formerly of Cournoyer;

THENCE S 30° 32' 50" W four hundred twenty seven and 35/100 (427.35) feet to an iron pipe;

THENCE S 30° 48' 22" W three hundred twenty one and 68/100 (321.68) feet to a point at an iron pipe, the last two (2) courses being by the northwesterly line of Grove Street;

THENCE by a curve to the right having a radius of 20.0 feet for a distance of forty three and 03/100 (43.03) feet to a point at an iron pipe;

THENCE N 25° 55' 38" W nine hundred sixty seven and 36/100 (967.36) feet to a point at a stone bound;

THENCE by a curve to the right having a radius of 510.0 feet for a distance of two hundred seven and 20/100 (207.20) feet to a point at a concrete bound;

THENCE N 02° 38' 58" W three hundred seventy six and 72/100 (376.72) feet to a point at a concrete bound, the last three (3) courses being by the northeasterly line of Sunset Lane;

THENCE N 86° 08' 58" W fifty and 32/100 (50.32) feet to a point;

THENCE S 02° 38' 58" E three hundred eighty two and 42/100 (382.42) feet to a point;

THENCE by a curve to the left having a radius of 560.0 for a distance of one hundred two and 63/100 (102.63) feet to an iron pipe and the point of beginning.

Containing 180.28 acres of land according to said plan.

- 5 -

**EXHIBIT NO. 3**

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

DISTRICT COURT DEPT.
OF THE TRIAL COURT
EAST BROOKFIELD DIVISION
CIVIL NO.

---

BOWDOIN CONSTRUCTION CORP.,

  *Plaintiff,*

vs.

THE SISTERS OF SAINT ANN
d/b/a ANNA MARIA COLLEGE,

  *Defendant.*

---

## COMPLAINT

## JURISDICTIONAL ALLEGATIONS

1) The plaintiff, Bowdoin Construction Corp. ("Bowdoin"), is a Massachusetts corporation having its principal office at 220-1 Reservoir Street, Needham Heights, Norfolk County, Massachusetts.

2) The defendant, The Sisters of Saint Ann d/b/a Anna Maria College ("The College"), is a Massachusetts church corporation having its principal offices at 50 Sunset Lane, Paxton, Worcester County, Massachusetts.

## JURISDICTION AND VENUE

3) Jurisdiction is proper in this Court pursuant to M.G.L. ch. 212, § 3 and venue is proper as M.G.L. ch. 254, § 5 requires that a civil action to enforce a mechanic's lien must be brought in the Superior Court for the county where such land lies or in the District Court for the judicial district in which such land lies.

## SUBSTANTIVE ALLEGATIONS

## COUNT I – TO ESTABLISH MECHANIC'S LIEN

### 50 Sunset Lane, Paxton, MA

4)     Bowdoin brings this complaint in its own behalf and on behalf of all other persons in interest.

5)     The College is the owner of certain real estate located at 50 Sunset Lane, Paxton, Worcester County, Massachusetts, a more particular description of which can be found on Exhibit A attached hereto.

6)     On or about May 16, 2025, Bowdoin entered into a written contract with The College whereby Bowdoin agreed to construct improvements on the Real Estate ("the Project"), as more fully set forth in the contract ("the Contract").

7)     The initial amount of the Contract was $984,509.00.

8)     The Contract sum was decreased by agreement of the parties by the amount of $105,911.13, resulting in a Contract amount of $878,597.87.

9)     Bowdoin furnished The College with the labor and materials as required by the Contract.

10)    The erection, alteration, repair or improvement of the Real Estate upon which the Project is located was undertaken by Bowdoin.

11)    The labor and materials furnished by Bowdoin to The College were actually used in the erection, alteration, repair or improvement of the Real Estate upon which the Project is located.

12)    Bowdoin has properly and timely performed its obligations under the Contract with The College.

13)    The College has paid Bowdoin the sum of $845,631.91, leaving a balance due and owing to Bowdoin in the amount of $32,965.96.

14)    On May 18, 2026, Bowdoin recorded a good and sufficient Notice of Contract in accordance with M.G. L. c. 254, §2 in the Worcester County (Southern District) Registry of Deeds in Book 73589, Page 29.

2

15)    Within the time allowed by law for recording the same, to wit, on May 19, 2026, Bowdoin recorded a Statement of Account containing a just and true account of the amount due for said labor or materials furnished, with all just and true credits given, together with a sufficient description of said Real Estate and the name of the Owner thereof, and such statement was signed and sworn to by a representative of Bowdoin and was in all respects duly made and recorded in the Worcester County (Southern District) Registry of Deeds in Book 73597, Page 224.

16)    The total due and payable from The College to Bowdoin for the labor and materials furnished by Bowdoin to The College at the Project is $32,965.96.

17)    All conditions precedent to the maintenance of this action have been performed.

18)    Bowdoin has made demand upon The College for payment, however, The College has failed and refused to pay the remaining balance owed.

## COUNT II – BREACH OF CONTRACT

19)    Bowdoin restates the prior allegations of this complaint as though fully set forth herein.

20)    On or about May 16, 2025, Bowdoin entered into the Contract with The College whereby Bowdoin agreed to construct the Project for the contract sum of $984,509.00.

21)    The Contract sum was decreased by agreement of the parties by the amount of $105,911.13, resulting in a Contract amount of $878,597.87.

22)    Bowdoin has properly and timely performed its obligations under the Contract with The.

23)    The College has paid Bowdoin the sum of $845,631.91, leaving a balance due and owing to Bowdoin in the amount of $32,965.96.

24)    All conditions precedent to the maintenance of this action have been performed.

25)    Bowdoin has made demand upon The College for payment, however, The College has failed and refused to pay the remaining balance owed.

3

**WHEREFORE,** the plaintiff, Bowdoin Construction Corp., prays:

1)      That judgment enter for Bowdoin Construction Corp. against The Sisters of Saint Ann d/b/a Anna Maria College pursuant to Count I of this complaint and that the Court determine that Bowdoin Construction Corp had created and perfected a mechanic's lien upon the subject Real Estate pursuant to M.G.L. c. 254, § 2 and § 8 and that Bowdoin Construction Corp. is entitled to enforce the mechanic's lien by judgment of the Court;

2)      That the rights of all other persons in interest who are or may become parties be adjudicated;

3)      That the subject Real Estate or the equity thereon subject to the mechanic's lien be sold, under Order of this Court, and the proceeds applied in discharge of the mechanic's lien;

4)      That the amount due Bowdoin Construction Corp. by virtue of its performance of the Contract with The Sisters of Saint Ann d/b/a Anna Maria College at the Real Estate be determined and that judgment enter for Bowdoin Construction Corp. against The Sisters of Saint Ann d/b/a Anna Maria College in the sum of its damages pursuant to Count II of this complaint; and

5)      For such other and further relief as the court deems proper.

> For the plaintiff,
> Bowdoin Construction Corp.,
> By its attorneys,
> Law Offices of Warren H. Brodie, P.C.,

Dated: August _____, 2026

> By:_____
> WARREN H. BRODIE
> BBO# 058000
> 2 Salt Hay Road
> Waquoit, MA 02536
> (774) 763-2951

4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>THE SISTERS OF ST. ANN<br>d/b/a ANNA MARIA COLLEGE<br><br>Debtor. | Chapter 11<br><br>Case No. 26-40758EDK |

## AFFIDAVIT OF MICHAEL DESROSIERS

I, Michael Desrosiers, hereby depose and state upon my personal knowledge and under the pains and penalties of perjury as follows:

1)    I am an employee of Bowdoin Construction Corp. ("Bowdoin"). I am currently employed as a Superintendent.

2)    I was Bowdoin's Superintendent for the project known as the Anna Maria College Science Building ("the Project") for which Bowdoin was the general contractor.

3)    Bowdoin's contract required the installation of a handicap lift.

4)    The handicap lift was furnished and installed by Garaventa Lift as a subcontractor to Bowdoin.

5)    Part of Garaventa Lift's obligations under its subcontract with Bowdoin for the Project was to obtain a Certificate of Use of Elevator issued by the Division of Occupational Licensure of the Office of Public Safety and Inspections of the Commonwealth of Massachusetts.

6)    Garaventa Lift arranged with the Division of Occupational Licensure to schedule an inspection of the handicap lift for April 1, 2026.

7)    A true copy of an email exchange between Bowdoin and Garaventa Lift concerning the state inspection is attached to this affidavit as Exhibit "A."

1

8)      The inspection of the handicap lift took place on April 1, 2026. Present for the inspection were representatives of Garaventa Lift, the state Division of Occupational Licensure and myself.

9)      During the inspection, Garaventa Lift demonstrated the operation of the handicap lift. Garaventa Lift used weights that they brought to the inspection to test the handicap lift.

10)    The handicap lift passed the inspection.

11)    On April 1, 2026, the Division of Occupational Licensure of the Office of Public Safety and Inspections issued a Certificate For Use of Elevator for the handicap lift, a true copy of which is attached to this affidavit as Exhibit "B."

Signed under the pains and penalties of perjury this 30 day of July, 2026.

MICHAEL DESROSIERS

2

| | |
|---|---|
| **Subject:** | Fw: Anna Maria- St Josephs- Garaventa Inspection |
| **Date:** | Monday, March 30, 2026 at 6:03:02 AM Eastern Daylight Time |
| **From:** | Richard Healey <rhealey@bowdoinconstruction.com> |
| **To:** | Scott Harris <sharris@bowdoinconstruction.com> |
| **Attachments:** | image005.png, image006.png, image007.png, image008.png, image009.png, image010.png, image011.png, image012.png |

FYI

---

**From:** Michael Desrosiers
**Sent:** Monday, March 30, 2026 5:36:45 AM
**To:** Rod Shaffert ; Richard Healey ; Maxwell Hilchuk ; Bill Walsh
**Subject:** Fw: Anna Maria- St Josephs- Garaventa Inspection
We will need coverage at Story Heights...

Get Outlook for Android

---

**From:** Angela Roukey
**Sent:** Friday, March 27, 2026 3:13:30 PM
**To:** Michael Desrosiers ; 'mhilchuck@bowdoinconstruction.com'
**Cc:** Dinko Beharic ; Max Drobnis ; Samantha Sargent
**Subject:** RE: Anna Maria- St Josephs- Garaventa Inspection
Hi Mike
The inspection on 4/1 ETA will be 10a-12p. There's 2 inspections prior to your so time depends on how those go
**Angela Roukey**
—
**Garaventa Lift New England**
735 East Industrial Park Dr. Suite C
Manchester, NH 03109

T +1 888 624 5438
T +1 603 669 6553 x215
E angela.roukey@garaventalift.com
I www.garaventalift.com
Follow
us on

**From:** Michael Desrosiers
**Sent:** Friday, March 13, 2026 8:26 AM
**To:** Angela Roukey ; 'mhilchuck@bowdoinconstruction.com'
**Cc:** Dinko Beharic ; Max Drobnis ; Samantha Sargent
**Subject:** Re: Anna Maria- St Josephs- Garaventa Inspection
You don't often get email from mdesrosiers@bowdoinconstruction.com. Learn why this is important

> **CAUTION:** This email originated from outside of Garaventa Lift. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Will do, thanks
Get Outlook for Android

**From:** Angela Roukey <angela.roukey@garaventalift.com>
**Sent:** Friday, March 13, 2026 8:20:31 AM
**To:** 'mhilchuck@bowdoinconstruction.com' <mhilchuck@bowdoinconstruction.com>; Michael Desrosiers <mdesrosiers@bowdoinconstruction.com>
**Cc:** Dinko Beharic <dinko.beharic@garaventalift.com>; Max Drobnis <max.drobnis@garaventalift.com>; Samantha Sargent <samantha.sargent@garaventalift.com>
**Subject:** Anna Maria- St Josephs- Garaventa Inspection

Hi Max & Michael

The State has scheduled the inspection of the new handicap lift for **Wed 4/1 @ TBD**. Once I receive a time from the inspector, I will relay that info to you.

Please make sure on the day of inspection the pathway/entry is cleared for my tech to be able to roll weight carts into the building for testing.

**Angela Roukey**
—

**Garaventa Lift New England**
735 East Industrial Park Dr. Suite C
Manchester, NH 03109

**T** +1 888 624 5438
**T** +1 603 669 6553 x215
**E** angela.roukey@garaventalift.com
**I** www.garaventalift.com

Follow
us on

Case 26-40758   Doc 130   Filed 08/03/26   Entered 08/03/26 11:46:23   Desc Main
Document    Page 26 of 30
EXHIBIT B



# The Commonwealth of Massachusetts

### Division of Occupational Licensure
Office of Public Safety and Inspections
One Federal Street, Suite 600, Boston, MA, 02110

**Certificate For Use of Elevator**
### Chapter 143 General Laws, as amended

## Location:

## 50 SUNSET LANE, PAXTON, 01612

## Issued On: April 1, 2026

## Expires: April 30, 2028

## Capacity (lbs): 750

## Speed (fpm): 17

## State ID#: 228-W-27259

## Inspection #: INS-772161

*Sarah R Wilkinson*

_____
Sarah R Wilkinson
Commissioner

Chapter 143 of the General Law, Section 65 states the elevator inspection certificate shall be posted in a conspicuous place in or near the cab or car of such elevator.

IN CASE OF ACCIDENT NOTIFY (508) 820-1444 AT ONCE.
REPORT UNSAFE CONDITIONS TO BUILDING MANAGER / OWNER

TELEPHONE: (617) 701-8600            TTY/TDD: (617) 701-8645            http://www.mass.gov/dpl

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE

   Debtor.

Chapter 11

Case No. 26-40758EDK

## CERTIFICATE OF SERVICE

I, Warren H. Brodie, attorney for Bowdoin Construction Corp., Creditor, in the above-captioned case, hereby certify that on July 31, 2026, I caused copies of the following documents to be served by Federal Express, Overnight Delivery on:

John J. Monaghan, Esq.
Lynne B. Xerras, Esq.
Kathleen St. John. Esq.
Holland & Knight, LLP
10 St. James Avenue
Boston, MA, 02116

Documents Served:

(1) Proof of Claim w. attachments;

(2) Motion of Bowdoin Construction Corp. For Relief From Automatic Stay For the Limited Purpose of Enforcing Mechanic's Lien Pursuant to M.G.L. Chapter 254;

(3) Affidvait of Michael Desrosiers;

(4) Motion For Expedited Hearing; and

(5) Proposed Order Granting Relief From the Automatic Stay.

1

BOWDOIN CONSTRUCTION CORP.,
By its attorneys,
Law Offices of Warren H. Brodie, P.C.,


By: _____
WARREN H. BRODIE
BBO# 058000
2 Salt Hay Road
Waquoit, MA 02536
(774) 763-2951
e-mail: wbrodie@whbrodielaw.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE

Debtor.

Chapter 11

Case No. 26-40758EDK

## [PROPOSED] ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY
### (Bowdoin Construction Corp.)

The above-referenced matter came on for consideration for a motion for relief from automatic stay filed by Bowdoin Construction Corp. ("Bowdoin"). Having had a hearing in consideration of all arguments between all parties, it is hereby ordered that the motion for relief from automatic stay is granted subject to the following terms and conditions:

1)      In accordance with M.G.L c. 254, §11, Bowdoin may proceed to preserve its mechanics' lien against the property owned by The Sisters of St. Ann d/b/a Anna Maria College ("the Debtor") located at 50 Sunset Lane, Paxton, Worcester County, Massachusetts ("the Property") by filing a complaint against the Debtor in the East Brookfield District Court;

2)      The complaint is filed by Bowdoin for the sole purpose of preserving Bowdoin's' mechanics' lien recorded against the Property. Bowdoin will not prosecute its contractual or *in rem* claims against the Debtor or the Property;

3)      In accordance with M.G.L c. 254, §5, Bowdoin may record an attested copy of the complaint at the Worcester County (South) Registry of Deeds;

4)      In accordance with the relevant provisions of the Massachusetts Rules of Civil Procedure, Bowdoin may make service of a summons and copy of the complaint on the Debtor;

5)      Bowdoin may not seek to collect any judgment or enforce any lien obtained hereunder against the Debtor or the Property without further order of this Court

6)      The ten day stay provided for in Rule 4001 (a)(3) is not applicable to this order, this Court having found that cause exists to grant relief effective with entry of this order, with time being of the essence for Bowdoin to perfect its claim for mechanics' lien.

Entered as an order of this Court, this _____ day of August, 2026.


_____
Honorable Elizabeth D. Katz
United States Bankruptcy Judge