**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

In re:

THE SISTERS OF ST. ANN
d/b/a ANNA MARIA COLLEGE,

Debtor.[1]

Chapter 11

Case No. 26-40758-EDK

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
REGARDING THE DEBTOR'S MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE LIMITED USE OF
ITS CASH MANAGEMENT SYSTEM, (B) OPEN AND USE A NEW DEBTOR-IN-
POSSESSION ACCOUNT, (C) MAINTAIN CERTAIN EXISTING BANK ACCOUNTS
FOR LIMITED PURPOSES AND CLOSE CERTAIN EXISTING BANK ACCOUNTS,
AND (D) CONTINUE USING CERTAIN EXISTING BUSINESS FORMS RELATING
TO RESTRICTED ACCOUNTS; (II) GRANTING A LIMITED WAIVER OF
SECTION 345(B) REQUIREMENTS; AND (III) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors of the Sisters of St. Ann d/b/a Anna Maria

College (the "Committee") files this statement (the "Statement") in connection with the continued

hearing on the *Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A)*

*Continue Limited Use of Its Cash Management System, (B) Open and Use a New Debtor-in-*

*Possession Account, (C) Maintain Certain Existing Bank Accounts for Limited Purposes and Close*

*Certain Existing Bank Accounts, and (D) Continue Using Certain Existing Business Forms*

*Relating to Restricted Accounts; (II) Granting a Limited Waiver of Section 345(b) Requirements;*

*and (III) Granting Related Relief* [Dkt. No. 16] (the "Cash Management Motion").[2] In further

response to the Cash Management Motion, the Committee respectfully states as follows:

---

[1]     The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane,  Paxton, MA 01612.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed in the Cash Management Motion.

1

27191776.v1

**STATEMENT**

1.      The Committee files this Statement to assist the Court in understanding the creditors' perspective as the Court balances the competing interests raised by the parties with respect to the Cash Management Motion. The Committee has communicated with the Debtor, the United States Trustee (the "U.S. Trustee"), and the Massachusetts Attorney General's Office (the "AGO") and appreciates that resolution of the Cash Management Motion may involve weighing important, countervailing interests and resolving complex factual and legal questions.

2.      The Committee believes that the interests of all parties are best served by a measured, incremental approach that preserves the status quo while reserving all rights with respect to the character of donor restricted funds held in the Debtor's Restricted Accounts.  As a result, the Committee is supportive of the Debtor's request for a waiver of the requirements of section 345(b) of the Bankruptcy Code with respect to the Restricted Accounts, subject to certain protective guardrails discussed below.

## I.      The Bankruptcy Code's Interest in Protecting Estate Funds

3.      Fundamentally, the Committee respects the importance of section 345(b) of the Bankruptcy Code and the purpose advanced by the U.S. Trustee: protecting funds of the estate from risk of loss at the depository level to the detriment of creditors and the estate.  The U.S. Trustee's concern that funds and investments held in the Investment Accounts at Fidelity are not FDIC-insured or held by a U.S. Trustee-approved depository, and are not bonded, is a legitimate one.  To be clear, the Committee fully shares in the interest of ensuring that all funds of the Debtor, regardless of their ultimate characterization as restricted or unrestricted, are prudently and safely managed.

2

27191776.v1

## II.     The Debtor's Obligations Under State Law and Its Position on Character of Funds

4.      For its part, the Debtor takes the position that certain donor-restricted endowment funds are not property of the estate, citing First Circuit authority, Massachusetts common law, and the Uniform Prudent Management of Institutional Funds Act, M.G.L. c. 180A, §§ 1–9 ("UPMIFA"). *See* Dkt. No. 145 ¶¶ 14–15 (citing *In re Boston Reg'l Med. Ctr., Inc.*, 410 F.3d 100, 108 (1st Cir. 2005); *Animal Rescue League of Boston v. Bourne's Assessors*, 310 Mass. 330, 334 (1941)).  The Committee also understands that the AGO takes the view that funds reported by the Debtor as restricted are presumed to have donor restrictions, that donor-restricted funds are not property of the Debtor's estate, and that such funds are subject to the AGO's statutory oversight authority.

5.      Under the UPMIFA and 28 U.S.C. § 959(b), the Debtor has an obligation to manage institutional funds in accordance with state law investment standards, including a multi-factor prudent management analysis—an obligation that both complements and conflicts with the capital investment and preservation mandates of sections 345(a) and 345(b) of the Bankruptcy Code.  This puzzle involves essentially the same set of facts faced by the bankruptcy court in *In re Diocese of Buffalo, N.Y.*, 621 B.R. 91, 93–94 (Bankr. W.D.N.Y. 2020), where the court found that a non-profit debtor's duties under the New York Prudent Management of Institutional Funds Act constituted "cause" to waive section 345(b) requirements, recognizing that section 345(b)'s "narrow requirements" and focus on capital preservation "contrasts sharply" with the multi-faceted investment approach mandated by state law. *Id*. at 94.

## III.    The Committee's Position

6.      Cognizant of the interests outlined above, the Committee believes that the Court should adopt an approach that balances section 345(b) protections with the Debtor's state law

3

27191776.v1

obligations while taking only the smallest step necessary at this time.  Like the bankruptcy court in *Diocese of Buffalo*, the Court here can grant a waiver of the requirement of section 345(b) of the Bankruptcy Code (including on a further interim basis) while preserving all parties' rights to revisit the issue on appropriate grounds, including by: (i) reserving rights with respect to challenging the characterization of funds in the Restricted Accounts as restricted, unrestricted, or encompassed in property of the estate; (ii) providing that funds in the Restricted Accounts will continue to be managed prudently and safely in accordance with the UPMIFA and will not be moved from the Restricted Accounts without further order of the Court; and (iii) providing that the Debtor will provide periodic reports to the U.S. Trustee and the Committee regarding funds and investments in the Restricted Accounts.

7.      The Committee does not believe this contested matter on the Cash Management Motion is the right forum for adjudication of the character of the restricted funds.  Among the Committee's concerns is that an order directing liquidation and transfer of the Restricted Accounts could inadvertently be construed as a determination that the funds are unrestricted estate property. The character of the purportedly restricted funds—whether they are estate property or trust property and excluded from the estate—is a complex factual and legal question that may include review of potentially hundreds of separate gift instruments, tracing of funds, reconciliation of interfund balances, and application of state charitable trust law and warrants a more developed record and briefing prior to a determination.  The Committee is concerned that a determination now could prematurely alter parties' rights, including creditors, the Committee, the Debtor, donors, and the AGO, and may have unintended consequences (including for state law claims for misuse of charitable funds or breach of fiduciary duty, to the extent that any such claims exists).

4

27191776.v1

8. Further, the Committee understands that the Debtor and its advisors are in the process of obtaining and reviewing documentation regarding the character of the funds but that this may be a lengthy and expensive process that may not ultimately benefit the estate (including because the outcome of the Debtor's proposed sale of substantially all of its assets is presently unknown). The Committee supports this work and believes that it should continue to happen in parallel with the ongoing sale process and that any determination regarding the character of the funds should occur following further investigation and factual development and briefing of the issues by all parties as necessary.

9. Based on this, and as noted, the Committee supports maintaining the status quo and the Restricted Accounts at Fidelity on an interim basis, subject to compliance with UPMIFA and state law requirements, reporting to the U.S. Trustee and the Committee, and a reservation of rights respecting the character of the funds as restricted or unrestricted. For avoidance of doubt, the Committee reserves all rights to take a position on the character of the restricted funds as additional information becomes available and subject to appropriate procedural protections, which may require an adversary proceeding, to the extent declaratory relief is needed. *See*, *e.g.,*, Fed. R. Bankr. P. 7001(b) & (i).

## CONCLUSION

10. Based on the foregoing, the Committee respectfully requests that the Court enter a further interim order, pursuant to section 345(b) of the Bankruptcy Code, permitting and directing the Debtor to maintain the Restricted Accounts at Fidelity, subject to periodic reporting to the U.S. Trustee and the Committee, and reserving all parties' rights on the question of the character of the funds. The Committee further requests that the order include language clarifying that the Court makes no finding as to whether the restricted funds are or are not property of the estate.

27191776.v1

Dated: August 12, 2026

*/s/ Andrew C. Helman*

Andrew C. Helman (BBO# 679155)
Kyle D. Smith (admitted *pro hac vice*)
Dentons Bingham Greenebaum LLP
One City Center, Suite 11100
Portland, Maine 04101
Phone: (207) 810-4955
Email: andrew.helman@dentons.com
        kyle.d.smith@dentons.com

Lauren M. Macksoud (admitted *pro hac vice*)
Henry Thomas (admitted *pro hac vice*)
Dentons US LLP
1221 Avenue of the Americas
New York, NY 10020
Phone: (212) 768-5347
Email: lauren.macksoud@dentons.com
        henry.thomas@dentons.com

*Proposed Counsel to the Official Committee*
*of Unsecured Creditors of Sisters of St. Ann*
*d/b/a Anna Maria College*

27191776.v1

## <u>CERTIFICATE OF SERVICE</u>

I, Andrew C. Helman, an individual 18 years of age or older, certify that the foregoing document was served on all parties receiving notice and service in this case through the Court's CM/ECF electronic filing system. Such parties are identified in the "Electronic Mail Notice List" below. I further certify that I have caused the foregoing document to be served by United States Mail, first class, postage prepaid on parties identified in the "Manual Notice List" set forth below.

**Electronic Mail Notice List**

The following is the list of **parties and attorneys** who are currently on the list to receive email notice/service for this case.

- **Eric K. Bradford**    Eric.K.Bradford@USDOJ.gov
- **Warren H. Brodie**    wbrodie@whbrodielaw.com
- **Robert F. Callahan**    RCallahan@RobinsKaplan.com, LDiMillio@Robinskaplan.com;JMenton@Robinskaplan.com
- **Paul W. Carey**    pcarey@micklaw.com, bankrupt@mirickoconnell.com
- **Shannah L. Colbert**    scolbert@micklaw.com, afogg@micklaw.com
- **Anthony A. Froio**    afroio@robinskaplan.com
- **Douglas R. Gooding**    dgooding@choate.com, jmarshall@choate.com,douglas-gooding-9991@ecf.pacerpro.com
- **Ira H. Grolman**    ira@grolmanllp.com, Grolman.IraB123053@notify.bestcase.com
- **Andrew C. Helman**    andrew.helman@dentons.com, nicole.rancourt@dentons.com
- **Richard King**    USTPRegion01.WO.ECF@USDOJ.GOV
- **Paul G. Lannon**    paul.lannon@hklaw.com, jennifer.blake@hklaw.com
- **Lauren M. Macksoud**    lauren.macksoud@dentons.com
- **Jonathan D Marshall**    jmarshall@choate.com
- **Alex F. Mattera**    amattera@pierceatwood.com, lhawe@pierceatwood.com
- **John J. Monaghan**    bos-bankruptcy@hklaw.com, hapi@hklaw.com
- **Kathleen Morris St. John**    kathleen.stjohn@hklaw.com
- **Tani E. Sapirstein**    tani@sandslaw.com
- **Megan Sheehan**    megan@sheehanlawoffice.net
- **Kyle D. Smith**    kyle.d.smith@dentons.com, nicole.rancourt@dentons.com
- **Lynne B. Xerras**    lynne.xerras@hklaw.com

**Manual Notice List**

Christopher Bailey
Holland & Knight LLP
1722 Routh St #1500
Dallas, TX 75201

Boston Growth Partners, LLC
25 Old Coach Rd

7

27191776.v1

Sudbury, MA 01776

Kelleher & Sadowsky
120 Front Street
Suite 210
Worcester, MA 01608

Richard A. Kerver
88 S. Meadow Road
Clinton, MA 01510

Jami Nimeroff
Sullivan Nimeroff Brown Hill LLC
18 Kings Highway West
Haddonfield, NJ 08033

Verdolino & Lowey P.C.
124 Washington St.
Foxborough, MA 02035

27191776.v1