# **EXHIBIT A**

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>THE SISTERS OF SAINT ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br>Debtor. [1] | Chapter 11<br><br>Case No. 26-40758-EDK |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE PRIVATE SALE OF NURSING PROGRAM ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (II) GRANTING RELATED RELIEF**

Upon consideration of the *Motion for Entry of an Order (I) Authorizing the Private Sale of Nursing Program Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (II) Granting Related Relief* (the "Motion")[2] filed by The Sisters of Saint Ann d/b/a Anna Maria College, as debtor and debtor in possession in the above-captioned Chapter 11 Case (the "College" or the "Debtor"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2002-1, 6004-1, and 6006-1 of the Local Rules for the United States Bankruptcy Court for the District of Massachusetts (the "Local Rules"), seeking entry of an order approving the private sale of the Nursing Program Assets to Assumption University on the terms described in the Sale Documents attached to the Motion and granting related relief; and adequate and sufficient notice of the Motion and the Sale

---

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.
[2] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Motion.

Notice having been provided in accordance with applicable Bankruptcy Rules and Local Rules, and it appearing that no other or further notice hereof is required; and all parties in interest having been afforded an opportunity to be heard with respect to the Motion and all relief related thereto; and the Court having reviewed and considered (i) the Motion and all relief related thereto, (ii) any objections thereto (the "Objections") and having considered statements of counsel and the record presented in support of the relief requested by the Debtor in the Motion at the Hearing held on __________, 2026; and the United States Bankruptcy Court for the District of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, or settled as announced to the Court at the Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby denied and overruled with prejudice.

3. The Sale Documents and all transactions contemplated therein are hereby approved. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtor is authorized to transfer the Nursing Program Assets to Assumption by private sale on the date of Closing (the "Closing Date") in accordance with the terms of the applicable Sale Documents; the sale, assignment, and transfer of the Nursing Program Assets to Assumption shall constitute legal,

valid and effective transfer to Assumption of the Debtor's and the estate's right, title and interest in and to the Nursing Program Assets free and clear of all liens (including, but not limited to, any 'lien' as defined in section 101(37) of the Bankruptcy Code), claims (including, but not limited to, any 'claim' as defined in section 101(5) of the Bankruptcy Code), security interests, mortgages, encumbrances, interests and restrictions of every kind or nature, whether known or unknown, liquidated or unliquidated, disputed or undisputed, contingent, inchoate or matured, in law or equity (collectively, "Liens"), which any person or entity now has or ever had against the Debtor or the Nursing Program Assets pursuant to Section 363(f) of the Bankruptcy Code, as of the Closing Date.

4. Any perfected, enforceable, and valid Liens shall attach to the proceeds of the Assumption Transaction in accordance with the priorities established under applicable law and separate orders of this Court and shall be applied in accordance with the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Approving Postpetition Financing, (II) Granting Liens And Providing Superpriority Administrative Expense Status, (III) Authorizing Use of Cash Collateral, (IV) Granting Adequate Protection, (V) Modifying Automatic Stay, and (VI) Granting Related Relief,* ECF No. 146, as may be amended or supplemented ("Financing Order"). Nothing contained in this Order shall constitute a waiver by the estate of the right to challenge the extent, priority or validity of any asserted Liens on, in, or against the Nursing Program Assets, by the deadline established in the Financing Order solely as and to the extent such challenge is permitted by the Financing Order.

5. The consideration to be paid by Assumption is fair and reasonable, constitutes a transfer for reasonably equivalent value and fair consideration, and may not be avoided under Section 363(n) of the Bankruptcy Code. The record demonstrates that the Assumption Transaction

was negotiated, proposed, and entered into by the Debtor and Assumption without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor Assumption has engaged in any conduct that would cause or permit the Private Sale to be avoided under section 363(n) of the Bankruptcy Code. Assumption is a good faith purchaser as that term is defined in section 363(m) of the Bankruptcy Code and is entitled to all of the protections afforded thereunder.

6. Notwithstanding the foregoing, nothing herein shall be deemed to authorize or approve the transfer to Assumption of the Debtor's beneficial or other interest as donee in Applicable Gifts, with any such transfer or assignment to Assumption to require further notice and Court order.

7. Each and every federal, state, and local governmental agency, department, or unit, and any other person or entity, is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the applicable Sale Document.

8. The Court shall retain exclusive jurisdiction to enforce, interpret and implement the terms and provisions of the Sale Documents and this Order.

9. This Order shall be effective and enforceable immediately. The provisions of Bankruptcy Rule 6004(h) and 6006(d) staying the effectiveness of this Order for fourteen (14) days are hereby waived, and this Order shall be effective, and the parties may consummate the transactions contemplated by the Private Sale immediately upon entry of this Order.

Dated: __________, 2026
Worcester, Massachusetts

______________________________________
UNITED STATES BANKRUPTCY JUDGE