# <u>Exhibit A</u>

## Proposed Order

**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>THE SISTERS OF SAINT ANN d/b/a ANNA MARIA COLLEGE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758-EDK |

**ORDER GRANTING DEBTOR'S MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO TRANSFER POSSESSION OF CERTAIN MEMORIALS TO DONORS FOR RELOCATION**

Upon consideration of the *Debtor's Motion for Entry of an Order Authorizing the Debtor to Transfer Possession of Certain Memorials To Donors For Relocation* [ECF No. __] (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") on September 3, 2026, seeking entry of an order (this "Order"): (i) authorizing the Debtor to transfer possession of and permit the relocation of the Memorials by their respective donors, outside the ordinary course of business; and (ii) granting such other and further relief as the Court deems just and proper, all as more fully set forth in the Motion; the United States Bankruptcy Court for the District of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; a hearing regarding the Motion having been held on September __, 2026 ("Hearing") during which interested parties had the opportunity to appear and be heard; it appearing from the record that sufficient notice of the Motion and the Hearing was

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] Capitalized terms not defined herein shall have the meanings ascribed in the Motion.

provided by counsel to the Debtor to parties-in-interest, and that no further notice is required to enter this Order; and sufficient cause appearing therefor; and having determined that legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. Each of the Memorials is authorized to be relocated as follows: (a) the Molly Bish Memorial to Wachusett Community College, at the request of the Bish family; (b) the 9/11 Memorial to the grounds of the Paxton Fire Department; (c) the Worcester Firefighters Memorial cross to a site designated by the City of Worcester Fire Department; and (d) the Grotto to the Roman Catholic Diocese of Worcester, subject to finalization of the recipient, relocation site, timing, and funding arrangements. No consideration shall be paid by or to the Debtor in connection with the relocation of the Memorials, and all costs of relocation, including any and all appropriate insurance, shall be borne by the respective donors or third parties (the "Responsible Relocation Parties").

3. The Responsible Relocation Parties shall perform the relocation of the Memorials in a reasonable manner that minimizes damage to the Debtor's Campus and shall be responsible for restoring the original sites of the Memorials to a condition similar to the immediately surrounding Campus area following the relocation of the Memorials. The Responsible Relocation Parties shall bear responsibility for any claims or damages resulting from the relocation.

4. No estate funds are authorized to be expended in connection with the relocation of the Memorials. Notwithstanding anything to the contrary herein, any payment made or to be made by the Debtor pursuant to the authority granted herein shall be subject to the applicable budget and/or cash collateral authorization requirements imposed on the Debtor under any orders entered

by the Court (a) approving the Debtor's entry into any post-petition debtor in possession financing facility (the "DIP Order"), and (b) authorizing the Debtor's use of cash collateral (a "Cash Collateral Order," and, together with the DIP Order, the "Financing Orders").

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h) or any other Bankruptcy Rule, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and any stay of the effectiveness of this Order is hereby waived.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _______________, 2026

________________________________________
Elizabeth D. Katz
UNITED STATES BANKRUPTCY JUDGE