**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>THE SISTERS OF SAINT ANN<br>d/b/a ANNA MARIA COLLEGE,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 26-40758-EDK |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon consideration of the *Debtor's Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Dkt. No. 173] (the "Motion")[2] filed by the above-captioned debtor and debtor in possession (the "Debtor") on August 21, 2026 seeking entry of an order establishing interim compensation procedures for those professionals retained pursuant to section 327 or 1103 of the Bankruptcy Code that will be required to file applications for the allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a), and Local Rule 2016-1, in the form proposed in Local Rule 9009-2 and Appendix 6, and granting related relief, all as more fully set forth in the Motion; and the United States Bankruptcy Court for the District of Massachusetts having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, this Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing from the record that sufficient notice of the Motion and an

[1] The last four digits of the Debtor's taxpayer identification number are 2060. The Debtor's address is 50 Sunset Lane, Paxton, MA 01612.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

opportunity to be heard has been provided to parties-in-interest, and that no further notice is required; no objections to the Motion or form of Proposed Order having been filed; a hearing held on the Motion having been held on September 3, 2026; having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein, and the Interim Compensation Procedures are approved.

2. Except as may otherwise be provided by orders of the Court authorizing the retention of specific professionals, all Retained Professionals may (but are not required to) seek interim payment of compensation and reimbursement of expenses as follows:

a. On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Retained Professional seeking compensation and reimbursement of expenses shall serve a monthly fee statement (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, by email or hand delivery, to the following parties (collectively, the "Notice Parties"): (i) the Debtor, Sisters of Saint Ann d/b/a Anna Maria College, 50 Sunset Lane, Paxton, MA 01612, Attn: Dr. Sean J. Ryan, President, sryan@annamaria.edu; (ii) counsel to the Debtor, Holland & Knight LLP, 10 St. James Avenue, 11th Floor, Boston, MA 02116, John J. Monaghan, Esq. and Lynne B. Xerras, Esq., c/o lynne.xerras@hklaw.com; (iii) counsel to the Official Committee of Unsecured Creditors, Dentons Bingham Greenebaum LLP, One City Center, Suite 11100, Portland, ME 04101, Andrew C. Helman, Esq. and Lauren Macksoud, Esq., c/o andrew.helman@dentons.com; (iv) counsel to Citizens Funding Corp and Citizens Bank, N.A., Douglas Gooding, Esq. and Jonathan Marshall, Esq., Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, c/o dgooding@choate.com; and (v) the Office of the United States Trustee, Attn: Eric Bradford, Esq., eric.k.bradford@usdoj.gov. Each Monthly Fee Statement shall include a summary of the fees and expenses incurred during the applicable month and a cumulative summary of all fees and expenses incurred since the Petition Date. A Monthly Fee Statement shall not be filed with the Court unless so ordered.

   Each Retained Professional may submit its first Monthly Fee Statement on or after September 1, 2026, and such first Monthly Fee Statements shall be for the period from the Petition Date through and including July 31, 2026.

b. Review Period

Each person receiving a Monthly Fee Statement shall have fourteen (14) days after service of the Monthly Fee Statement to review it and serve an objection (the "Objection Period").

c. Payment

In the absence of a timely served objection, Debtor will promptly pay each Retained Professional an amount (the "Monthly Payment") equal to the lesser of (i) ninety percent (90%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Statement, or (ii) ninety percent (90%) of the fees and 100 percent (100%) of the expenses not subject to any partial objection.

For sake of clarity, to the extent that the total Monthly Payments due to Retained Professionals on a monthly or interim basis exceeds the Budgeted Fees for the time period at issue, the Budgeted Fees shall be allocated to the Professionals on a *pro rata* basis, by amount of fees and expenses incurred and payable for each Retained Professional seeking compensation through a Monthly Fee Statement not subject to an Objection (defined below) in relation to the total amount of fees and expenses due and payable to the Retained Professionals seeking payment; the first $350,000 amount of Budgeted Fees shall be allocated for services performed from the Petition Date through July 31, 2026, with any balance remaining to be available to pay Professional Fees due and payable for the next four week period, in accordance with the Budget and up to the amount of the Budgeted Fees, and any orders of the Court.

All fees and expenses paid to Retained Professionals under these procedures are subject to disgorgement until final allowance by the Court.

d. Objections

If any party objects to a Monthly Fee Statement, it must serve a written objection (the "Notice of Objection") upon the impacted Retained Professional and each of the Notice Parties, so that the Notice of Objection is received on or before the last day of the Objection Period. The Notice of Objection must set forth the nature of the objection and the amount of fees and/or expenses at issue.

If the Debtor receives a Notice of Objection to a particular Monthly Fee Statement, the Debtor shall withhold payment of that portion of the Monthly Fee Statement to which the objection is directed, and shall promptly pay the remainder of the fees and disbursements due to the Retained Professional at issue in accordance with these Interim Compensation Procedures.

e. If the parties are able to resolve their respective dispute(s) following the service of a Notice of Objection, and the Retained Professional and the objecting party serve upon each of the Notice Parties a statement indicating that the objection is withdrawn, in whole or in part, describing in detail the terms of the resolution, then



#541911025_v3

the Debtor shall promptly pay that portion of the Monthly Fee Statement which is no longer subject to an objection, in accordance with these Interim Compensation Procedures, up to the remaining amounts authorized in the Budget for Budgeted Fees.

If the parties are unable to reach a resolution to the objection within fourteen (14) days after service of the Notice of Objection, the affected Retained Professional may either (a) move to compel the payment with the Court, together with a request for payment of the difference, if any, between the total amount of the Interim Payment sought and the portion of the Interim Payment as to which there is an objection (the "Incremental Amount"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application, or any other date and time so directed by the Court, at which time it will consider and dispose of the objection, if so requested. Neither an objection to a Monthly Fee Statement nor the failure to object thereto shall prejudice a party's right to object to any fee application on any ground.

Failure of a Retained Professional to timely serve a Monthly Fee Statement shall not prejudice such Professional in seeking interim or final allowance of fees or expenses.

f. Fee Applications

At four month intervals beginning with the period ending on October 31, 2026 ("Interim Period"), each Retained Professional electing to receive payment pursuant to these procedures shall file an interim application for allowance of compensation and reimbursement of expenses, pursuant to 11 U.S.C. § 331, ("Interim Fee Application"), seeking approval, on an interim basis, of the compensation requested pursuant to the Monthly Fee Statements issued during such period and payment of any outstanding balance due after application of the Monthly Payments. The Interim Fee Application shall comply with the mandates of the Bankruptcy Code, Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of Massachusetts. Each Interim Fee Application must be filed within forty-five (45) days after the conclusion of the Interim Period. In the event any Retained Professional fails to file an Interim Fee Application when due, such Retained Professional will be ineligible to receive further Monthly Payments until such time as the Interim Fee Application is submitted.

The Debtor or each Retained Professional shall: a) serve copies of the Interim Fee Applications and final fee applications upon the Notice Parties, and those other parties that request copies from counsel to the Debtor, and b) serve notices of the filing of and of hearings scheduled to consider Interim and final fee applications upon the Notice Parties, all applicable regulatory and taxing jurisdictions, as well as those parties in interest requesting notice pursuant to Bankruptcy Rule 2002. Notice given in accordance with this paragraph is deemed sufficient and adequate and in full compliance with the applicable provisions of the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, and the Massachusetts Local Bankruptcy Rules.

The pendency of a fee application, or a court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement, shall not disqualify a Retained Professional from the further payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals. All compensation is subject to final approval by the Court.

g. Counsel for each official committee may, in accordance with the foregoing procedure for monthly compensation and reimbursement to Professionals, collect and submit statements of actual expenses incurred, with supporting vouchers, from members of the committee such counsel represents, provided, however, that such committee counsel ensures that these reimbursement requests comply with the applicable Rules and those guidelines.

h. The Debtor shall include all payments made to Retained Professionals under these Interim Compensation Procedures in its monthly operating reports, identifying the amount paid to each Retained Professional.

i. Any party may object to a request for payment under these Interim Compensation Procedures for good cause, including, without limitation, that the Debtor has not timely filed its monthly operating reports or has not remained current with its administrative expenses and the fees due under 28 U.S.C. § 1930.

3. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 4, 2026

Elizabeth D. Katz

HON. ELIZABETH D. KATZ
UNITED STATES BANKRUPTCY JUDGE



#541911025_v3