**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

---------------------------------------------------------x

In re:

THE SISTERS OF ST. ANN d/b/a/ ANNA MARIA COLLEGE,

Debtor.

Chapter 11

Case No. 26-40758-EDK

---------------------------------------------------------x

**OBJECTION OF CREDITOR, MATRAN INC. TO THE DEBTOR'S SALE OF NON-ESTATE PROPERTY**

MaTran Inc., d/b/a Master's Leasing & Rental ( "Movant"), by and through its undersigned attorneys, Thomas H. Curran Associates LLC, submits this Objection to the above-captioned Debtor's sale of substantially all of its assets to the extent that the Debtor purports to sell non-estate property belonging to Movant and respectfully states as follows:

**INTRODUCTION**

Movant's business specializes in the sale, lease and rental of shuttle buses, school buses, and vans to customers throughout the country. Prior to the petition date in this case, Movant, as lessor and the Sisters of St. Ann d/b/a Anna Maria College (the "Debtor") as lessee, entered into a written lease of a thirty-five passenger shuttle bus. The lease is unexpired; however, the Debtor defaulted under its terms prepetition.

In its bankruptcy schedules, the Debtor listed its interest in certain "Leased/financed vehicles" with an aggregate market value of $50,000.00. The Debtor further listed Movant as a general unsecured creditor. However, the Debtor did not schedule its lease with Movant. Now, the Debtor is in the process of liquidating substantially all of its assets including its interest in "motor vehicles with a gross cost basis of approximately $542,559". Because the Debtor did not identify

its lease with Movant in its schedules, it appears that the Debtor intends to sell Movant's vehicle as if it belongs to the estate. It is not estate property, however, but property belonging to Movant.

If the Debtor were to argue that the lease is actually a security agreement under the Uniform Commercial Code, the Debtor would be incorrect. In this instance, the critical factor is whether "the original term of the lease is equal to or greater than the remaining economic life of [Movant's vehicle]". Here, approximately one year remains on the lease term while the current market value of the vehicle is no less than $152,900.00 and as high as $194,900.00. In short, the vehicle will retain significant value beyond the lease term. Therefore, the vehicle is non-estate property belonging to Movant and not subject to sale by the Debtor.

**FACTS**

1. MaTran is a corporation incorporated under the laws of the State of Nebraska which does business under the authorized trade name Master's Leasing and Rental and maintains its corporate headquarters located in Belton, Missouri. Declaration of Amy Monroe (the "Monroe Decl."), ¶ 5.

2. MaTran is an affiliate of Master's Transport Inc. ("Masters"). *Id*. at ¶ 6.

3. On June 26, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition"). ECF Doc. No. 1.

4. Prior to the Petition Date on September 16, 2024, Movant and the Debtor entered into a written lease agreement (as amended, the "Lease") under which Movant agreed to lease to the Debtor a 2023 Freightliner Glaval shuttle bus (the "Vehicle") for thirty-sixth months with a monthly base payment of $4,851.04 (the "Monthly Payment"). Monroe Decl. at ¶ 7 and Exhibit A.

5. By addendum dated May 22, 2025, the Lease term ends on September 30, 2027 (the "Expiration Date"). *Id*. at ¶ 8 and Exhibit B.

6. Movant acquired title to the Vehicle on September 23, 2024 for the sum of $208,435.00. *Id*. at Exhibits C and D.

7. The Vehicle's registration with the State of Missouri is current through December 2027. *Id*. at ¶ 10 and Exhibit E.

8. The current market value of the Vehicle is no less than $152,900.00 and as high as $194,900.00. *Id*. at ¶¶ 11-16 and Exhibit F..

9. On Schedule B to the Petition, the Debtor scheduled an interest in "Leased/financed vehicles – four trucks/vans/chassix" with an aggregate comparable sale value of $50,000.00. ECF Doc. No. 105.

10. On Schedule F to the Petition, the Debtor scheduled a general unsecured debt owed to "MaTran" in an unknown amount attributable to a "Car loan" and a general unsecured debt owed to "Master's Leasing and Rental" for "goods/services" in the amount of $4,851.04. *Id*.

11. On Schedule G to the Petition, the Debtor did not schedule the Lease. *Id*.

12. As of September 14, 2024, the Debtor was in arrears under the lease in the approximate amount of $38,808.32 (the "Arrearage"). Monroe Decl. at ¶ 17 and Exhibit F.

13. The Debtor has not made any post-petition Monthly Payments to Movant. *Id*. at ¶ 18.

**ARGUMENT**

While the Debtor has an interest in the unexpired Lease, it does not hold title to the Vehicle under the express terms of the Lease. *See* Lease at p. 1. Thus, the Debtor may not sell the Vehicle but only assume and assign the Lease, provided that the assignee cures the Arrearage.

It might be argued, incorrectly, that the Lease is actually a security agreement under UCC § 1-203(b). UCC § 1-203(b), as codified under Mo. Rev. Stat. § 400.1-203, provides:

> (b) A transaction in the form of a lease creates a security interest if the consideration that the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease and is not subject to termination by the lessee, and: (1) the original term of the lease is equal to or greater than the remaining economic life of the goods; (2) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods; (3) the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement ; or (4) the lessee has an option to become the owner of the goods for no additional consideration or for nominal additional consideration upon compliance with the lease agreement.[1, 2]

Here, the Lease is "not subject to termination by the lessee". Lease at § 13. However, the Debtor is not bound to renew the lease or to become owner of the Vehicle and does not have the option to renew the Lease or to become owner of the Vehicle for nominal or no consideration on the Expiration Date. Thus, the only issue is whether the Lease term exceeds the economic life of the Vehicle, that is, will the Vehicle have value beyond the Expiration Date. As noted above, the market value of the Vehicle will be upwards of $152,900.00 on the Expiration Date of September 27, 2027. Thus, the economic realities of the subject transaction conclusively establishes that the Lease is a true lease and not a grant of security interest.

Moreover, though certain Lease provisions might be misconstrued as indicia of ownership – *e.g.*, § 7 of the Lease requires the Debtor to maintain insurance on the Vehicle – such provisions alone are insufficient to create a security interest:

> (c) A transaction in the form of a lease does not create a security interest merely because: (1) the present value of the consideration the lessee is obligated to pay the lessor for the right to possession and use of the goods is substantially equal to or is greater than the

---

[1] Section 14 of the Lease provides that it is governed by the laws of the state of Missouri law.

[2] UCC § 1-203(b) is commonly referred to as the "Bright-Line Test" in decisional law while §§ 1-203(b)(1)-(4) are together referred to as the "Economic Realities of the Transaction" factors. *See In re Johnson*, 571 B.R. 167, 173 (Bankr. E.D.N.C. 2017).

> fair market value of the goods at the time the lease is entered into; (2) the lessee assumes risk of loss of the goods; (3) the lessee agrees to pay, with respect to the goods, taxes, insurance, filing, recording, or registration fees, or service or maintenance costs; (4) the lessee has an option to renew the lease or to become the owner of the goods; (5) the lessee has an option to renew the lease for a fixed rent that is equal to or greater than the reasonably predictable fair market rent for the use of the goods for the term of the renewal at the time the option is to be performed; or (6) the lessee has an option to become the owner of the goods for a fixed price that is equal to or greater than the reasonably predictable fair market value of the goods at the time the option is to be performed.

UCC § 1-203(c).

## CONCLUSION

**WHEREFORE**, Movant requests that the Court enter an Order sustaining its Objection and grant such different and further relief it deems just and proper.

Dated: September 18, 2026
Boston, Massachusetts

THOMAS H. CURRAN ASSOCIATES, LLC

By: */s/ Thomas H. Curran*

Thomas H. Curran (BBO#550759)
tcurran@thcalaw.com
David Dinoso (#4759577)
(Pro Hac Vice pending)
ddinoso@thcalaw.com
Thomas H. Curran Associates, LLC
15 Broad Street, Suite 610
Boston, MA 02109
T: (617) 207-8670

*Attorneys to Movants, MaTran Inc.*

**CERTIFICATE OF SERVICE**

I, Thomas H. Curran, hereby certify that on this 18th day of September 2026, a copy of the foregoing was filed electronically. Notice of this motion will be sent (i) by email to all parties by operation of the Court's electronic filing system and (ii) by U.S.P.S. first class mail on the parties listed on the service list attached hereto. Parties may access this filing through the Court's CM/ECF system.

*/s/ Thomas H. Curran*
Thomas H. Curran

**SERVICE LIST**

U.S. E.P.A.
Region 1
5 Post Office Square, Suite 100
Mail Code: OES04-04
Boston, MA 02109

Massachusetts D.E.P.
Headquarters
100 Cambridge Street, Suite 900
Boston, MA 02114

Massachusetts D.E.P.
Central Regional Office – Worcester
8 New Bond Street
Worcester, MA 01606

Office of the Attorney General
Public Charities Division
ATTN: Jonathan Green
One Ashburton Place, 18th Floor
Boston, MA 02108