UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: | |
| THE SISTERS OF SAINT ANN, d/b/a ANNA MARIA COLLEGE, | Chapter 11 |
| Debtor | Case No. 26-40758-EDK |

**ATTORNEY GENERAL'S STATEMENT IN RESPONSE TO DEBTOR'S MOTION FOR ENTRY OF ORDER AUTHORIZING DEBTOR TO TRANSFER POSSESSION OF CERTAIN MEMORIALS TO DONORS FOR RELOCATION**

1. Andrea Joy Campbell, as she is the Attorney General of Massachusetts and a party of interest in this bankruptcy proceeding, respectfully submits this response to the Debtor's September 3, 2026 Motion for Entry of Order Authorizing Debtor to Transfer Possession of Certain Memorials to Donors for Relocation (Docket No. 193).

2. At issue are four memorials – monuments – that the Debtor is proposing to transfer to charities and municipalities that have agreed to accept the memorials and use them for the charitable purposes for which the memorials were constructed. As the Debtor correctly notes, the donated memorials are not the property of its estate under 11 U.S.C. § 541 because the memorials are encumbered by restrictions imposed by the donors of the funds that were solicited and collected for the purpose of constructing the memorials. *See* Motion, pp. 7-8, ¶¶ 22-24. State law governs the Debtor's property interests in the memorials. *See Butner v. United States*, 440 U.S. 48, 55 (1924).

3. Under Massachusetts law, the Debtor, a charity, has no equitable interest in the memorials, which it holds in trust for charitable purposes. *Wellesley College v. Attorney General*, 313 Mass. 722, 724 (1943) ("Whether the gifts [to a college] were made for some specified

purpose of the college, the [college] holds the property in trust to carry out the terms and conditions under which it was given and accepted."); *Trustees of Andover v. Phillips Academy*, 253 Mass. 272, 272-73 (1925) ("all gifts to an institution …. are, by implication, unless express provision is made to the contrary…that the donor intended that his gift should fall under the general statutes and rules of the institution and be regulated with the rest of its property."). When a donor restricts a gift to a charity, the charity's use is limited to the particular purpose for which the property was given. A charity that accepts a donor-restricted gift is barred from using the gift in contravention of those restrictions. *See Animal Rescue League of Boston v. Assessors of Bourne*, 310 Mass. 330, 333-34 (1941). This principle, rooted in Massachusetts charitable trust law, provides the non-bankruptcy law foundation that § 541 of the Bankruptcy Code requires for transfer restrictions to be enforceable in a bankruptcy case. *See* 11 U.S.C. § 541; *In Re Parkview Hosp.*, 211 B.R. 619, 641 (Bankr. N.D. Ohio 1997); *see also In Re Bishop Coll.*, 151 B.R. 394, 399 (Bankr. N.D. Tex. 1993) (bankruptcy estate of defunct college had no enforceable property interest in charitable assets dedicated to its educational mission).

4. While the Attorney General's Office believes that state court rather than Bankruptcy Court is the most appropriate forum for disposition of charitable assets, it does not oppose the outcome sought by the Debtor here. The Debtor here asserts that the living donors of the memorials have consented to the transfers of the memorials to other locations where the memorials will continue to serve the same charitable commemorative purpose for which they were donated.[1] Where a living donor has consented in writing to the transfer of charitable assets

---

[1] The Attorney General's Office does not possess any factual information as to who the donors of the memorials may be. Where donations are solicited from members of the public for a memorial, the primary fundraisers would be considered the trustees of a resulting charitable trust created through the donations of individual members of the public. *See, e.g., Eliot v. Attwill*, 232 Mass. 517, 522 (1919). To the extent that this is what we have here, the appropriate mechanism for transferring the memorials is through the state court, pursuant to equitable principles of *cy pres*. *See Rogers v. Attorney General*, 347 Mass. 126 (1964); *Board of Selectmen of Provincetown v. Attorney*

to a recipient who will use those memorials for charitable purposes consistent with those of the original donation, such transfer may be appropriate under state law governing donor-restricted charitable funds. *See, e.g*. M.G.L. c. 203E, § 405(c) ("the 'settlor' of a charitable trust may maintain a proceeding to enforce the trust); M.G.L. c. 203E, § 103 ("settlor" is "a person, including a testator, who creates or contributes property to a trust."); M.G.L. c. 180A, § 5(a) (for institutional funds, an institution can release or modify a restriction on the management, investment, purpose, or duration of a gift if the living donor gives written consent).

5. Finally, we note the Debtor's claim that "[w]hether or not any of the Memorials [are] property of the estate, approval of the proposed relocation is necessary under Section 363(b)" of the Bankruptcy Code because delivery of possession is not an ordinary course transaction, *see* Doc. 193, p. 10, ¶ 31, mischaracterizes the legal standards by which a charitable asset can be transferred. None of the cases that the Debtor cites for the proposition that "[c]ourts in this Circuit approve a debtor's use or disposition of property outside the ordinary course where the debtor articulates a sound business justification for the transaction" support the Debtor's position, where, as here, the Debtor is a charitable corporation and the assets in question are donor-restricted charitable assets. Indeed, there are no cases to support this argument because state law governs the disposition of these assets, which are not, as the Debtor acknowledges, part of the Debtor's estate.

---

*General*, 15 Mass.App.Ct. 639, 646 (1983); *Briggs v. Merchants National Bank of Boston*, 323 Mass. 261, 274-75 (1948).

Respectfully Submitted,

ANDREA JOY CAMPBELL
Attorney General, Massachusetts

By her Attorneys:

*/s/ Argie Kosmetatos Shapiro*

Argie Kosmetatos Shapiro, BBO #_674511
Emma S. Winer, BBO # 693453
Jonathan C. Green, BBO # 655036
Assistant Attorneys General
Non-Profit Organizations/Public Charities Division
One Ashburton Place
Boston, MA 02108
617-727-2200
argie.kosmetatos@mass.gov
emma.winer@mass.gov
jonathan.green@mass.gov

Dated: September 21, 2026